CT Corporation

**Service of Process Transmittal**
03/11/2013
CT Log Number 522286030

**TO:** Jill M Calafiore, Rm 3A233G
AT&T Corp.
One AT&T Way
Bedminster, NJ 07921-

**RE:** **Process Served in Mississippi**

**FOR:** AT&T Mobility LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Billy Dear, in his Individual Capacity, and as Representative of the Wrongful Death Beneficiaries of Eunice F. Dear and as Executor of the Estate of Eunice F. Dear, on Behalf of the Estate of Eunice F. Dear and the Individual Devisees of the Last Will and Testament of Eunice F. Dear, Deceased, Pltf. vs. One Fiber Optic Cable, et al. including AT&T Mobility, LLC, Dfts. Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Notice(s), Acknowledgment(s), Summons, Proof of Service, First Amended Complaint, Exhibit(s), First Set of Interrogatories |
| **COURT/AGENCY:** | Rankin County Chancery Court, MS Case # 13380 |
| **NATURE OF ACTION:** | Quiet Title - Rankin County, Mississippi - Seeking injunctive relief |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Flowood, MS |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/11/2013 at 15:00 |
| **JURISDICTION SERVED :** | Mississippi |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days of the date of mailing, dated March 11,2013 -Complete and return form // Within 30 days of delivery - Answer Complaint |
| **ATTORNEY(S) / SENDER(S):** | James L. Kelly Kelly Law Office, P.C. 202 East Government Street Brandon, MS 39042 601-825-6455 |
| **REMARKS:** | -- |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/11/2013, Expected Purge Date: 03/21/2013 Telephone, Jill M Calafiore , 908-532-1939 Image SOP Email Notification, Jill M Calafiore jcalafiore@att.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 645 Lakeland East Drive Suite 101 Flowood, MS 39232 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / PD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**EXHIBIT "A"**

**IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI**

**BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED                                    PLAINTIFFS**

**VS.                                               CAUSE NO.   13-380**

**ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC ; AT&T
MOBILITY, LLC; WINDSTREAM MISSISSIPPI, LLC; UNKNOWN DEFENDANTS
ONE, TWO AND THREE**

**DEFENDANTS**

**NOTICE**

**TO:   AT&T MOBILITY, LLC**
       c/o CT Corporation System
       645 Lakeland East Drive, Suite 101
       Flowood, MS 39232

The enclosed summons and complaint are served pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure.

You must sign and date the acknowledgment at the bottom of this page.  If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days of the date of mailing shown below, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint.

*If you do complete and return this form, you (or the party on whose behalf you are being served) must respond to the complaint within 30 days of the date of your signature.*  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare that this Notice and Acknowledgment of Receipt of Summons and Complaint (and Plaintiff's First Set of Interrogatories; Requests for Admissions and Production of Documents) were mailed on March 11, 2013.

_____
James L. Kelly, Esq.                    MSB# 3557

Kelly Law Office, P.C.
Post Office Box 1975
Brandon, MS 39043; Telephone: 601-825-6455

**THIS ACKNOWLEDGMENT OF RECEIPT OF SUMMONS
AND COMPLAINT MUST BE COMPLETED**

I acknowledge that I have received a copy of the summons and of the complaint in the above captioned matter in the State of Mississippi.

_____
Signature

_____
(Relationships to Entity/Authority to Receive
Service of Process)

_____
Date of Signature

State of _____

County of _____

Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the above named _____ Wh solemnly and truly declared and affirmed before me that the matters and facts set forth in the foregoing Acknowledgment of Receipt of Summons and Complaint are true and correct as therein stated.

Affirmed and subscribed before me, this _____ day of _____, 2013.

_____
Notary Public

My commission expires _____

(Seal)

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED                                    **PLAINTIFFS**

VS.                                               CAUSE NO.   <u>13-380</u>

ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC ; AT&T
MOBILITY, LLC; WINDSTREAM MISSISSIPPI, LLC; UNKNOWN DEFENDANTS
ONE, TWO AND THREE
                                                              **DEFENDANTS**

### NOTICE

**TO:**   **AT&T MOBILITY, LLC**
c/o CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood, MS 39232

The enclosed summons and complaint are served pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure.

You must sign and date the acknowledgment at the bottom of this page. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days of the date of mailing shown below, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint.

*If you do complete and return this form, you (or the party on whose behalf you are being served) must respond to the complaint within 30 days of the date of your signature.* If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare that this Notice and Acknowledgment of Receipt of Summons and Complaint (and Plaintiff's First Set of Interrogatories; Requests for Admissions and Production of Documents) were mailed on March 11, 2013.

_____          _____
                                James L. Kelly, Esq.          MSB# 3557

Kelly Law Office, P.C.
Post Office Box 1975
Brandon, MS 39043; Telephone: 601-825-6455

**THIS ACKNOWLEDGMENT OF RECEIPT OF SUMMONS
AND COMPLAINT MUST BE COMPLETED**

   I acknowledge that I have received a copy of the summons and of the complaint in the above captioned matter in the State of Mississippi.

                _____
                Signature

                _____
                (Relationships to Entity/Authority to Receive
                Service of Process)

                _____
                Date of Signature

State of _____

County of _____

   Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the above named _____ Wh solemnly and truly declared and affirmed before me that the matters and facts set forth in the foregoing Acknowledgment of Receipt of Summons and Complaint are true and correct as therein stated.

   Affirmed and subscribed before me, this _____ day of _____, 2013.

                _____
                Notary Public

                My commission expires _____

(Seal)

**IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI**

**BILLY DEAR, Et al.**                                              **PLAINTIFFS**

**VS.**                                              CAUSE NO. _13-380_

**ONE FIBER OPTIC CABLE; Et al.**                          **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI, COUNTY OF RANKIN

THE BELOW NAMED OUT OF STATE DEFENDANT IS HEREBY SUBJECT TO PROCESS OF THIS COURT BY SUMMONS , TO WIT:

**AT&T Mobility, LLC**
1025 Lenox Park Blvd. NE, Atlanta, GA 30319  whose agent for service of process
is:

**CT Corporation, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.**

**NOTICE TO DEFENDANT:**  THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to the plaintiffs' attorney whose name and address are shown below.  Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the injunctive relief, damages or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this __11_ day of March, 2013.

Larry Swales
Chancery Clerk of Rankin County
Post Office Box 700
Brandon, Mississippi  39043

By: _____ D.C.

**James L. Kelly, Esq.**
**Kelly Law Office, P.C.**
**202 East Government Street**
**Brandon, Mississippi 39042**
**Telephone: (601)825-6455**
**Attorney for the Plaintiff**

## PROOF OF SERVICE-SUMMONS

    I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the _____ day of _____, 2013, where I found said person(s) in _____ county of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within_____ county, (*state*). I served the summons and complaint on the _____ day of _____, 2013, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter, or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2013, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.
_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.
    At the time of service I was at least 18 years of age and not a party to this action.
Fee for service: $_____
Process server must list below: [*Please print or type*]

Name _____
Social Security No. (LAST FOUR DIGITS) _____
Address _____
_____
Telephone No. _____

State of MISSISSIPPI
County of Rankin
    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service- Summons" are true and correct as therein stated.

_____
Process Server (Signature)

    Sworn to and subscribed before me this the _____ day of _____, 2013.

_____
Notary Public

(Seal) My Commission Expires: _____



FILED

MAR 11 2013

LARRY SWALES
Chancery Clerk, Rankin County
Rec. in Bk._____
Pg._____

**IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI**

**BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS**
**REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES**
**OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,**
**ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE**
**INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT**
**OF EUNICE F. DEAR, DECEASED                                  PLAINTIFFS**

**VS.                                              CAUSE NO.   13-380**

**ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES**
**CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,**
**LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC ; AT&T**
**MOBILITY, LLC; WINDSTREAM MISSISSIPPI, LLC; UNKNOWN DEFENDANTS**
**ONE, TWO AND THREE**
**                                                      DEFENDANTS**

### FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

NOW COMES Billy Dear, executor of the Estate of Eunice F. Dear, on behalf of said estate,

and on behalf of the individual devisees of the Last Will and Testament of Eunice F. Dear, deceased,

and on behalf of the wrongful death beneficiaries of Eunice F. Dear, and in his individual capacity,

collectively "Plaintiff" or "Plaintiffs" hereinafter, pursuant to M.R.C.P. 15(a), no responsive

pleading having been filed, and files this first amended complaint for injunctive relief and damages,

to wit:

### PARTIES

1.      Plaintiff Billy Dear is an adult resident citizen of Rankin County, Mississippi.  Billy Dear has

authority to bring this action on behalf of the  Estate of  Eunice F. Dear, Deceased, and on

behalf of the individual devisees of the Last Will and Testament of Eunice F. Dear, by way

of LETTERS TESTAMENTARY having been issued unto him IN THE MATTER OF THE

1

ESTATE OF EUNICE F. DEAR, DECEASED, Rankin County Chancery Court Cause No. 73977. A copy of said Letters Testamentary is attached hereto and incorporated herein as exhibit "A".

2.  The Plaintiff Estate of Eunice F. Dear possesses and owns certain real property situated in Rankin County Mississippi located at 2606 Hwy 49 South, Florence, Mississippi, a more complete description being attached hereto and incorporated herein as exhibit "B".

3.  The Plaintiff individual devisees of the Last Will and Testament of Eunice F. Dear, joint owners of the said property situated in Rankin County Mississippi described in exhibit "B" are named in the Last Will and Testament of Eunice F. Dear, which has been admitted to probate in Rankin County Chancery Court, Cause No. 73977 . They are: Patricia Dear Fryant; Shannon Nipper (formerly Shannon Faye Dear); Ellis Milton Dear and Billy Wayne Dear.

4.  The wrongful death beneficiaries of Eunice F. Dear are the natural children of Eunice F. Dear and are limited to being the same persons as the individual devisees of the Last Will and Testament of Eunice F. Dear, namely Patricia Dear Fryant; Shannon Nipper (formerly Shannon Faye Dear); Ellis Milton Dear and Billy Wayne Dear.

5.  Defendant Res "One Fiber-Optic Cable" is a certain apparatus/conduit and hardware configuration currently situated upon the real property of the Plaintiff situated in Rankin County Mississippi, approximately 200 feet in length, wrongfully placed or caused to be placed there by the other Defendants herein. Plaintiffs seek compensation for the cable and or other "equipment" of the other defendants being wrongfully placed on Plaintiff's real estate and remaining there to this day and/or both removal of the Defendant cable from said

2

real estate and such compensation.

6.   Defendant, Crown Castle South LLC, "Crown" hereinafter, is a foreign limited liability corporation (Delaware), having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, and whose principal place of business is located at 1220 Augusta Drive, Suite 500, Houston, TX 77057 ,and whose agent for service of process is CT Corporation, located at   645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

7.   Defendant, MasTec, Inc. ("Nsoro" hereinafter), is a limited liability corporation, having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, whose address is 800 Douglas Road-Penthouse, Coral Gables, Florida, 33134.

8.   Defendant, SES Construction Consulting Group, Inc., "SES" hereinafter, is a foreign corporation (Louisiana) with sufficient ties to the State of Mississippi, conducting business within the State of Mississippi, whose principal place of business is located at 2701 Ridgelake Drive, Metairie, LA 70002, whose registered agent, Randy Farrell, may be served with process at said address and/or at 4001 West Esplanade Avenue, Metairie, LA, 70002.

9.   Defendant Chancellor Funeral Home, LLC is a Mississippi limited liability company whose principal place of business is located at 2576 Highway 49 South in Florence, Rankin County Mississippi where its agent for service of process, Fred W. Chancellor, may be served with process of the court.

10.  Defendant Chancellor Funeral Home, LLC is a necessary party to this litigation as matters regarding ingress and egress and  improvements to real estate Chancellor Funeral Home, LLC has an interest in are at issue and will be determined by the Court.  Chancellor Funeral Home, LLC has been unjustly enriched, by receiving the benefits of an easement running

3

across its property, while the burdens of the easement have fallen upon the Plaintiff.

11.    Defendant MCTA Cellular Partnership "MCTA", is a Mississippi general partnership with its principal place of business being located at 121 South Congress Street, No. 1230, Jackson, MS 39201.  MCTA is a necessary party to this litigation in that property rights it enjoys may be affected by this litigation.

12.    Defendant, BlueWave Deployment, LLC , "Bluewave" hereinafter, is a foreign limited liability company (Michigan), having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, whose principal place of business is located at 2527 Nelson Miller Pkwy, Suite 106, Louisville, KY 40223-3161 , where its president and agent for service of process is located.

13.    Unknown Defendants 1, 2, and 3 are individuals or entities unknown to the Plaintiff at this time who have not been identified after due diligence, who were and remain jointly responsible for the harm and damages the Plaintiffs have and continue to suffer.

14.    Defendant AT&T Mobility, LLC, "AT&T" hereinafter, is a Delaware limited liability company doing business within the state of Mississippi, whose principal office address is 1025 Lenox Park Blvd. NE, Atlanta, GA 30319 and whose agent for service of process is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

15.    Defendant Windstream Mississippi, LLC, "Windstream" hereinafter,  is a Delaware limited liability company doing business within the State of Mississippi, whose local address is 101 Lewis Street, Florence, MS 39073 and whose principal office address is 1209 Orange Street, Wilmington DE 19801 and whose agent for service of process is CT Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood MS 39232.

4

16.     Some Defendants have been uncooperative in sharing information with the Plaintiff prior to

complaint being filed,  therefore, as discovery progresses, amendments may be necessary to

insure proper alignment of parties.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over matters of equity, injunctive relief and matters regarding real

estate.  Further:

**Th[is] court in which a will may have been admitted to probate, letters of administration granted, or a guardian may have been appointed, shall have jurisdiction to hear and determine all questions in relation to the execution of the trust of the executor... and shall have jurisdiction of all cases in which bonds or other obligations shall have been executed in any proceeding in relation to the estate, or other proceedings, had in said chancery court, to hear and determine upon proper proceedings and evidence, the liability of the obligors in such bond or obligation, whether as principal or surety, and by decree and process to enforce such liability.**
Miss. Code § 9-5-83 (1972).

**And in addition to the jurisdiction heretofore exercised by the chancery court in suits to try title and to cancel deeds and other clouds upon title to real estate, it shall have jurisdiction in such cases to decree possession, and to displace possession; to decree rents and compensation for improvements and taxes; and in all cases where said court heretofore exercised jurisdiction, auxiliary to courts of common law, it may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted or the legal title established by a suit at law.**   Miss. Const. § 160.

The Chancery Court of Rankin County Mississippi has exclusive jurisdiction of this

decedent's estate, which includes the decedent's real and personal property at the time of her

death.  At the time of her death, Eunice F. Dear had in her possession a certain tract of real

property located in Rankin County Mississippi further described in attached exhibit "B".  On

such property, defendants had placed, conspired to place and/or caused to be placed a fiber-

optic cable without the permission of Eunice F. Dear.  Therefore, prior to her death, Eunice

F. Dear possessed a fiber-optic cable on her property (placed there by several of the

5

defendants) and she owned an interest in such cable.  Thus, the cable itself and any rents or royalties emanating therefrom which Eunice F. Dear was entitled and which accrues to this day, were initially and remain part of the Estate of Eunice F. Dear, property under the exclusive jurisdiction of the Rankin County Chancery Court, a probate court of the State of Mississippi.

18.  Venue is proper in Rankin County Mississippi in that the concerned real estate is located in Rankin County Mississippi; the Defendant   res cable is located in Rankin County Mississippi; Defendant Chancellor Funeral Home, LLC operates a place of business in Rankin County Mississippi upon which grounds the subject cable should have been placed; the operative facts underlying this complaint occurred in Rankin County Mississippi and, an Estate concerning the said real estate, and the heirs of Eunice F. Dear has been opened in Rankin County Mississippi, in this Court.  Billy Dear, the executor of the Estate of Eunice F. Dear and  representative of the wrongful death beneficiaries of Eunice F. Dear, is a resident of Rankin County Mississippi.

## OPERATIVE FACTS

19.  Eunice F. Dear, a resident of Rankin County Mississippi,  owned certain real property situated in Rankin County Mississippi, located at 2606 Highway 49 South, Florence, Mississippi, more particularly described as stated in attached exhibit  "B" incorporated herein.

20.  The individual Plaintiffs gain their interest in said property by virtue of being the natural children of Eunice F. Dear, and through the Last Will and Testament of Eunice F. Dear,

6

deceased, which has been admitted to probate in this court.

21.     Eunice F. Dear departed this life on June 04, 2012, at the age of 80 years.

22.     Eunice F. Dear committed suicide.

23.     Prior to the death of Eunice F. Dear, Defendants made plans among each other to run a conduit and fiber optic cable, or some similar device, from a point within a few feet of Highway 49 in Florence, MS to a cellular tower located adjacent to the property of Eunice F. Dear.

24.     Defendant AT&T contracted with or otherwise caused Defendants Nsoro and Bluewave to place a conduit "pipe" from a point near Highway 49 South to a cell tower located at or about 2576 Highway 49 S. Florence, MS.  Defendants Nsoro and Bluewave were agents of AT&T for the purpose of the said conduit project.  The cell tower at issue is located on the lot adjacent to the Plaintiff's real estate.

25.     Defendants Nsoro and Bluewave then subcontracted the conduit project to Defendant SES.

26.     Defendant SES, while responsible in its own right, was also an agent of Defendants AT&T, Bluewave, and Nsoro for the purpose of the conduit project.

27.     Defendant Windstream then placed "pulled" a fiber optic cable through the said conduit which had been placed on the Plaintiff's property.

28.     It is believed that Defendant Crown is the owner of the cell tower at issue and its interests may be affected by this litigation.

29.     Defendant Bluewave had a responsibility and non-delegable duty to make sure that the conduit and cable were placed on the correct real estate, but failed to uphold that duty.

30.     Defendants AT&T, Nsoro, SES and Windstream knew that Eunice F. Dear, prior to the

7

conduit and cable being placed on her property, objected to the conduit and cable being placed upon her property.

31.  Plaintiffs have reason to believe that the Defendants had a legal right to run the conduit and cable along an easement which had been granted unto them, or some of them, concerning and across certain property adjacent to the described property of Eunice F. Dear.

32.  Upon information and belief, said adjacent property is owned by Defendant Chancellor Funeral Home, LLC.

33.  As the conduit and cable were each being installed, Defendant Chancellor knew that the conduit and cable were being wrongfully placed upon the property of Eunice F. Dear, an elderly widow.

34.  The Defendants had no easement or other right to enter unto or place any conduit, cable or other object upon the land of Eunice F. Dear.

35.  Nonetheless, during or about the months of April and May, 2012, the Defendants placed the conduit housing the fiber optic cable, and the cable itself (collectively "cable" hereinafter), upon and across the land of Eunice F. Dear and/or caused the cable to be so placed, thereby constituting a trespass upon the land of the Plaintiff.

36.  Further, Defendants knew that the easement they possessed across the adjacent "Chancellor" property was covered, in whole or in part, by an asphalt driveway/parking lot.

37.  Defendants, their agents, employees and/or contractors therefore intentionally (or with gross negligence) trespassed upon the land of Eunice F. Dear (not covered by asphalt), laying their cable upon the land of Eunice F. Dear, in an effort to save themselves time, effort and expense.

8

38.   Defendants had a non-delegable duty to not trespass, to oversee and/or monitor the installation and make sure that the cable was placed on the easement, and not the property next door, but failed to do so, breaching their duty owed to the Plaintiffs. Defendants are directly and vicariously liable for the actions of their agents, employees and alleged independent contractors.

39.   Most if not all Defendants named herein have been aware of the initial and continuing trespass, prior to this complaint being filed, and none have made any offer to rectify the situation.

40.   The described trespass continues to this day.

COUNT I

ACTION TO QUIET TITLE AND FOR INJUNCTIVE RELIEF

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

41.   This Court has exclusive jurisdiction, pursuant to Miss. Code Ann. Section 11-17-31 (1972), to remove clouds from title to real property . Venue is proper, pursuant to Miss. Code Ann. 11-5-1 (1972), as the subject property is located in Rankin County Mississippi.

42.   Plaintiffs are the rightful, exclusive owners of the subject property, having exclusive title thereto. Title is vested in the Plaintiffs as follows, to wit: See attached exhibit "C" incorporated herein, the original thereof being recorded at Book 333 pgs. 334 -336 in the land records of Rankin County Mississippi located in Brandon, Mississippi.

9

43.   Any and all Defendants who procured, own, placed or benefit from the cable as it now sits, posses an interest in the said cable and therefore, by having their cable and/or interest run across the land so situated, are making an adverse claim upon the Estate of Eunice F. Dear and/or the subject real property described in exhibit "B", a substantial asset of the Estate and individual Plaintiffs.

44.   Said adverse claim constitutes a cloud upon the title to the subject real property, the primary res of the estate of Eunice F. Dear, which Plaintiffs seek compensation for and to be removed.

45.   Wherefore, Plaintiffs seek an order that the cloud of apparent adverse possession be removed, and, that the Defendants, for not less than sixty (60) months, pay rents unto the Plaintiff at the rate of $5000.00 per month, whether or not said cable remains on the said land for the entire 60 months and whether or not said cable remains in use or operation for the entire 60 months; or, in the alternative, that the cable be removed from the land immediately and that the Defendants pay unto Plaintiffs a sum equal to all income, rents, royalties or other benefits derived by each of them, directly or indirectly, from the installation, leasing, sub-leasing or other use of said cable and/or the tower to which it connects for a period of time beginning on the day of installation of such cable and terminating on the day the cable is removed from the land of the Plaintiff, in addition, that such Defendants pay unto the Plaintiff reasonable compensation for all damages, costs and fees they have caused Plaintiffs, including reasonable attorneys fees incurred in an effort to have the stated cloud removed.

46.   There is no complete and adequate remedy at law; the injury is substantial and if the relief

10

requested is not granted, the injury suffered by the Plaintiff will be irreparable, being that the Defendants will have stolen the Plaintiffs property.

47.   That neither a preliminary injunction nor temporary restraining order is sought, Plaintiff requests that bond or other security be waived.

48.   Given that injunctive relief is sought as alternative relief, it is requested that a writ not issue but until after a hearing upon the merits is had.

COUNT II

Miss.Code § 77-9-715.

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

49.   Plaintiffs claim all damages available under Mississippi Code Section 77-9-715 (1972), including, but not limited to for the permanent continuance of such line and fixtures; for the diminution of value to Plaintiff's real property; for a reasonable percentage of the rents, royalties and/or other income being accessed and/or earned or otherwise derived from the cable or other equipment placed on Plaintiffs property; and for the wrongful death of Eunice F. Dear. The erection, continuance, and use of the cable lines wrongfully placed on the property of Eunice F. Dear caused her great emotional distress, leading to and being the proximate cause of the death of Eunice F. Dear.

11

COUNT III

TRESPASS

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

50. Defendants, acting alone, and in concert with one another, have each trespassed upon the described land of the Plaintiff and continue to do so by the cable remaining on the Plaintiffs property to this day.

51. Eunice F. Dear demanded that the Defendants not trespass on her land, but the Defendants wilfully, maliciously and/or with gross negligence and/or reckless disregard to the rights of Eunice F. Dear and the Plaintiffs, persisted in their trespass. After being notified by legal counsel for the Estate that the trespass continues, the Defendants continue in their trespass, forcing this complaint to be filed.

52. Plaintiffs seek compensatory damages due to the stated trespass including, but not limited to, the diminution of the use and value of the land, for a reasonable percentage of the rents, royalties and/or other income being accessed and/or earned or otherwise derived from the cable placed on Plaintiffs property; and for the wrongful death of Eunice F. Dear, punitive damages, and reasonable attorneys fees.

COUNT IV

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

All preceding and following averments not inconsistent with this count are

12

incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

53.    Eunice F. Dear suffered severe mental anguish and emotional distress as the result of the Defendant's actions and intentional trespass. The said emotional distress of Eunice Dear was a reasonably foreseeable result of the defendant's conduct. The defendant's conduct was malicious, intentional, willful, wanton, grossly careless, indifferent and/or reckless to the rights of Eunice F. Dear, causing severe psychological and emotional distress to Eunice F. Dear. Said conduct of Defendants was so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community. Alternatively, defendants negligently inflicted severe emotional distress upon Eunice F. Dear.

COUNT V

UNJUST ENRICHMENT

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

54.    All Defendants, corporate and individual, named and currently unnamed, have been unjustly enriched by the wrongful taking of the Plaintiff's described land, by contracting with one another and making and receiving payments to and from one another to place the cable

13

and/or other equipment there without authority to do so, and by the trespassory placing upon the Plaintiff's land certain equipment wherefrom rents, royalties and other streams of income have and continue to be derived to this day. Some of the Defendants continue to be unjustly enriched to this day by continuing to receive payments earned directly, or indirectly from the cable and/or other equipment as defined herein being placed on the Plaintiff's property. Additionally, defendant Chancellor Funeral Home, LLC, was unjustly enriched by not having its parking area disrupted and thus, business operations not being disrupted. Chancellor Funeral Home knew that the cable was being wrongfully placed upon the property of its neighbor, Eunice F. Dear, an elderly widow, yet did nothing to help correct the error. Chancellor Funeral Home would have experienced a substantial disruption of business operations had the cable been placed along the easement which runs along the Chancellor Funeral Home property. Chancellor Funeral Home, LLC, has thus benefitted from the easement which runs along its property, whereupon the cable should have been placed, yet the burdens of the easement have fallen upon the Plaintiffs. Plaintiffs seek from Chancellor Funeral Home, LLC, compensation and damages in an amount not less than the value of the benefit it has derived from the said easement (payments it has received for the easement) and the value of not having the said cable placed upon his land.

From defendants other than Chancellor Funeral Home, LLC, Plaintiffs seek the reasonable value of a perpetual monthly easement for the wrongful taking which has effectively occurred, for so long as the conduit and cable remains on the Plaintiff's property, but in no event for not less than sixty (60) months, whether or not the owners of the cable opt to remove the cable from Plaintiff's land prior to the expiration of sixty (60) months.

14

Plaintiffs would not have leased its land for less than sixty (60) months, nor conveyed a permanent easement for less than reasonable value as determined by the Plaintiffs.

## COUNT VI

## WRONGFUL DEATH

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

55. This cause of action for wrongful death is brought pursuant to Miss. Code Section 11-7-13 (1972) as amended.

56. Defendants had a duty to not trespass upon the lands of Eunice F. Dear and/or to not cause others to trespass upon the lands of Eunice F. Dear. Additionally, Defendant(s) had a duty to behave in a reasonably prudent manner and as a reasonable prudent person or corporate entity would under the same or similar circumstances. Defendant(s) however breached each of those stated duties, and others, by placing their equipment upon the Plaintiff's property at a place where it was obviously on the Plaintiff's property, and, at a location where Defendants obviously had no right to place the equipment.

57. Bodily and psychological harm to Eunice F. Dear was a foreseeable result of the Defendant's breach of duty.

58. Defendants joint and concerted agreements, actions, gross negligence and reckless disregard for the rights of Eunice F. Dear, proximately caused the death of Eunice F. Dear. Eunice F. Dear was elderly, living alone and frail. She was aware of the Defendants' trespass and

15

made efforts to advise the Defendants that they were trespassing upon her property and demanded their departure. Defendants knew that Eunice F. Dear was upset by the fact of their trespass. Nonetheless, the Defendants ignored her request, and continued in their trespass. But for the Defendants continuing trespass, Eunice F. Dear would not have committed suicide.

59.   As a direct result of Defendant's negligent, grossly negligent or reckless or intentional conduct, Plaintiffs have suffered numerous personal injuries, including but not limited to the pain and suffering of Eunice F. Dear; loss of the life of Eunice F. Dear; Eunice F. Dear's loss of enjoyment of her life; the loss of companionship and society of Eunice F. Dear; funeral expenses and all other damages of every kind recoverable by law including, but not limited to punitive damages, costs and expenses of bringing and prosecuting this action and reasonable attorneys fees. Plaintiffs seek from all such Defendants (excluding MCTA and Chancellor Funeral Home, LLC (at this point in time)) damages for such wrongful death of Eunice F. Dear.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff seeks judgment from the Court that all equipment ("equipment" being defined as any tower, antennae, cable, conduit, line or any other thing of value connected thereto) of the Defendant(s) be removed from the property of the Plaintiff; and, that Defendants pay onto the Plaintiff damages within the jurisdictional limits of this Court, for and in an amount including, but not limited to the reasonable value of all rents, fees and royalties that should have been paid unto Eunice F. Dear and/or her estate due to the Defendants, or any one of them, using or enjoying the use of her property and/or the property of the Estate of

16

Eunice F. Dear as described herein, beginning from the time such use began until all such "equipment" of the Defendant(s) are removed from the Estate property, said calculation of damages, in no event, to be based on a period of time of not less than sixty (60) months in duration.

Alternatively, Plaintiff demands that Defendants pay unto Plaintiff the greater of any and all income (gross receipts) ever obtained by them, either directly or indirectly, from the placement of the Defendant's equipment on the Plaintiff's property, or, the rents that should have been paid by said Defendants to Eunice F. Dear and/or her estate; and in addition, that all such "equipment" on the property of the Plaintiff be determined by the Court to be the property of the Plaintiff and an order issue to that effect.

Alternatively, that the Defendants pay unto the Plaintiff all damages as contemplated by M.C.A. Section 77-9-715 (1972) and that such equipment remain the property of the Defendants.

Further, the Plaintiff Estate of Eunice F. Dear seeks removal of a cloud on the title to its land described herein, being the Defendant's adverse possession.

Plaintiff seeks actual and punitive damages for the intentional and/or negligent infliction of emotional distress caused by Defendants upon Eunice F. Dear.

Plaintiff seeks damages for the unjust enrichment Defendants have enjoyed from the placement of the equipment on the Plaintiff estate's property.

Plaintiff seeks actual and punitive damages for the wrongful death of Eunice F. Dear.

Plaintiff seeks actual and punitive damages from all Defendants who were responsible for, in whole or in part, the intentional or grossly negligent trespass upon the property of Eunice F. Dear and the continuing trespass upon the Estate of Eunice F. Dear.

17

Plaintiff demands that Defendants pay all costs of court, fees associated therewith and attorney's fees incurred by the Plaintiff in bringing this complaint.

Plaintiff requests any combination of the above requested remedies and any such other general relief Plaintiff has failed to demand, as the Court should determine to be fair, just and equitable.

*Billy Dear*

Billy Dear, individually and as executor for the Estate of
Eunice F. Dear, and as representative
of the wrongful death beneficiaries of Eunice F. Dear.

AFFIDAVIT

State of Mississippi
County of Rankin

Personally appeared Before Me, the undersigned authority in and for said county and State, Billy Dear, who being by me first duly sworn, stated on oath that the matters and facts set forth in the above and foregoing Complaint for Injunctive Relief and Damages are true and correct as therein stated.

Sworn to and subscribed before me, this the _11_ Day of March, 2013.

*Monica B. Baldwin*

NOTARY PUBLIC

My Commission Expires: _____

STATE OF MISSISSIPPI
MONICA L. BALDWIN
ID No
58721
NOTARY PUBLIC
Comm Expires
Feb'ary 2013
RANKIN COUNTY

Submitted this the _11_ day of March, 2013.

James L. Kelly, legal counsel for the Plaintiff

James L. Kelly M.S.B. No. 3557
Kelly Law Office, P.C.
202 East Government Street
Brandon, MS 39042
Telephone: 601-825-6455

Billy Dear, et al. v. One Fiber Optic Cable, et al; First Amended Complaint

FILED

JUL 31 2012

LARRY SWALES
Chancery Clerk, Rankin County

IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

RE:   IN THE MATTER OF THE ESTATE OF
EUNICE F. DEAR, DECEASED                    CAUSE NO. 73977

## LETTERS TESTAMENTARY

THE LAST WILL AND TESTAMENT of EUNICE F. DEAR, late of this County, deceased, having been duly proven and admitted to record in the Chancery Court thereof, letters testamentary are hereby issued to BILLY WAYNE DEAR, Executor.

Therefore, the said BILLY WAYNE DEAR is fully empowered and required to administer all and singular the goods, chattels and credits of the testator in this State and elsewhere; to take the same into his hands, to ask, levy, recover and receive the same; to make, if required, a true and perfect inventory or inventories of all the said goods, chattels and credits which shall come to his hands, possession or knowledge, or into the hands or possession of any other person or persons, for him; to return into our said Court, if so ordered by the Court, such inventory or inventories; to make in said Court, if required, a just and true account or accounts of her actions and proceedings in the premises, and duly pay and deliver the legacies and devise specified in said Will, so far as said goods, etc., may extend, according to the value thereof, and as the law shall charge him; and in all things, according to law, to exert the rights and perform the duties of the trust conferred upon him.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal of said Court, in the City of Brandon, County of RANKIN, Mississippi.

Issued this the 31 day of July, 2012.

Larry Swales, CHANCERY CLERK

By: _____ D.C.

James L. Kelly, Esq.
Kelly Law Office, P.C.
POST OFFICE BOX 1975
BRANDON, MISSISSIPPI 39043
Telephone: (601) 825-6455
MSB# 3557

**EXHIBIT**

**A**

Commencing at the Northeast corner of the SW 1/4 of the SE 1/4 of Section 19, Township 4 North, Range 2 East and run thence South 535.4 feet to a point; thence North 89 degrees West 313.2 feet; thence North 00 degrees and 30 minutes East 179.6 feet to a point, and which point is the point of beginning of the land herein described; from said point of beginning run thence North 00 degrees and 30 minutes East 219.5 feet; thence South 88 degrees West 585 feet to a point on the East R. O. W. line of U. S. Highway 49, thence Southward along said R. O. W. line 223 feet; thence South 89 degrees East 514.3 feet to the point of beginning, and all being in the SW 1/4 of the SE 1/4 of Section 19, Township 4 North, Range 2 East, LESS AND EXCEPT a 64.2 foot stripp off the West end thereof, which has been deeded to the Mississippi Highway Department for a new highway.



EXHIBIT

B

WARRANTY DEED

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00) cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of all of which are hereby acknowledged, we, EUNICE F. DEAR, PATRICIA DEAR FRYANT, BILLY WAYNE DEAR, ELLIS MILTON DEAR, and SHANNON FAYE DEAR, a minor, by and through her guardian and next friend, Eunice F. Dear, pursuant to Chancery Court Decree rendered in cause number 14,078 on February 23, 1976, hereby convey and warrant to EUNICE F. DEAR all our interest in the following described land and property lying and being situated in Rankin County, Mississippi, to-wit:

> Commencing at the Northeast corner of the SW 1/4 of the SE 1/4 of Section 19, Township 4 North, Range 2 East and run thence South 535.4 feet to a point; thence North 89 degrees West 313.2 feet; thence North 00 degrees and 30 minutes East 179.6 feet to a point, and which point is the point of beginning of the land herein described; from said point of beginning run thence North 00 degrees and 30 minutes East 219.5 feet; thence South 88 degrees West 585 feet to a point on the East R. O. W. line of U. S. Highway 49, thence Southward along said R. O. W. line 223 feet; thence South 89 degrees East 514.3 feet to the point of beginning, and all being in the SW 1/4 of the SE 1/4 of Section 19, Township 4 North, Range 2 East, LESS AND EXCEPT a 64.2 foot stripp off the West end thereof, which has been deeded to the Mississippi Highway Department for a new highway.

Excepted from the warranty of this conveyance are all prior mineral reservations, easements, restrictive covenants, and rights-of-way of record thereunto pertaining.

The said Eunice F. Dear, Patricia Dear Fryant, Billy Wayne Dear, Ellis Milton Dear and Shannon Faye Dear constitute all the heirs at law of James Franklin Dear, deceased.

WITNESS our signatures this the _____ day of February, 1976.

_____
EUNICE F. DEAR, INDIVIDUALLY

EXHIBIT
C

BOOK 333 PAGE 335

*Eunice F. Dear*
_____
EUNICE F. DEAR, GUARDIAN OF THE ESTATE
OF SHANNON FAYE DEAR, A MINOR

*Patricia Dear Fryant*
_____
PATRICIA DEAR FRYANT

*Billy Wayne Dear*
_____
BILLY WAYNE DEAR

*Ellis Milton Dear*
_____
ELLIS MILTON DEAR

STATE OF MISSISSIPPI
COUNTY OF RANKIN

     PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Eunice F. Dear, individually and as Guardian of the
Estate of Shannon Faye Dear, a minor, who acknowledged that she
signed, executed and delivered the above and foregoing instrument
on the day and year therein mentioned.
     GIVEN under my hand and official seal of office, this
the _16th_ day of ~~February~~, 1976.
            *March*

                        NOTARY PUBLIC

MY COMMISSION EXPIRES:
_____

STATE OF ~~MISSISSIPPI~~ *Nebraska*
COUNTY OF ~~Rankin~~

     PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Patricia Dear Fryant who acknowledged that she signed,
executed and delivered the above and foregoing instrument on the
day and year therein mentioned.
     GIVEN under my hand and official seal of office, this
the _22nd_ day of ~~February~~, 1976.
          *March*

GLENN E. MORGAN
GENERAL NOTARY
State of Nebraska
My Commission Expires
DECEMBER 8, 1976

                        NOTARY PUBLIC

MY COMMISSION EXPIRES:
_____

STATE OF MISSISSIPPI
COUNTY OF *Rankin*

     PERSONALLY came and appeared before me, the undersigned
authority of law in and f...

COMMISSION EXPIRES:

_____

STATE OF MISSISSIPPI
COUNTY OF _Rankin_

      PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Billy Wayne Dear who acknowledged that he signed,
executed and delivered the above and foregoing instrument on the
day and year therein mentioned.
      GIVEN under my hand and official seal of office this
the _8th_ day of ~~February~~ _March_, 1976.

_Doris B. Graham_
NOTARY PUBLIC

MY COMMISSION EXPIRES:
My Commission Expires September 10 1979

STATE OF MISSISSIPPI

COUNTY OF _Rankin_

BOOK**333** PAGE **336**

    PERSONALLY came and appeared before me, the undersigned authority of law in and for the jurisdiction aforesaid, the within named Ellis Milton Dear who acknowledged that he **signed**, executed and delivered the above and foregoing instrument on the day and year therein mentioned.

    GIVEN under my hand and official seal of office, this the _16 Th_ day of ~~February~~ _March_, 1976.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

My Commission Expires October 8, 1978

RANKIN COUNTY, MISS.
THIS INSTRUMENT WAS
FILED FOR RECORD

'76
IN B _333_
IRL DEAN RHODES, CHY. CLK.

BY _____ D.C.

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED**       **PLAINTIFFS**

**VS.**           **CAUSE NO.   13-380**

**ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC ; AT&T
MOBILITY, LLC; WINDSTREAM MISSISSIPPI, LLC; UNKNOWN DEFENDANTS
ONE, TWO AND THREE**

              **DEFENDANTS**

**PLAINTIFFS FIRST SET OF INTERROGATORIES; REQUESTS FOR ADMISSIONS
AND PRODUCTION OF DOCUMENTS PROPOUNDED TO AT&T MOBILITY and to
WINDSTREAM MISSISSIPPI, LLC**   (served with complaint)

COMES NOW the Plaintiffs, the Estate of Eunice F. Dear and the Wrongful Death Beneficiaries of Eunice F. Dear, Deceased ("Plaintiff" or "Plaintiffs" hereinafter) and propounds the following interrogatories, requests for admissions and production of documents to the defendants AT&T Mobility, LLC ("AT&T" hereinafter) and to Windstream Mississippi, LLC ("Windstream" hereinafter), and requests that you make your answer fully in writing and under oath, in accordance with the *Mississippi Rules of Civil Procedure* on discovery. These discovery requests are continuing in nature and require that you immediately supplement your answers in accordance with the *Mississippi Rules of Civil Procedure* should you obtain supplemental, additional or different information after your initial answers and response to these and other discovery request(s).

### COMMON TERMS; DEFINITIONS AND INSTRUCTIONS

1.     The term "you" or "your" refers to the named Defendant these discovery requests were served upon, your attorney, or any other respective agent, affiliate or representative of the defendant.

2.     The term "defendant" refers to the entity these discovery requests were served upon

1

**AND** any representative(s) or agent(s) of yours who have an interest in this litigation and/or who are responding or assisting in responding to these discovery requests on your behalf.   The term "plaintiff" refers to the Estate of Eunice F. Dear and the Wrongful Death Beneficiaries of Eunice F. Dear, deceased, or Eunice F. Dear, or Billy Dear, or any of them, depending upon the context in which the term "plaintiff" is being used.

3. When used with reference to a person, "identify" or "identity" means to give that person's **name, residence address, business address, telephone number, occupation, employer and that person's relation and or affiliation with you.**  When used in reference to an entity, "identify" or "identity" means to specify  the corporate, partnership, llc or other legal name of the entity **and** the name the entity normally conducts business in, **the state of incorporation, and** the business address and telephone number of its principal place of business.

4. When used with reference to a document or other tangible item, "identify" or "identity" means to describe that item, state the name and address of the one who prepared or produced the item, the date it was prepared or produced, and the present location of the original item.  Attach the original or an exact duplicate of the entire identified document as an exhibit to your response or state in detail why you fail to do so.

5.    "Document" is used in its broadest sense and means all originals, identical and non-identical copies of any papers, books, accounts, writings, drawings, graphs, charts, photographs, electronic or videotape recordings, other data compilations from which information can be obtained and translated, if necessary, by you through detection devices into reasonably usable form, and any other tangible things which constitute or contain matters relevant to the subject matter in this cause of action.  If a document identified in a particular request involves

2

a magnetic record, identify the format of the recording and the type of system required to reproduce or playback the recording.

6.      When asked to identify any "statement" or "communication", the request pertains to written or oral, verbal or non-verbal assertions whether previously recorded or not and you should state the subject of the communication; the place where it was made; the name, address and phone number of each person who participated in the communication; the name, address and phone number of each person who was present at the time it was made; by whom each person present and or participating was employed; who each identified person represented or purported to represent at the time the communication was made; the nature and substance of each document or other recording pertaining to the communication, the physical local of each such document or recording and the name, address and phone number of it's custodian.

7.      For each document produced in response to a request or interrogatory, indicate on the document the numbered request(s) and sub-part(s) of the request or interrogatory to which it relates or responds.

8.      If anything is deleted from a document produced, list:

a) the reason for the deletion; and,

b) the subject matter of the deletion

9.      If any document or answer is withheld under claim of privilege, furnish a list identifying:

a) each document for which the privilege is claimed, together with:

i) date of creation; ii) sender; iii) recipient(s) and or intended recipient(s) of original and copies;

3

iv) subject of document; v) name, address and phone number of the custodian of the document and each copy thereof; and

b) the number of the interrogatory or other request to which the withed answer or document pertains; and

c) the factual and legal basis upon which the privilege is claimed.

10. If you do not supply documents in response to a request or interrogatory, identify the document in question, state in full why the document(s) will not be supplied, and state what efforts have been made to locate the documents requested. If you refuse to admit categorically and without equivocation any request for admission, state in full the complete factual and legal basis for your refusal, given the requirements of M.R.C.P. 11, 26, 34 and 36.

11. The term "Dear", refers to Eunice F. Dear, now deceased, and/or her estate, depending upon the context in which it is used.

12. The terms "subject property" or "estate property" or "property of Eunice F. Dear" are synonymous and refer to that real estate described in exhibit "B" to the complaint filed herein.

13. The term "equipment" refers to a fiber optic cable or conduit or other related apparatus or hardware intended for use in the cellular or communications industry.

14. The term "tower site" refers to a vertical communications structure (cell tower) existing at or about 2576 Hwy 49 South, Florence, MS.

space intentionally left blank

4

## **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

TO:     Each separate defendant, AT&T and Windstream:

Now comes the Plaintiff in the above styled and numbered cause, and in order to simplify the issues for the trial of this cause makes the following Request for Admissions of Fact under the Mississippi Rules of Civil Procedure, and demands that the defendant specifically admit under oath or deny under oath the following facts. The defendant is hereby further advised that a failure to specifically answer any request or an evasive answer to any request will be taken as an admission of truth of such request. A true and correct copy of these requests is being delivered to the Clerk of the Court for filing herein. The facts which you are requested to admit or deny are as follows:

**Request No.1**:      Admit that Plaintiff is the owner of that property described in exhibit "B" attached to the complaint.

**Request No.2**:      Admit that you are not the owner of that property described in exhibit "B" to the complaint.

**Request No.3**:      Admit that the property described in exhibit "B" to the complaint has a street address of 2606 Highway 49 South, Florence, MS 39073.

**Request No.4**:      Admit that the cell tower at issue is located on the lot adjacent (next door) to the Plaintiff's property described in exhibit "B" to the complaint.

**Request No.5**:      Admit that Chancellor Funeral Home, LLC has an address of 2576 Hwy 49 South, Florence, MS 39073 and is located adjacent (next door) to the Plaintiff's property described in exhibit "B" to the complaint.

**Request No. 6.**      Admit that you have no interest in, including no right of ingress or egress over that property described in exhibit "B" to the complaint.

**Request No. 7.**      Admit that Defendant Chancellor Funeral Home, LLC has its principal place of business within the State of Mississippi.

**Request No. 8.**      Admit that Defendant Chancellor Funeral Home, LLC has an interest in an easement which is used for access to and connecting to the tower site.

**Request No. 9.**      Admit that an easement exists in Florence, MS, at or about 2576 Hwy 49 South, running perpendicular to Highway 49, which allows some of the Defendants named herein to place cable and/or other equipment thereon.

5

**Request No. 10.**     Admit  that  the easement referred to in admission request  number 9. above is located on the property having a street address of  2576 Hwy 49 South, Florence, MS  39073.

**Request No. 11.**     Admit  that  the principal place of business of Defendant Chancellor Funeral Home is located at 2576 Hwy 49 South, Florence, MS 39073.

**Request No. 12.**     Admit  that Defendant Chancellor Funeral Home, LLC conducts business at 2576 Hwy 49 South, Florence, MS.

**Request No. 13.**     Admit  that  the easement referred to in admission request  number 9. above runs along or across the land of Chancellor Funeral Home, LLC.

**Request No. 14.**     Admit that an easement exists which allows placement of cable related to the subject tower site.

**Request No. 15.**     Admit  that  the easement referred to in admission request  number 14. above runs along or across  the  land of Defendant Chancellor Funeral Home, LLC, on Highway 49 in Florence, MS.

**Request No. 16.**     Admit  that Chancellor Funeral Home, LLC is a proper party to this litigation.

**Request No. 17.**     Admit  that you have been served with sufficient service of process.

**Request No. 18.**     Admit  that venue is proper in Rankin County Mississippi.

**Request No. 19.**     Admit that you conduct business in Rankin County Mississippi.

**Request No. 20.**     Admit  that you do not have an easement, or an interest in an easement which runs across the land of Eunice F. Dear or her estate.

**Request No. 21.**     Admit  that  no easement  exists which allows the placement of fiber-optic cable, conduit or other cell tower related equipment on or across the land of Eunice F. Dear or her estate.

**Request No.22.**     Admit  that during the year 2012, you and/or your agent or your employee placed a cable on or across the land of Eunice F. Dear located in Rankin County Mississippi.

**Request No.23.**     Admit  that during the year 2012, Defendants named herein other than you placed a cable on or across the land of Eunice F. Dear located in Rankin County Mississippi.

6

**Request No. 24.**    Admit that jurisdiction is proper in the Chancery Court of Rankin County Mississippi.

**Request No. 25.**    Admit that Defendant MTCA has an interest in the easement which allows placement of cable related to the subject tower site.

**Request No. 26.**    Admit that Defendant MTCA is a proper party to this litigation.

**Request No. 27.**    Admit that a wooden fence runs along the property line between the Plaintiff's property located at 2606 Highway 49 South, Florence, MS 39073 and the property of Defendant Chancellor Funeral Home, LLC located at 2576 Hwy 49 South, Florence, MS.

**Request No. 28.**    Admit that during or about the months of April or May, 2012 a fiber optic cable or conduit or similar type equipment was placed along the south side of the fence referred to in admission request no. 27 above.

**Request No. 29.**    Admit that during or about the months of April or May, 2012 you (including your employee or agent) placed a fiber optic cable or conduit or similar type equipment along the south side of the fence referred to in admission request no. 27 above.

**Request No. 30.**    Admit that during or about the months of April or May, 2012 a fiber optic cable or conduit or similar type equipment was placed along the south side of the fence referred to in admission request no. 27 above, upon the land of Eunice F. Dear.

**Request No. 31.**    Admit that during or about the months of April or May, 2012 , you (including your employee, contractor or agent) placed a fiber optic cable or conduit or similar type equipment along the south side of the fence referred to in admission request no. 27 above, upon the land of Eunice F. Dear.

space intentionally left blank

## PLAINTIFF'S FIRST INTERROGATORIES TO ALL DEFENDANTS

TO:     Each separate Defendant, AT&T and Windstream

1.      Identify yourself.

2.      Identify by full name, address and present employment each and every person assisting in answering these interrogatories or requests for admissions or production of documents.

3.      Give a detailed explanation of the reasons, circumstances and factual basis for every denial of each request for admission submitted by the plaintiff and denied by you, the defendant.

4.      Give a detailed explanation of the reasons, circumstances and factual basis for every denial of each allegation in the complaint denied by the defendant.

5.      State the name and address of each person, including experts, having any knowledge of any discoverable information related to the subject of the complaint herein.

6.      State the name and address of any potential party to this lawsuit, not already a party hereto; and state why that person or entity should be named as a party.

7.      State the name, address and qualifications of each expert whom you expect to call as an expert witness at the trial of this case, the subject matter concerning which the expert expects to testify, the basis of his or her opinion, and attach a copy of any report, including factual observations and opinions, which has been prepared by any such expert concerning this matter.

8.      Describe any insurance policy or agreement under which any insurance business or carrier may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name and address of the insurer, the policy number(s), the name of the insured(s) and the amount of any insurance coverage.

9.      Give the content of any written or oral statement, given by you, your agent or employee, prior to this complaint being filed, to any insurance investigator or agent, or other investigator or to any other party named in this complaint, in relation to the easement, lack of easement, or cable at issue, and   include the date such statement was made and to whom it was given.

10.     Identify each and every person you may call as a witness at the trial of this cause.

11.     Identify each and every document you may introduce into evidence at trial.

8

12.     Identify, by name, address and telephone number, the individuals who were on site and or participated in the installation of the fiber optic cable/conduit/equipment at issue. (This includes supervisors and crew members.)

13.     Give the exact date(s) of the physical installation of the cable/conduit/equipment at issue.

## PLAINTIFF'S FIRST  REQUEST FOR PRODUCTION TO ALL DEFENDANTS

TO:     Each Separate Defendant, AT&T and Windstream

        Plaintiff hereby requests pursuant to the Mississippi Rules of Civil procedure, that the defendant produce the following documents and records:

1.      Any and all photographs, diagrams or other documents that you may use at the trial of this cause.

2.      Any and all expert reports, concerning this matter, which have been or will be obtained from any expert.

3.      A copy of any and all insurance agreements or policies under which any  person or entity carrying on an insurance business may be liable to satisfy  part or all of a judgment which may be rendered in this action or to  indemnify or reimburse for payments made to satisfy the judgment, including  but not limited to any liability insurance policy or errors and omissions policy or malpractice insurance covering you.

4.      Copies of any and all statements previously made by you and/or any other person concerning the subject matter of this lawsuit, including any written  statement signed or otherwise adopted or approved by any party hereto and any stenographic, mechanical, electrical or other type of recording  or any transcription thereof made by any person..

5.      Any and all drawings, maps, sketches, blueprints or the like of the tower site and/or relevant easement which you generated, viewed, referred to or relied upon prior to the installation of the fiber optic cable at issue.

6.      Any and all deeds, easements, contracts and/or legal descriptions related to the tower site and/or  relevant easement which you generated, viewed, referred to or relied upon prior to the installation of the fiber optic cable at issue.

7.      A copy of any document or notation, post, entry or communication which contains or may lead to discoverable information.

8.      A copy of any document, photograph, recording, notation or thing which you may use for

9

illustrative purposes at trial, or introduced for identification or evidence at trial.

9.    A statement of all amounts paid by you or received by you, from January 01, 2012 to December 31, 2012 which were related to the easement connected to the subject tower site. (This would include payments made or received regarding the rights conveyed in the easement itself, and, income derived from the cell tower (or property connected thereto) to which the easement connects. Specify whether the amounts reported were received by you or paid by you and whether the payment was for the easement itself, or for services, fees or royalties which the easement facilitated or otherwise made possible.

10.   A print out of each and every email or text message or other electronically stored information or communication authored, sent or received by you between the dates of January 01, 2012 and September 19, 2012 regarding the procuring or placement of any easement or rights, or cable or conduit relevant to the subject tower site.

11.   A print out of each and every correspondence, Facebook post, message or comment, MySpace post, message, or comment, Youtube video, message or comment or Twitter tweet or email or text message, or any other form of electronic communication, which you have authored, originated, sent or received, from January 01, 1990 until September 19, 2012 that mention the name "Eunice Dear" or "Eunice F. Dear", or, "Bill Dear" or "Billy Dear" or had anything to do with, Eunice F. Dear, or Billy Dear, either directly or indirectly.

12.   Any and all drawings, maps, sketches, blueprints or the like of the tower site and/or relevant easement which you generated, viewed, referred to or relied upon for the installation of the fiber optic cable at issue. (State the source and/or author or generator of any such document produced.)

Plaintiff requests that defendant produce and give complete sworn answers and compliance to the requests for admissions, interrogatories and production of documents submitted to the defendant this date, according to the Mississippi rules of Civil Procedure.

Further, the undersigned counsel hereby certifies that the foregoing discovery requests were attached to and did accompany the first amended complaint filed herein when such complaint was served upon Defendants AT&T and Windstream.

This the ⎬⎬ Day of March, 2013.

By: _____
JAMES L. KELLY
Attorney for the Plaintiff

Kelly Law Office, P.C.
202 East Government Street
Brandon, MS 39042
Telephone: 601-825-6455
Facsimile: 601-825-6552

Billy Dear et al. v. One Fiber Optic Cable, et al; Rankin County Chancery Court

10

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

BILLY DEAR, Et al.

**PLAINTIFFS**

VS.

CAUSE NO. _13 - 380_

ONE FIBER OPTIC CABLE; Et al.

**DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI, COUNTY OF RANKIN

THE BELOW NAMED OUT OF STATE DEFENDANT IS HEREBY SUBJECT TO PROCESS OF THIS COURT BY SUMMONS , TO WIT:

    Defendant, BlueWave Deployment, LLC
    Att: Dustin Billman, President
    2527 Nelson Miller Pkwy, Suite 106
    Louisville, KY 40223-3161

**NOTICE TO DEFENDANT:** THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to the plaintiffs' attorney whose name and address are shown below. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the injunctive relief, damages or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this _28_ day of February, 2013.

                              Larry Swales
                              Chancery Clerk of Rankin County
                              Post Office Box 700
                              Brandon, Mississippi 39043

                              By: _____

James L. Kelly, Esq.
Kelly Law Office, P.C.
202 East Government Street
Brandon, Mississippi 39042
Telephone: (601)825-6455
**Attorney for the Plaintiff**

PROOF OF SERVICE-SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the _____ day of _____, 2013, where I found said person(s) in _____ county of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within_____ county, (state). I served the summons and complaint on the _____ day of _____, 2013, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter, or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2013, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: [*Please print or type*]

Name _____

Social Security No. (LAST FOUR DIGITS) _____

Address _____
_____

Telephone No. _____

State of MISSISSIPPI
County of Rankin

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service- Summons" are true and correct as therein stated.

_____
Process Server (Signature)

Sworn to and subscribed before me this the _____ day of _____, 2013.

_____
Notary Public

(Seal) My Commission Expires: _____

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED**                                    **PLAINTIFFS**

**VS.**                                                          **CAUSE NO.   13-380**

**ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC**
                                                                **DEFENDANTS**

### NOTICE

**TO:    Blue Wave Deployment, LLC; Att: Dustin Billman, President
       2527 Nelson Miller Parkway, Suite 106
       louisville, KY 40223-3161**

The enclosed summons and complaint are served pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure.

You must sign and date the acknowledgment at the bottom of this page. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days of the date of mailing shown below, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint.

*If you do complete and return this form, you (or the party on whose behalf you are being served) must respond to the complaint within 30 days of the date of your signature.* If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare that this Notice and Acknowledgment of Receipt of Summons and Complaint (and Plaintiff's First Set of Interrogatories; Requests for Admissions and Production of Documents) was mailed on March 06, 2013.

_____
James L. Kelly, Esq.                MSB# 3557

Kelly Law Office, P.C.
Post Office Box 1975
Brandon, MS 39043
Telephone: 601-825-6455
Facsimile: 601-825-6552

**THIS ACKNOWLEDGMENT OF RECEIPT OF SUMMONS
AND COMPLAINT MUST BE COMPLETED**

  I acknowledge that I have received a copy of the summons and of the complaint in the above captioned matter in the State of Mississippi.

<br>

          _____

          Signature

          _____

          (Relationships to Entity/Authority to Receive Service of Process)

          _____

          Date of Signature

<br>

State of _____

County of _____

  Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the above named _____ Wh solemnly and truly declared and affirmed before me that the matters and facts set forth in the foregoing Acknowledgment of Receipt of Summons and Complaint are true and correct as therein stated.

  Affirmed and subscribed before me, this _____ day of _____, 2013.

<br>

          _____

          Notary Public

          My commission expires _____

(Seal)

*FILED*

MAR 11 2013

LARRY SWALES
Chancery Clerk, Rankin County
Rec. in Bk._____ Pg._____

### IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED**                                        **PLAINTIFFS**

**VS.**                                                    **CAUSE NO.   13-380**

**ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC ; AT&T
MOBILITY, LLC; WINDSTREAM MISSISSIPPI, LLC; UNKNOWN DEFENDANTS
ONE, TWO AND THREE**

**DEFENDANTS**

### FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

NOW COMES Billy Dear, executor of the Estate of Eunice F. Dear, on behalf of said estate,

and on behalf of the individual devisees of the Last Will and Testament of Eunice F. Dear, deceased,

and on behalf of the wrongful death beneficiaries of Eunice F. Dear, and in his individual capacity,

collectively "Plaintiff" or "Plaintiffs" hereinafter, pursuant to M.R.C.P. 15(a), no responsive

pleading having been filed, and files this first amended complaint for injunctive relief and damages,

to wit:

### PARTIES

1.     Plaintiff Billy Dear is an adult resident citizen of Rankin County, Mississippi.  Billy Dear has

authority to bring this action on behalf of the  Estate of  Eunice F. Dear, Deceased, and on

behalf of the individual devisees of the Last Will and Testament of Eunice F. Dear, by way

of LETTERS TESTAMENTARY having been issued unto him IN THE MATTER OF THE

1

ESTATE OF EUNICE F. DEAR, DECEASED, Rankin County Chancery Court Cause No. 73977. A copy of said Letters Testamentary is attached hereto and incorporated herein as exhibit "A".

2.   The Plaintiff Estate of Eunice F. Dear possesses and owns certain real property situated in Rankin County Mississippi located at 2606 Hwy 49 South, Florence, Mississippi, a more complete description being attached hereto and incorporated herein as exhibit "B".

3.   The Plaintiff individual devisees of the Last Will and Testament of Eunice F. Dear, joint owners of the said property situated in Rankin County Mississippi described in exhibit "B" are named in the Last Will and Testament of Eunice F. Dear, which has been admitted to probate in Rankin County Chancery Court, Cause No. 73977 . They are: Patricia Dear Fryant; Shannon Nipper (formerly Shannon Faye Dear); Ellis Milton Dear and Billy Wayne Dear.

4.   The wrongful death beneficiaries of Eunice F. Dear are the natural children of Eunice F. Dear and are limited to being the same persons as the individual devisees of the Last Will and Testament of Eunice F. Dear, namely Patricia Dear Fryant; Shannon Nipper (formerly Shannon Faye Dear); Ellis Milton Dear and Billy Wayne Dear.

5.   Defendant Res  "One Fiber-Optic Cable" is a certain apparatus/conduit and hardware configuration currently situated upon the real property of the Plaintiff situated in Rankin County Mississippi, approximately 200 feet in length,  wrongfully placed or caused to be placed there by the other Defendants herein. Plaintiffs seek compensation for the cable and or other "equipment" of the other defendants being wrongfully placed on Plaintiff's real estate and remaining there to this day and/or both removal of the Defendant cable from said

real estate and such compensation.

6.  Defendant, Crown Castle South LLC, "Crown" hereinafter, is a  foreign limited liability corporation (Delaware), having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, and whose principal place of business is located at 1220 Augusta Drive, Suite 500, Houston, TX 77057 ,and whose agent for service of process is CT Corporation, located at   645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

7.  Defendant, MasTec, Inc. ("Nsoro" hereinafter), is a limited liability corporation, having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, whose address is 800 Douglas Road-Penthouse, Coral Gables, Florida, 33134.

8.  Defendant, SES Construction Consulting Group, Inc., "SES" hereinafter, is a foreign corporation (Louisiana) with sufficient ties to the State of Mississippi, conducting business within the State of Mississippi, whose principal place of business is located at 2701 Ridgelake Drive, Metairie, LA 70002, whose registered agent, Randy Farrell, may be served with process at said address and/or at 4001 West Esplanade Avenue, Metairie, LA, 70002.

9.  Defendant Chancellor Funeral Home, LLC is a Mississippi limited liability company whose principal place of business is located at 2576 Highway 49 South in Florence, Rankin County Mississippi where its agent for service of process, Fred W. Chancellor, may be served with process of the court.

10.  Defendant Chancellor Funeral Home, LLC is a necessary party to this litigation as matters regarding ingress and egress and  improvements to real estate Chancellor Funeral Home, LLC has an interest in are at issue and will be determined by the Court. Chancellor Funeral Home, LLC has been unjustly enriched, by receiving the benefits of an easement running

3

across its property, while the burdens of the easement have fallen upon the Plaintiff.

11. Defendant MCTA Cellular Partnership "MCTA", is a Mississippi general partnership with its principal place of business being located at 121 South Congress Street, No. 1230, Jackson, MS 39201. MCTA is a necessary party to this litigation in that property rights it enjoys may be affected by this litigation.

12. Defendant, BlueWave Deployment, LLC , "Bluewave" hereinafter, is a foreign limited liability company (Michigan), having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, whose principal place of business is located at 2527 Nelson Miller Pkwy, Suite 106, Louisville, KY 40223-3161 , where its president and agent for service of process is located.

13. Unknown Defendants 1, 2, and 3 are individuals or entities unknown to the Plaintiff at this time who have not been identified after due diligence, who were and remain jointly responsible for the harm and damages the Plaintiffs have and continue to suffer.

14. Defendant AT&T Mobility, LLC, "AT&T" hereinafter, is a Delaware limited liability company doing business within the state of Mississippi, whose principal office address is 1025 Lenox Park Blvd. NE, Atlanta, GA 30319 and whose agent for service of process is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

15. Defendant Windstream Mississippi, LLC, "Windstream" hereinafter, is a Delaware limited liability company doing business within the State of Mississippi, whose local address is 101 Lewis Street, Florence, MS 39073 and whose principal office address is 1209 Orange Street, Wilmington DE 19801 and whose agent for service of process is CT Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood MS 39232.

4

16.     Some Defendants have been uncooperative in sharing information with the Plaintiff prior to

complaint being filed, therefore, as discovery progresses, amendments may be necessary to

insure proper alignment of parties.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over matters of equity, injunctive relief and matters regarding real

estate. Further:

**Th[is] court in which a will may have been admitted to probate, letters of administration granted, or a guardian may have been appointed, shall have jurisdiction to hear and determine all questions in relation to the execution of the trust of the executor... and shall have jurisdiction of all cases in which bonds or other obligations shall have been executed in any proceeding in relation to the estate, or other proceedings, had in said chancery court, to hear and determine upon proper proceedings and evidence, the liability of the obligors in such bond or obligation, whether as principal or surety, and by decree and process to enforce such liability.**
Miss. Code § 9-5-83 (1972).

**And in addition to the jurisdiction heretofore exercised by the chancery court in suits to try title and to cancel deeds and other clouds upon title to real estate, it shall have jurisdiction in such cases to decree possession, and to displace possession; to decree rents and compensation for improvements and taxes; and in all cases where said court heretofore exercised jurisdiction, auxiliary to courts of common law, it may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted or the legal title established by a suit at law.**   Miss. Const. § 160.

The Chancery Court of Rankin County Mississippi has exclusive jurisdiction of this

decedent's estate, which includes the decedent's real and personal property at the time of her

death. At the time of her death, Eunice F. Dear had in her possession a certain tract of real

property located in Rankin County Mississippi further described in attached exhibit "B". On

such property, defendants had placed, conspired to place and/or caused to be placed a fiber-

optic cable without the permission of Eunice F. Dear. Therefore, prior to her death, Eunice

F. Dear possessed a fiber-optic cable on her property (placed there by several of the

5

defendants) and she owned an interest in such cable.  Thus, the cable itself and any rents or royalties emanating therefrom which Eunice F. Dear was entitled and which accrues to this day, were initially and remain part of the Estate of Eunice F. Dear, property under the exclusive jurisdiction of the Rankin County Chancery Court, a probate court of the State of Mississippi. ·

18.     Venue is proper in Rankin County Mississippi in that the concerned real estate is located in Rankin County Mississippi; the Defendant   res cable is located in Rankin County Mississippi; Defendant Chancellor Funeral Home, LLC operates a place of business in Rankin County Mississippi upon which grounds the subject cable should have been placed; the operative facts underlying this complaint occurred in Rankin County Mississippi and, an Estate concerning the said real estate, and the heirs of Eunice F. Dear has been opened in Rankin County Mississippi, in this Court. Billy Dear, the executor of the Estate of Eunice F. Dear and  representative of the wrongful death beneficiaries of Eunice F. Dear, is a resident of Rankin County Mississippi.

## OPERATIVE FACTS

19.     Eunice F. Dear, a resident of Rankin County Mississippi,  owned certain real property situated in Rankin County Mississippi, located at 2606 Highway 49 South, Florence, Mississippi, more particularly described as stated in attached exhibit  "B" incorporated herein.

20.     The individual Plaintiffs gain their interest in said property by virtue of being the natural children of Eunice F. Dear, and through the Last Will and Testament of Eunice F. Dear,

6

deceased, which has been admitted to probate in this court.

21. Eunice F. Dear departed this life on June 04, 2012, at the age of 80 years.

22. Eunice F. Dear committed suicide.

23. Prior to the death of Eunice F. Dear, Defendants made plans among each other to run a conduit and fiber optic cable, or some similar device, from a point within a few feet of Highway 49 in Florence, MS to a cellular tower located adjacent to the property of Eunice F. Dear.

24. Defendant AT&T contracted with or otherwise caused Defendants Nsoro and Bluewave to place a conduit "pipe" from a point near Highway 49 South to a cell tower located at or about 2576 Highway 49 S. Florence, MS. Defendants Nsoro and Bluewave were agents of AT&T for the purpose of the said conduit project. The cell tower at issue is located on the lot adjacent to the Plaintiff's real estate.

25. Defendants Nsoro and Bluewave then subcontracted the conduit project to Defendant SES.

26. Defendant SES, while responsible in its own right, was also an agent of Defendants AT&T, Bluewave, and Nsoro for the purpose of the conduit project.

27. Defendant Windstream then placed "pulled" a fiber optic cable through the said conduit which had been placed on the Plaintiff's property.

28. It is believed that Defendant Crown is the owner of the cell tower at issue and its interests may be affected by this litigation.

29. Defendant Bluewave had a responsibility and non-delegable duty to make sure that the conduit and cable were placed on the correct real estate, but failed to uphold that duty.

30. Defendants AT&T, Nsoro, SES and Windstream knew that Eunice F. Dear, prior to the

7

conduit and cable being placed on her property, objected to the conduit and cable being placed upon her property.

31.     Plaintiffs have reason to believe that the Defendants had a legal right to run the conduit and cable along an easement which had been granted unto them, or some of them, concerning and across certain property adjacent to the described property of Eunice F. Dear.

32.     Upon information and belief, said adjacent property is owned by Defendant Chancellor Funeral Home, LLC.

33.     As the conduit and cable were each being installed, Defendant Chancellor knew that the conduit and cable were being wrongfully placed upon the property of Eunice F. Dear, an elderly widow.

34.     The Defendants had no easement or other right to enter unto or place any conduit, cable or other object upon the land of Eunice F. Dear.

35.     Nonetheless, during or about the months of April and May, 2012, the Defendants placed the conduit housing the fiber optic cable, and the cable itself (collectively "cable" hereinafter), upon and across the land of Eunice F. Dear and/or caused the cable to be so placed, thereby constituting a trespass upon the land of the Plaintiff.

36.     Further, Defendants knew that the easement they possessed across the adjacent "Chancellor" property was covered, in whole or in part, by an asphalt driveway/parking lot.

37.     Defendants, their agents, employees and/or contractors therefore intentionally (or with gross negligence) trespassed upon the land of Eunice F. Dear (not covered by asphalt), laying their cable upon the land of Eunice F. Dear, in an effort to save themselves time, effort and expense.

8

38.     Defendants had a non-delegable duty to not trespass, to oversee and/or monitor the installation and make sure that the cable was placed on the easement, and not the property next door, but failed to do so, breaching their duty owed to the Plaintiffs. Defendants are directly and vicariously liable for the actions of their agents, employees and alleged independent contractors.

39.     Most if not all Defendants named herein have been aware of the initial and continuing trespass, prior to this complaint being filed, and none have made any offer to rectify the situation.

40.     The described trespass continues to this day.

COUNT I

ACTION TO QUIET TITLE AND FOR INJUNCTIVE RELIEF

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

41.     This Court has exclusive jurisdiction, pursuant to Miss. Code Ann. Section 11-17-31 (1972), to remove clouds from title to real property . Venue is proper, pursuant to Miss. Code Ann. 11-5-1 (1972), as the subject property is located in Rankin County Mississippi.

42.     Plaintiffs are the rightful, exclusive owners of the subject property, having exclusive title thereto. Title is vested in the Plaintiffs as follows, to wit: See attached exhibit "C" incorporated herein, the original thereof being recorded at Book 333 pgs. 334 -336 in the land records of Rankin County Mississippi located in Brandon, Mississippi.

9

43.   Any and all Defendants who procured, own, placed or benefit from the cable as it now sits, posses  an interest in the said cable and therefore, by having their cable and/or interest run across the land so situated,  are making an adverse claim upon the Estate of Eunice F. Dear and/or the subject real property described in exhibit "B", a substantial asset of the Estate and individual Plaintiffs.

44.   Said adverse claim constitutes a cloud upon the title to the subject real property, the primary res of the estate of Eunice F. Dear, which Plaintiffs seek compensation for and to be removed.

45.   Wherefore, Plaintiffs seek an order that the cloud of apparent adverse possession be removed, and, that the Defendants,  for not less than sixty (60) months, pay rents unto the Plaintiff at the rate of $5000.00 per month, whether or not said cable remains on the said land for the entire 60  months and whether or not said cable remains in use or operation for the entire 60 months; or, in the alternative, that the cable be removed from the land immediately and that the Defendants pay unto  Plaintiffs a sum  equal to all income, rents, royalties or other benefits derived by each of them, directly or indirectly, from the installation, leasing, sub-leasing or other use of said cable and/or the tower to which it connects for a period of time beginning on the day of installation of such cable and terminating on the day the cable is removed from the land of the Plaintiff,  in addition, that such Defendants pay unto the Plaintiff reasonable compensation for  all damages, costs and fees they have caused Plaintiffs, including reasonable attorneys fees incurred in an effort to have the stated cloud removed.

46.   There is no complete and adequate remedy at law; the injury is substantial and if the relief

requested is not granted, the injury suffered by the Plaintiff will be irreparable, being that the Defendants will have stolen the Plaintiffs property.

47.     That neither a preliminary injunction nor temporary restraining order is sought, Plaintiff requests that bond or other security be waived.

48.     Given that injunctive relief is sought as alternative relief, it is requested that a writ not issue but until after a hearing upon the merits is had.

COUNT II

Miss.Code § 77-9-715.

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

49.     Plaintiffs claim all damages available under Mississippi Code Section 77-9-715 (1972), including, but not limited to for the permanent continuance of such line and fixtures; for the diminution of value to Plaintiff's real property; for a reasonable percentage of the rents, royalties and/or other income being accessed and/or earned or otherwise derived from the cable or other equipment placed on Plaintiffs property; and for the wrongful death of Eunice F. Dear. The erection, continuance, and use of the cable lines wrongfully placed on the property of Eunice F. Dear caused her great emotional distress, leading to and being the proximate cause of the death of Eunice F. Dear.

11

## COUNT III

## TRESPASS

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

50. Defendants, acting alone, and in concert with one another, have each trespassed upon the described land of the Plaintiff and continue to do so by the cable remaining on the Plaintiffs property to this day.

51. Eunice F. Dear demanded that the Defendants not trespass on her land, but the Defendants wilfully, maliciously and/or with gross negligence and/or reckless disregard to the rights of Eunice F. Dear and the Plaintiffs, persisted in their trespass. After being notified by legal counsel for the Estate that the trespass continues, the Defendants continue in their trespass, forcing this complaint to be filed.

52. Plaintiffs seek compensatory damages due to the stated trespass including, but not limited to, the diminution of the use and value of the land, for a reasonable percentage of the rents, royalties and/or other income being accessed and/or earned or otherwise derived from the cable placed on Plaintiffs property; and for the wrongful death of Eunice F. Dear, punitive damages, and reasonable attorneys fees.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

All preceding and following averments not inconsistent with this count are

12

incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

53.    Eunice F. Dear suffered severe mental anguish and emotional distress as the result of the Defendant's actions and intentional trespass. The said emotional distress of Eunice Dear was a reasonably foreseeable result of the defendant's conduct. The defendant's conduct was malicious, intentional, willful, wanton, grossly careless, indifferent and/or reckless to the rights of Eunice F. Dear, causing severe psychological and emotional distress to Eunice F. Dear. Said conduct of Defendants was so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community. Alternatively, defendants negligently inflicted severe emotional distress upon Eunice F. Dear.

COUNT V

UNJUST ENRICHMENT

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

54.    All Defendants, corporate and individual, named and currently unnamed, have been unjustly enriched by the wrongful taking of the Plaintiff's described land, by contracting with one another and making and receiving payments to and from one another to place the cable

13

and/or other equipment there without authority to do so, and by the trespassory placing upon the Plaintiff's land certain equipment wherefrom rents, royalties and other streams of income have and continue to be derived to this day. Some of the Defendants continue to be unjustly enriched to this day by continuing to receive payments earned directly, or indirectly from the cable and/or other equipment as defined herein being placed on the Plaintiff's property. Additionally, defendant Chancellor Funeral Home, LLC, was unjustly enriched by not having its parking area disrupted and thus, business operations not being disrupted. Chancellor Funeral Home knew that the cable was being wrongfully placed upon the property of its neighbor, Eunice F. Dear, an elderly widow, yet did nothing to help correct the error. Chancellor Funeral Home would have experienced a substantial disruption of business operations had the cable been placed along the easement which runs along the Chancellor Funeral Home property. Chancellor Funeral Home, LLC, has thus benefitted from the easement which runs along its property, whereupon the cable should have been placed, yet the burdens of the easement have fallen upon the Plaintiffs. Plaintiffs seek from Chancellor Funeral Home, LLC, compensation and damages in an amount not less than the value of the benefit it has derived from the said easement (payments it has received for the easement) and the value of not having the said cable placed upon his land.

From defendants other than Chancellor Funeral Home, LLC, Plaintiffs seek the reasonable value of a perpetual monthly easement for the wrongful taking which has effectively occurred, for so long as the conduit and cable remains on the Plaintiff's property, but in no event for not less than sixty (60) months, whether or not the owners of the cable opt to remove the cable from Plaintiff's land prior to the expiration of sixty (60) months.

14

Plaintiffs would not have leased its land for less than sixty (60) months, nor conveyed a permanent easement for less than reasonable value as determined by the Plaintiffs.

## COUNT VI

## WRONGFUL DEATH

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

55.   This cause of action for wrongful death is brought pursuant to Miss. Code Section 11-7-13 (1972) as amended.

56.   Defendants had a duty to not trespass upon the lands of Eunice F. Dear and/or to not cause others to trespass upon the lands of Eunice F. Dear. Additionally, Defendant(s) had a duty to behave in a reasonably prudent manner and as a reasonable prudent person or corporate entity would under the same or similar circumstances. Defendant(s) however breached each of those stated duties, and others, by placing their equipment upon the Plaintiff's property at a place where it was obviously on the Plaintiff's property, and, at a location where Defendants obviously had no right to place the equipment.

57.   Bodily and psychological harm to Eunice F. Dear was a foreseeable result of the Defendant's breach of duty.

58.   Defendants joint and concerted agreements, actions, gross negligence and reckless disregard for the rights of Eunice F. Dear, proximately caused the death of Eunice F. Dear. Eunice F. Dear was elderly, living alone and frail. She was aware of the Defendants' trespass and

15

made efforts to advise the Defendants that they were trespassing upon her property and demanded their departure. Defendants knew that Eunice F. Dear was upset by the fact of their trespass. Nonetheless, the Defendants ignored her request, and continued in their trespass. But for the Defendants continuing trespass, Eunice F. Dear would not have committed suicide.

59.    As a direct result of Defendant's negligent, grossly negligent or reckless or intentional conduct, Plaintiffs have suffered numerous personal injuries, including but not limited to the pain and suffering of Eunice F. Dear; loss of the life of Eunice F. Dear; Eunice F. Dear's loss of enjoyment of her life; the loss of companionship and society of Eunice F. Dear; funeral expenses and all other damages of every kind recoverable by law including, but not limited to punitive damages, costs and expenses of bringing and prosecuting this action and reasonable attorneys fees. Plaintiffs seek from all such Defendants (excluding MCTA and Chancellor Funeral Home, LLC (at this point in time)) damages for such wrongful death of Eunice F. Dear.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff seeks judgment from the Court that all equipment ("equipment" being defined as any tower, antennae, cable, conduit, line or any other thing of value connected thereto) of the Defendant(s) be removed from the property of the Plaintiff; and, that Defendants pay onto the Plaintiff damages within the jurisdictional limits of this Court, for and in an amount including, but not limited to the reasonable value of all rents, fees and royalties that should have been paid unto Eunice F. Dear and/or her estate due to the Defendants, or any one of them, using or enjoying the use of her property and/or the property of  the Estate of

16

Eunice F. Dear as described herein, beginning from the time such use began until all such "equipment" of the Defendant(s) are removed from the Estate property, said calculation of damages, in no event, to be based on a period of time of not less than sixty (60) months in duration.

Alternatively, Plaintiff demands that Defendants pay unto Plaintiff the greater of any and all income (gross receipts) ever obtained by them, either directly or indirectly, from the placement of the Defendant's equipment on the Plaintiff's property, or, the rents that should have been paid by said Defendants to Eunice F. Dear and/or her estate; and in addition, that all such "equipment" on the property of the Plaintiff be determined by the Court to be the property of the Plaintiff and an order issue to that effect.

Alternatively, that the Defendants pay unto the Plaintiff all damages as contemplated by M.C.A. Section 77-9-715 (1972) and that such equipment remain the property of the Defendants.

Further, the Plaintiff Estate of Eunice F. Dear seeks removal of a cloud on the title to its land described herein, being the Defendant's adverse possession.

Plaintiff seeks actual and punitive damages for the intentional and/or negligent infliction of emotional distress caused by Defendants upon Eunice F. Dear.

Plaintiff seeks damages for the unjust enrichment Defendants have enjoyed from the placement of the equipment on the Plaintiff estate's property.

Plaintiff seeks actual and punitive damages for the wrongful death of Eunice F. Dear.

Plaintiff seeks actual and punitive damages from all Defendants who were responsible for, in whole or in part, the intentional or grossly negligent trespass upon the property of Eunice F. Dear and the continuing trespass upon the Estate of Eunice F. Dear.

17

Plaintiff demands that Defendants pay all costs of court, fees associated therewith and attorney's fees incurred by the Plaintiff in bringing this complaint.

Plaintiff requests any combination of the above requested remedies and any such other general relief Plaintiff has failed to demand, as the Court should determine to be fair, just and equitable.

*Billy Dear*

Billy Dear, individually and as executor for the Estate of
Eunice F. Dear, and as representative
of the wrongful death beneficiaries of Eunice F. Dear.

## AFFIDAVIT

State of Mississippi
County of Rankin

Personally appeared Before Me, the undersigned authority in and for said county and State, Billy Dear, who being by me first duly sworn, stated on oath that the matters and facts set forth in the above and foregoing Complaint for Injunctive Relief and Damages are true and correct as therein stated.

Sworn to and subscribed before me, this the 11 Day of March, 2013.

*Monica R. Baldwin*
NOTARY PUBLIC

My Commission Expires: _____

STATE OF MISSISSIPPI
MONICA L. BALDWIN
ID No
58721
NOTARY PUBLIC
Comm Expires
Feb. 11
RANKIN COUNTY

Submitted this the 11 day of March, 2013.

James L. Kelly, legal counsel for the Plaintiff

James L. Kelly M.S.B. No. 3557
Kelly Law Office, P.C.
202 East Government Street
Brandon, MS 39042
Telephone: 601-825-6455

Billy Dear, et al. v. One Fiber Optic Cable, et al; First Amended Complaint

18

IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

RE:   IN THE MATTER OF THE ESTATE OF
      EUNICE F. DEAR, DECEASED                    CAUSE NO. 73977

## LETTERS TESTAMENTARY

THE LAST WILL AND TESTAMENT of EUNICE F. DEAR, late of this County, deceased, having been duly proven and admitted to record in the Chancery Court thereof, letters testamentary are hereby issued to BILLY WAYNE DEAR, Executor.

Therefore, the said BILLY WAYNE DEAR is fully empowered and required to administer all and singular the goods, chattels and credits of the testator in this State and elsewhere; to take the same into his hands, to ask, levy, recover and receive the same; to make, if required, a true and perfect inventory or inventories of all the said goods, chattels and credits which shall come to his hands, possession or knowledge, or into the hands or possession of any other person or persons, for him; to return into our said Court, if so ordered by the Court, such inventory or inventories; to make in said Court, if required, a just and true account or accounts of her actions and proceedings in the premises, and duly pay and deliver the legacies and devise specified in said Will, so far as said goods, etc., may extend, according to the value thereof, and as the law shall charge him; and in all things, according to law, to exert the rights and perform the duties of the trust conferred upon him.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal of said Court, in the City of Brandon, County of RANKIN, Mississippi.

Issued this the 31 day of July, 2012.

Larry Swales, CHANCERY CLERK

By: _____ D.C.

James L. Kelly, Esq.
Kelly Law Office, P.C.
POST OFFICE BOX 1975
BRANDON, MISSISSIPPI 39043
Telephone: (601) 825-6455
MSB# 3557

EXHIBIT
A

Commencing at the Northeast corner of the SW 1/4
of the SE 1/4 of Section 19, Township 4 North,
Range 2 East and run thence South 535.4 feet to a
point; thence North 89 degrees West 313.2 feet;
thence North 00 degrees and 30 minutes East 179.6
feet to a point, and which point is the point of
beginning of the land herein described; from said
point of beginning run thence North 00 degrees and
30 minutes East 219.5 feet; thence South 88 degrees
West 585 feet to a point on the East R. O. W. line of
U. S. Highway 49, thence Southward along said R. O. W.
line 223 feet; thence South 89 degrees East 514.3
feet to the point of beginning, and all being in the
SW 1/4 of the SE 1/4 of Section 19, Township 4 North,
Range 2 East, LESS AND EXCEPT a 64.2 foot stripp off
the West end thereof, which has been deeded to the
Mississippi Highway Department for a new highway.



EXHIBIT

B

WARRANTY DEED

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00) cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of all of which are hereby acknowledged, we, EUNICE F. DEAR, PATRICIA DEAR FRYANT, BILLY WAYNE DEAR, ELLIS MILTON DEAR, and SHANNON FAYE DEAR, a minor, by and through her guardian and next friend, Eunice F. Dear, pursuant to Chancery Court Decree rendered in cause number 14,078 on February 23, 1976, hereby convey and warrant to EUNICE F. DEAR all our interest in the following described land and property lying and being situated in Rankin County, Mississippi, to-wit:

Commencing at the Northeast corner of the SW 1/4 of the SE 1/4 of Section 19, Township 4 North, Range 2 East and run thence South 535.4 feet to a point; thence North 89 degrees West 313.2 feet; thence North 00 degrees and 30 minutes East 179.6 feet to a point, and which point is the point of beginning of the land herein described; from said point of beginning run thence North 00 degrees and 30 minutes East 219.5 feet; thence South 88 degrees West 585 feet to a point on the East R. O. W. line of U. S. Highway 49, thence Southward along said R. O. W. line 223 feet; thence South 89 degrees East 514.3 feet to the point of beginning, and all being in the SW 1/4 of the SE 1/4 of Section 19, Township 4 North, Range 2 East, LESS AND EXCEPT a 64.2 foot stripp off the West end thereof, which has been deeded to the Mississippi Highway Department for a new highway.

**EXHIBIT**
**C**

Excepted from the warranty of this conveyance are all prior mineral reservations, easements, restrictive covenants, and rights-of-way of record thereunto pertaining.

The said Eunice F. Dear, Patricia Dear Fryant, Billy Wayne Dear, Ellis Milton Dear and Shannon Faye Dear constitute all the heirs at law of James Franklin Dear, deceased.

WITNESS our signatures this the _____ day of February, 1976.

_____
EUNICE F. DEAR, INDIVIDUALLY

BOOK 333 PAGE 335

_Eunice F. Dear_
EUNICE F. DEAR, GUARDIAN OF THE ESTATE
OF SHANNON FAYE DEAR, A MINOR

_Patricia Dear Fryant_
PATRICIA DEAR FRYANT

_Billy Wayne Dear_
BILLY WAYNE DEAR

_Ellis Milton Dear_
ELLIS MILTON DEAR

STATE OF MISSISSIPPI
COUNTY OF RANKIN

        PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Eunice F. Dear, individually and as Guardian of the
Estate of Shannon Faye Dear, a minor, who acknowledged that she
signed, executed and delivered the above and foregoing instrument
on the day and year therein mentioned.
        GIVEN under my hand and official seal of office, this
the  16th  day of February, 1976.
                        March

                                        _____
                                        NOTARY PUBLIC

MY COMMISSION EXPIRES:


STATE OF MISSISSIPPI Nebraska
COUNTY OF _____

        PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Patricia Dear Fryant who acknowledged that she signed,
executed and delivered the above and foregoing instrument on the
day and year therein mentioned.
        GIVEN under my hand and official seal of office, this
the  22nd  day of February, 1976.
        March

                                        _____
                                        NOTARY PUBLIC

MY COMMISSION EXPIRES:


STATE OF MISSISSIPPI
COUNTY OF _____

        PERSONALLY came and appeared before me, the undersigned
authority of law in and f_____

STATE OF MISSISSIPPI
COUNTY OF *Kemlen*

PERSONALLY came and appeared before me, the undersigned authority of law in and for the jurisdiction aforesaid, the within named Billy Wayne Dear who acknowledged that he signed, executed and delivered the above and foregoing instrument on the day and year therein mentioned.

GIVEN under my hand and official seal of office this the __8th__ day of ~~February~~ *March*, 1976.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

My Commission Expires September 19, 1979

STATE OF MISSISSIPPI

COUNTY OF _Rankin_                                    BOOK 333 PAGE 336

      PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Ellis Milton Dear who acknowledged that he signed,
executed and delivered the above and foregoing instrument on the
day and year therein mentioned.

      GIVEN under my hand and official seal of office, this
the _10Th_ day of ~~February~~, 1976.
                  March

                                          NOTARY PUBLIC

MY COMMISSION EXPIRES:

My Commission Expires October 2, 1979

                            '76   4-5   843
        RANKIN COUNTY, MISS.   IN B 333 P 337
      THIS INSTRUMENT WAS  IRL DEAN RHODES, CHY. CLK.
         FILED FOR RECORD
                     BY _____ D.C.

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED                                     PLAINTIFFS**

**VS.**                                                  **CAUSE NO.** _13-390_

**ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; and BLUEWAVE DEPLOYMENT, LLC**

**DEFENDANTS**

**PLAINTIFFS FIRST SET OF INTERROGATORIES; REQUESTS FOR ADMISSIONS
AND PRODUCTION OF DOCUMENTS** (served with complaint)

COMES NOW the Plaintiffs, the Estate of Eunice F. Dear and the Wrongful Death Beneficiaries of Eunice F. Dear, Deceased ("Plaintiff" or "Plaintiffs" hereinafter) and propounds the following interrogatories, requests for admissions and production of documents to the defendants, and requests that you make your answer fully in writing and under oath, in accordance with the *Mississippi Rules of Civil Procedure* on discovery. These discovery requests are continuing in nature and require that you immediately supplement your answers in accordance with the *Mississippi Rules of Civil Procedure* should you obtain supplemental, additional or different information after your initial answers and response to these and other discovery request(s).

COMMON TERMS; DEFINITIONS AND INSTRUCTIONS

1. The term "you" or "your" refers to the named Defendant these discovery requests were served upon, your attorney, or any other respective agent, affiliate or representative of the defendant.

2. The term "defendant" refers to the entity these discovery requests were served upon AND any representative(s) or agent(s) of yours who have an interest in this litigation and/or who are responding or assisting in responding to these discovery requests on your behalf. The term "plaintiff" refers to the Estate of Eunice F. Dear and the Wrongful Death Beneficiaries of Eunice F.

1

"plaintiff" refers to the Estate of Eunice F. Dear and the Wrongful Death Beneficiaries of Eunice F. Dear, deceased, or Eunice F. Dear, or Billy Dear, or any of them, depending upon the context in which the term "plaintiff" is being used.

3. When used with reference to a person, "identify" or "identity" means to give that person's **name, residence address, business address, telephone number, occupation, employer and that person's relation and or affiliation with you.** When used in reference to an entity, "identify" or "identity" means to specify the corporate, partnership, llc or other legal name of the entity **and** the name the entity normally conducts business in, **the state of incorporation, and** the business address and telephone number of its principal place of business.

4. When used with reference to a document or other tangible item, "identify" or "identity" means to describe that item, state the name and address of the one who prepared or produced the item, the date it was prepared or produced, and the present location of the original item. Attach the original or an exact duplicate of the entire identified document as an exhibit to your response or state in detail why you fail to do so.

5.    "Document" is used in its broadest sense and means all originals, identical and non-identical copies of any papers, books, accounts, writings, drawings, graphs, charts, photographs, electronic or videotape recordings, other data compilations from which information can be obtained and translated, if necessary, by you through detection devices into reasonably usable form, and any other tangible things which constitute or contain matters relevant to the subject matter in this cause of action. If a document identified in a particular request involves a magnetic record, identify the format of the recording and the type of system required to reproduce or playback the recording.

2

6.      When asked to identify any "statement" or "communication", the request pertains to written or oral, verbal or non-verbal assertions whether previously recorded or not and you should state the subject of the communication; the place where it was made; the name, address and phone number of each person who participated in the communication; the name, address and phone number of each person who was present at the time it was made; by whom each person present and or participating was employed; who each identified person represented or purported to represent at the time the communication was made; the nature and substance of each document or other recording pertaining to the communication, the physical local of each such document or recording and the name, address and phone number of it's custodian.

7.      For each document produced in response to a request or interrogatory, indicate on the document the numbered request(s) and sub-part(s) of the request or interrogatory to which it relates or responds.

8.      If anything is deleted from a document produced, list:

a) the reason for the deletion; and,

b) the subject matter of the deletion

9.      If any document or answer is withheld under claim of privilege, furnish a list identifying:

a) each document for which the privilege is claimed, together with:

I) date of creation; ii) sender; iii) recipient(s) and or intended recipient(s) of original and copies;

iv) subject of document; v) name, address and phone number of the custodian of the document and each copy thereof; and

3

b) the number of the interrogatory or other request to which the withed answer or document pertains; and

c) the factual and legal basis upon which the privilege is claimed.

10. If you do not supply documents in response to a request or interrogatory, identify the document in question, state in full why the document(s) will not be supplied, and state what efforts have been made to locate the documents requested. If you refuse to admit categorically and without equivocation any request for admission, state in full the complete factual and legal basis for your refusal, given the requirements of M.R.C.P. 11, 26,34 and 36.

11. The term "Dear", refers to Eunice F. Dear, now deceased.

12. The terms "subject property" or "estate property" or "property of Eunice F. Dear" are synonymous and refer to that real estate described in exhibit "B" to the complaint filed herein.

13. The term "equipment" refers to a fiber optic cable or conduit or other related apparatus or hardware intended for use in the cellular or communications industry.

14. The term "tower site" refers to a vertical communications structure (cell tower) existing at or about 2576 Hwy 49 South, Florence, MS.

space intentionally left blank

4

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO ALL DEFENDANTS

TO:     Each separate defendant.

Now comes the Plaintiff in the above styled and numbered cause, and in order to simplify the issues for the trial of this cause makes the following Request for Admissions of Fact under the Mississippi Rules of Civil Procedure, and demands that the defendant specifically admit under oath or deny under oath the following facts. The defendant is hereby further advised that a failure to specifically answer any request or an evasive answer to any request will be taken as an admission of truth of such request. A true and correct copy of these requests is being delivered to the Clerk of the Court for filing herein. The facts which you are requested to admit or deny are as follows:

**Request No.1**:     Admit that Plaintiff is the owner of that property described in exhibit "B" attached to the complaint.

**Request No.2**:     Admit that you are not the owner of that property described in exhibit "B" to the complaint.

**Request No.3**:     Admit that the property described in exhibit "B" to the complaint has a street address of 2606 Highway 49 South, Florence, MS 39073.

**Request No.4**:     Admit that the cell tower at issue is located on the lot adjacent (next door) to the Plaintiff's property described in exhibit "B" to the complaint.

**Request No.5**:     Admit that Chancellor Funeral Home, LLC has an address of 2576 Hwy 49 South, Florence, MS 39073 and is located adjacent (next door) to the Plaintiff's property described in exhibit "B" to the complaint.

**Request No. 6.**     Admit that you have no interest in, including no right of ingress or egress over that property described in exhibit "B" to the complaint.

**Request No. 7.**     Admit that Defendant Chancellor Funeral Home, LLC has its principal place of business within the State of Mississippi.

**Request No. 8.**     Admit that Defendant Chancellor Funeral Home, LLC has an interest in an easement which is used for access to and connecting to the tower site.

**Request No. 9.**     Admit that an easement exists in Florence, MS, at or about 2576 Hwy 49 South, running perpendicular to Highway 49, which allows some of the Defendants named herein to place cable and/or other equipment thereon.

**Request No. 10.**     Admit that the easement referred to in admission request number 9. above

5

is located on the property having a street address of 2576 Hwy 49 South, Florence, MS 39073.

**Request No. 11.**      Admit that the principal place of business of Defendant Chancellor Funeral Home is located at 2576 Hwy 49 South, Florence, MS 39073.

**Request No. 12.**      Admit that Defendant Chancellor Funeral Home, LLC conducts business at 2576 Hwy 49 South, Florence, MS.

**Request No. 13.**      Admit that the easement referred to in admission request number 9. above runs along or across the land of Chancellor Funeral Home, LLC.

**Request No. 14.**      Admit that an easement exists which allows placement of cable related to the subject tower site.

**Request No. 15.**      Admit that the easement referred to in admission request number 14. above runs along or across the land of Defendant Chancellor Funeral Home, LLC, on Highway 49 in Florence, MS.

**Request No. 16.**      Admit that Chancellor Funeral Home, LLC is a proper party to this litigation.

**Request No. 17.**      Admit that you have been served with sufficient service of process.

**Request No. 18.**      Admit that venue is proper in Rankin County Mississippi.

**Request No. 19.**      Admit that you conduct business in Rankin County Mississippi.

**Request No. 20.**      Admit that you do not have an easement, or an interest in an easement which runs across the land of Eunice F. Dear or her estate.

**Request No. 21.**      Admit that no easement exists which allows the placement of fiber-optic cable, conduit or other cell tower related equipment on or across the land of Eunice F. Dear or her estate.

**Request No.22.**      Admit that during the year 2012, you and/or your agent or your employee placed a cable on or across the land of Eunice F. Dear located in Rankin County Mississippi.

**Request No.23.**      Admit that during the year 2012, Defendants named herein other than you placed a cable on or across the land of Eunice F. Dear located in Rankin County Mississippi.

**Request No. 24.**      Admit that jurisdiction is proper in the Chancery Court of Rankin County Mississippi.

6

**Request No. 25.**     Admit that Defendant MTCA has an interest in the easement which allows placement of cable related to the subject tower site.

**Request No. 26.**     Admit that Defendant MTCA is a proper party to this litigation.

**Request No. 27.**     Admit that a wooden fence runs along the property line between the Plaintiff's property located at 2606 Highway 49 South, Florence, MS 39073 and the property of Defendant Chancellor Funeral Home, LLC located at 2576 Hwy 49 South, Florence, MS.

**Request No. 28.**     Admit that during or about the month of May, 2012 a fiber optic cable or conduit or similar type equipment was placed along the south side of the fence referred to in admission request no. 27 above.

**Request No. 29.**     Admit that during or about the month of May, 2012 you (including your employee or agent) placed a fiber optic cable or conduit or similar type equipment along the south side of the fence referred to in admission request no. 27 above.

**Request No. 30.**     Admit that during or about the month of May, 2012 a fiber optic cable or conduit or similar type equipment was placed along the south side of the fence referred to in admission request no. 27 above, upon the land of Eunice F. Dear.

**Request No. 31.**     Admit that during or about the month of May, 2012 , you (including your employee or agent) placed a fiber optic cable or conduit or similar type equipment along the south side of the fence referred to in admission request no. 27 above, upon the land of Eunice F. Dear.

space intentionally left blank

7

## PLAINTIFF'S FIRST INTERROGATORIES TO ALL DEFENDANTS

TO:   Each separate Defendant

1.   Identify yourself.

2.   Identify by full name, address and present employment each and every person assisting in answering these interrogatories or requests for admissions or production of documents.

3.   Give a detailed explanation of the reasons, circumstances and factual basis for every denial of each request for admission submitted by the plaintiff and denied by you, the defendant.

4.   Give a detailed explanation of the reasons, circumstances and factual basis for every denial of each allegation in the complaint denied by the defendant.

5.   State the name and address of each person, including experts, having any knowledge of any discoverable information related to the subject of the complaint herein.

6.   State the name and address of any potential party to this lawsuit, not already a party hereto; and state why that person or entity should be named as a party.

7.   State the name, address and qualifications of each expert whom you expect to call as an expert witness at the trial of this case, the subject matter concerning which the expert expects to testify, the basis of his or her opinion, and attach a copy of any report, including factual observations and opinions, which has been prepared by any such expert concerning this matter.

8.   Describe any insurance policy or agreement under which any insurance business or carrier may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name and address of the insurer, the policy number(s), the name of the insured(s) and the amount of any insurance coverage.

9.   Give the content of any written or oral statement, given by you, your agent or employee, prior to this complaint being filed, to any insurance investigator or agent, or other investigator or to any other party named in this complaint, in relation to the easement, lack of easement, or cable at issue, and include the date such statement was made and to whom it was given.

10.   Identify each and every person you may call as a witness at the trial of this cause.

11.   Identify each and every document you may introduce into evidence at trial.

12.   Identify, by name, address and telephone number, the individuals who were on site and

8

or participated in the installation of the fiber optic cable/conduit/equipment at issue. (This includes supervisors and crew members.)

13. Give the exact date(s) of the physical installation of the cable/conduit/equipment at issue.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO ALL DEFENDANTS

TO:   Each Separate Defendant

Plaintiff hereby requests pursuant to the Mississippi Rules of Civil procedure, that the defendant produce the following documents and records:

1. Any and all photographs, diagrams or other documents that you may use at the trial of this cause.

2. Any and all expert reports, concerning this matter, which have been or will be obtained from any expert.

3. A copy of any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy or errors and omissions policy or malpractice insurance covering you.

4. Copies of any and all statements previously made by you and/or any other person concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by any party hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by any person..

5. Any and all drawings, maps, sketches, blueprints or the like of the tower site and/or relevant easement which you generated, viewed, referred to or relied upon prior to the installation of the fiber optic cable at issue.

6. Any and all deeds, easements, contracts and/or legal descriptions related to the tower site and/or relevant easement which you generated, viewed, referred to or relied upon prior to the installation of the fiber optic cable at issue.

9. A copy of any document or notation, post, entry or communication which contains or may lead to discoverable information.

10. A copy of any document, photograph, recording, notation or thing which you may use for illustrative purposes at trial, or introduced for identification or evidence at trial.

9

11.     A statement of all amounts paid by you or received by you, from January 01, 2012 to December 31, 2012 which were related to the easement connected to the subject tower site. (This would include payments made or received regarding the rights conveyed in the easement itself, and, income derived from the cell tower to which the easement connects. Specify whether the amounts reported were received by you or paid by you and whether the payment was for the easement itself, or for services, fees or royalties which the easement facilitated.)

13.     A print out of each and every email or text message or other electronically stored information or communication authored, sent or received by you between the dates of January 01, 2012 and September 19, 2012 regarding the procuring or placement of any easement or rights, or cable or conduit relevant to the subject tower site.

14.     A print out of each and every correspondence, Facebook post, message or comment, MySpace post, message, or comment, Youtube video, message or comment or Twitter tweet or email or text message, or any other form of electronic communication, which you have authored, originated, sent or received, from January 01, 1990 until September 19, 2012 that mention the name "Eunice Dear" or "Eunice F. Dear", or, "Bill Dear" or "Billy Dear" or had anything to do with, Eunice F. Dear, or Billy Dear, either directly or indirectly.

15.     Any and all drawings, maps, sketches, blueprints or the like of the tower site and/or relevant easement which you generated, viewed, referred to or relied upon for the installation of the fiber optic cable at issue.

        Plaintiff requests that defendant produce and give complete sworn answers and compliance to the requests for admissions, interrogatories and production of documents submitted to the defendant this date, according to the Mississippi rules of Civil Procedure.

        Further, the undersigned counsel hereby certifies that the foregoing discovery requests were attached to the complaint filed herein and served upon each Defendant at the time each such Defendant was served a copy of the complaint.

        This the 26th Day of February, 2013.

                                        By: _____
                                            JAMES L. KELLY
                                            Attorney for the Plaintiff

Kelly Law Office, P.C.
202 East Government Street
Brandon, MS 39042
Telephone: 601-825-6455
Facsimile: 601-825-6552

Billy Dear et al. v. One Fiber Optic Cable, et al; Rankin County Chancery Court

10

 CT Corporation

**Service of Process Transmittal**
03/11/2013
CT Log Number 522292823

| | |
|---|---|
| **TO:** | Kristi Moody, Sr. Csl.<br>Windstream Communications, Inc.<br>4001 Rodney Parham Rd<br>Little Rock, AR 72212 |

**RE:** **Process Served in Mississippi**

**FOR:** Windstream Mississippi, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Billy Dear, in his individual Capacity, and as Representative of the Wrongful Death Beneficiaries of Eunice F. Dear and as Executor of the Estate of Eunice F. Dear, on Behalf of the Estate of Eunice F. Dear and the Individual Devisees of the Last Will and Testament of Eunice F. Dear, Deceased, Pltf. vs. One Fiber Optic Cable, et al. including Windstream Mississippi, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Notice(s), Acknowledgment, Summons, Proof of Service, First Amended Complaint, Exhibit(s), First Set of Interrogatories |
| **COURT/AGENCY:** | Rankin County Chancery Court, MS<br>Case # 13380 |
| **NATURE OF ACTION:** | Quiet Title - Rankin County, Mississippi |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Flowood, MS |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/11/2013 at 15:00 |
| **JURISDICTION SERVED :** | Mississippi |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service |
| **ATTORNEY(S) / SENDER(S):** | James L. Kelly<br>Kelly Law Office, P.C.<br>Post Office Box 1975<br>Brandon, MS 39043<br>601-825-6455 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/12/2013, Expected Purge Date: 03/17/2013<br>Image SOP<br>Email Notification, Kristi Moody kristi.moody@windstream.com<br>Email Notification, Felicia Davis windstream.legal@windstream.com<br>Email Notification, Vicki Olsen vicki.olsen@windstream.com<br>Email Notification, Rhonda Reddix Rhonda.Reddix@windstream.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Amy McLaren<br>645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232<br>800-592-9023 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED**                                    **PLAINTIFFS**

**VS.**                                                    **CAUSE NO.   13-380**

**ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC ; AT&T
MOBILITY, LLC; WINDSTREAM MISSISSIPPI, LLC; UNKNOWN DEFENDANTS ONE,
TWO AND THREE**

**DEFENDANTS**

### NOTICE

**TO:   WINDSTREAM  MISSISSIPPI, LLC**
c/o CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood MS 39232

The enclosed summons and complaint are served pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure.

You must sign and date the acknowledgment at the bottom of this page.  If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days of the date of mailing shown below, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint.

*If you do complete and return this form, you (or the party on whose behalf you are being served) must respond to the complaint within 30 days of the date of your signature.*  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare that this Notice and Acknowledgment of Receipt of Summons and Complaint (and Plaintiff's First Set of Interrogatories; Requests for Admissions and Production of Documents) was mailed on March 11, 2013.

James L. Kelly, Esq.                    MSB# 3557

Kelly Law Office, P.C.
Post Office Box 1975
Brandon, MS 39043
Telephone: 601-825-6455

## THIS ACKNOWLEDGMENT OF RECEIPT OF SUMMONS
## AND COMPLAINT MUST BE COMPLETED

I acknowledge that I have received a copy of the summons and of the complaint in the above captioned matter in the State of Mississippi.

_____

Signature

_____

(Relationships to Entity/Authority to Receive Service of Process)

_____

Date of Signature

State of _____

County of _____

Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the above named _____ who solemnly and truly declared and affirmed before me that the matters and facts set forth in the foregoing Acknowledgment of Receipt of Summons and Complaint are true and correct as therein stated.

Affirmed and subscribed before me, this _____ day of _____, 2013.

_____

Notary Public

My commission expires _____

(Seal)

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED**                     **PLAINTIFFS**

**VS.**                                         **CAUSE NO.**   **13-380**

**ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC ; AT&T
MOBILITY, LLC; WINDSTREAM MISSISSIPPI, LLC; UNKNOWN DEFENDANTS ONE,
TWO AND THREE**

                                                         **DEFENDANTS**

### NOTICE

**TO:**   **WINDSTREAM MISSISSIPPI, LLC**
        c/o CT Corporation System
        645 Lakeland East Drive, Suite 101
        Flowood MS 39232

     The enclosed summons and complaint are served pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure.

     You must sign and date the acknowledgment at the bottom of this page. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

     If you do not complete and return the form to the sender within 20 days of the date of mailing shown below, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint.

     *If you do complete and return this form, you (or the party on whose behalf you are being served) must respond to the complaint within 30 days of the date of your signature.* If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

     I declare that this Notice and Acknowledgment of Receipt of Summons and Complaint (and Plaintiff's First Set of Interrogatories; Requests for Admissions and Production of Documents) was mailed on March 11, 2013.

                                        James L. Kelly, Esq.         MSB# 3557

Kelly Law Office, P.C.
Post Office Box 1975
Brandon, MS 39043
Telephone: 601-825-6455

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**BILLY DEAR, Et al.**                                            **PLAINTIFFS**

**VS.**                                        CAUSE NO. _13 - 380_

**ONE FIBER OPTIC CABLE; Et al.**                                **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI, COUNTY OF RANKIN

THE BELOW NAMED OUT OF STATE DEFENDANT IS HEREBY SUBJECT TO PROCESS OF THIS COURT BY SUMMONS , TO WIT:

> **Windstream Mississippi, LLC,** 1209 Orange Street, Wilmington DE 19801
whose agent for service of process is:
> **CT Corporation, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.**

**NOTICE TO DEFENDANT:** THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to the plaintiffs' attorney whose name and address are shown below. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the injunctive relief, damages or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this __11_ day of March, 2013.

Larry Swales
Chancery Clerk of Rankin County
Post Office Box 700
Brandon, Mississippi  39043

By: _____ _R Duckett_ _____ D.C.

**James L. Kelly, Esq.**
**Kelly Law Office, P.C.**
**202 East Government Street**
**Brandon, Mississippi 39042**
**Telephone: (601)825-6455**
**Attorney for the Plaintiff**

PROOF OF SERVICE-SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the _____ day of _____, 2013, where I found said person(s) in _____ county of the State of Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within_____ county, (state). I served the summons and complaint on the _____ day of _____, 2013, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter, or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2013, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.
Fee for service: $_____
Process server must list below: [*Please print or type*]

Name _____
Social Security No. (LAST FOUR DIGITS) _____
Address _____

_____
Telephone No. _____

State of MISSISSIPPI
County of Rankin

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service- Summons" are true and correct as therein stated.

_____
Process Server (Signature)

Sworn to and subscribed before me this the _____ day of _____, 2013.

_____
Notary Public

(Seal) My Commission Expires: _____

FILED

MAR 1 1 2013

LARRY SWALES
Chancery Clerk, Rankin County
Rec. in Bk.____
Pg.____

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED                                    **PLAINTIFFS**

VS.                                          CAUSE NO.   13-380

ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC ; AT&T
MOBILITY, LLC; WINDSTREAM MISSISSIPPI, LLC; UNKNOWN DEFENDANTS
ONE, TWO AND THREE

                                                            **DEFENDANTS**

### FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

NOW COMES Billy Dear, executor of the Estate of Eunice F. Dear, on behalf of said estate,

and on behalf of the individual devisees of the Last Will and Testament of Eunice F. Dear, deceased,

and on behalf of the wrongful death beneficiaries of Eunice F. Dear, and in his individual capacity,

collectively "Plaintiff" or "Plaintiffs" hereinafter, pursuant to M.R.C.P. 15(a), no responsive

pleading having been filed, and files this first amended complaint for injunctive relief and damages,

to wit:

### PARTIES

1.    Plaintiff Billy Dear is an adult resident citizen of Rankin County, Mississippi. Billy Dear has

      authority to bring this action on behalf of the Estate of Eunice F. Dear, Deceased, and on

      behalf of the individual devisees of the Last Will and Testament of Eunice F. Dear, by way

      of LETTERS TESTAMENTARY having been issued unto him IN THE MATTER OF THE

1

ESTATE OF EUNICE F. DEAR, DECEASED, Rankin County Chancery Court Cause No. 73977. A copy of said Letters Testamentary is attached hereto and incorporated herein as exhibit "A".

2. The Plaintiff Estate of Eunice F. Dear possesses and owns certain real property situated in Rankin County Mississippi located at 2606 Hwy 49 South, Florence, Mississippi, a more complete description being attached hereto and incorporated herein as exhibit "B".

3. The Plaintiff individual devisees of the Last Will and Testament of Eunice F. Dear, joint owners of the said property situated in Rankin County Mississippi described in exhibit "B" are named in the Last Will and Testament of Eunice F. Dear, which has been admitted to probate in Rankin County Chancery Court, Cause No. 73977 . They are: Patricia Dear Fryant; Shannon Nipper (formerly Shannon Faye Dear); Ellis Milton Dear and Billy Wayne Dear.

4. The wrongful death beneficiaries of Eunice F. Dear are the natural children of Eunice F. Dear and are limited to being the same persons as the individual devisees of the Last Will and Testament of Eunice F. Dear, namely Patricia Dear Fryant; Shannon Nipper (formerly Shannon Faye Dear); Ellis Milton Dear and Billy Wayne Dear.

5. Defendant Res "One Fiber-Optic Cable" is a certain apparatus/conduit and hardware configuration currently situated upon the real property of the Plaintiff situated in Rankin County Mississippi, approximately 200 feet in length, wrongfully placed or caused to be placed there by the other Defendants herein. Plaintiffs seek compensation for the cable and or other "equipment" of the other defendants being wrongfully placed on Plaintiff's real estate and remaining there to this day and/or both removal of the Defendant cable from said

2

real estate and such compensation.

6.    Defendant, Crown Castle South LLC, "Crown" hereinafter, is a  foreign limited liability

corporation (Delaware), having sufficient contacts with the state of Mississippi, conducting

business within the state of Mississippi, and whose principal place of business is located at

1220 Augusta Drive, Suite 500, Houston, TX 77057 ,and whose agent for service of process

is CT Corporation, located at   645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

7.    Defendant, MasTec, Inc. ("Nsoro" hereinafter), is a limited liability corporation, having

sufficient contacts with the state of Mississippi, conducting business within the state of

Mississippi, whose address is 800 Douglas Road-Penthouse, Coral Gables, Florida, 33134.

8.    Defendant, SES Construction Consulting Group, Inc., "SES" hereinafter, is a foreign

corporation (Louisiana) with sufficient ties to the State of Mississippi, conducting business

within the State of Mississippi, whose principal place of business is located at 2701

Ridgelake Drive, Metairie, LA 70002, whose registered agent, Randy Farrell, may be served

with process at said address and/or at 4001 West Esplanade Avenue, Metairie, LA, 70002.

9.    Defendant Chancellor Funeral Home, LLC is a Mississippi limited liability company whose

principal place of business is located at 2576 Highway 49 South in Florence, Rankin County

Mississippi where its agent for service of process, Fred W. Chancellor, may be served with

process of the court.

10.   Defendant Chancellor Funeral Home, LLC is a necessary party to this litigation as matters

regarding ingress and egress and  improvements to real estate Chancellor Funeral Home,

LLC has an interest in are at issue and will be determined by the Court.  Chancellor Funeral

Home, LLC has been unjustly enriched, by receiving the benefits of an easement running

3

across its property, while the burdens of the easement have fallen upon the Plaintiff.

11.    Defendant MCTA Cellular Partnership "MCTA", is a Mississippi general partnership with its principal place of business being located at 121 South Congress Street, No. 1230, Jackson, MS 39201. MCTA is a necessary party to this litigation in that property rights it enjoys may be affected by this litigation.

12.    Defendant, BlueWave Deployment, LLC , "Bluewave" hereinafter, is a foreign limited liability company (Michigan), having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, whose principal place of business is located at 2527 Nelson Miller Pkwy, Suite 106, Louisville, KY 40223-3161 , where its president and agent for service of process is located.

13.    Unknown Defendants 1, 2, and 3 are individuals or entities unknown to the Plaintiff at this time who have not been identified after due diligence, who were and remain jointly responsible for the harm and damages the Plaintiffs have and continue to suffer.

14.    Defendant AT&T Mobility, LLC, "AT&T" hereinafter, is a Delaware limited liability company doing business within the state of Mississippi, whose principal office address is 1025 Lenox Park Blvd. NE, Atlanta, GA 30319 and whose agent for service of process is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

15.    Defendant Windstream Mississippi, LLC, "Windstream" hereinafter, is a Delaware limited liability company doing business within the State of Mississippi, whose local address is 101 Lewis Street, Florence, MS 39073 and whose principal office address is 1209 Orange Street, Wilmington DE 19801 and whose agent for service of process is CT Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood MS 39232.

4

16. Some Defendants have been uncooperative in sharing information with the Plaintiff prior to complaint being filed, therefore, as discovery progresses, amendments may be necessary to insure proper alignment of parties.

### JURISDICTION AND VENUE

17. This Court has jurisdiction over matters of equity, injunctive relief and matters regarding real estate. Further:

**Th[is] court in which a will may have been admitted to probate, letters of administration granted, or a guardian may have been appointed, shall have jurisdiction to hear and determine all questions in relation to the execution of the trust of the executor... and shall have jurisdiction of all cases in which bonds or other obligations shall have been executed in any proceeding in relation to the estate, or other proceedings, had in said chancery court, to hear and determine upon proper proceedings and evidence, the liability of the obligors in such bond or obligation, whether as principal or surety, and by decree and process to enforce such liability.**
Miss. Code § 9-5-83 (1972).

**And in addition to the jurisdiction heretofore exercised by the chancery court in suits to try title and to cancel deeds and other clouds upon title to real estate, it shall have jurisdiction in such cases to decree possession, and to displace possession; to decree rents and compensation for improvements and taxes; and in all cases where said court heretofore exercised jurisdiction, auxiliary to courts of common law, it may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted or the legal title established by a suit at law.** Miss. Const. § 160.

The Chancery Court of Rankin County Mississippi has exclusive jurisdiction of this decedent's estate, which includes the decedent's real and personal property at the time of her death. At the time of her death, Eunice F. Dear had in her possession a certain tract of real property located in Rankin County Mississippi further described in attached exhibit "B". On such property, defendants had placed, conspired to place and/or caused to be placed a fiber-optic cable without the permission of Eunice F. Dear. Therefore, prior to her death, Eunice F. Dear possessed a fiber-optic cable on her property (placed there by several of the

5

defendants) and she owned an interest in such cable. Thus, the cable itself and any rents or royalties emanating therefrom which Eunice F. Dear was entitled and which accrues to this day, were initially and remain part of the Estate of Eunice F. Dear, property under the exclusive jurisdiction of the Rankin County Chancery Court, a probate court of the State of Mississippi.

18.     Venue is proper in Rankin County Mississippi in that the concerned real estate is located in Rankin County Mississippi; the Defendant res cable is located in Rankin County Mississippi; Defendant Chancellor Funeral Home, LLC operates a place of business in Rankin County Mississippi upon which grounds the subject cable should have been placed; the operative facts underlying this complaint occurred in Rankin County Mississippi and, an Estate concerning the said real estate, and the heirs of Eunice F. Dear has been opened in Rankin County Mississippi, in this Court. Billy Dear, the executor of the Estate of Eunice F. Dear and representative of the wrongful death beneficiaries of Eunice F. Dear, is a resident of Rankin County Mississippi.

## OPERATIVE FACTS

19.     Eunice F. Dear, a resident of Rankin County Mississippi, owned certain real property situated in Rankin County Mississippi, located at 2606 Highway 49 South, Florence, Mississippi, more particularly described as stated in attached exhibit "B" incorporated herein.

20.     The individual Plaintiffs gain their interest in said property by virtue of being the natural children of Eunice F. Dear, and through the Last Will and Testament of Eunice F. Dear,

6

deceased, which has been admitted to probate in this court.

21.   Eunice F. Dear departed this life on June 04, 2012, at the age of 80 years.

22.   Eunice F. Dear committed suicide.

23.   Prior to the death of Eunice F. Dear, Defendants made plans among each other to run a conduit and fiber optic cable, or some similar device, from a point within a few feet of Highway 49 in Florence, MS to a cellular tower located adjacent to the property of Eunice F. Dear.

24.   Defendant AT&T contracted with or otherwise caused Defendants Nsoro and Bluewave to place a conduit "pipe" from a point near Highway 49 South to a cell tower located at or about 2576 Highway 49 S. Florence, MS. Defendants Nsoro and Bluewave were agents of AT&T for the purpose of the said conduit project. The cell tower at issue is located on the lot adjacent to the Plaintiff's real estate.

25.   Defendants Nsoro and Bluewave then subcontracted the conduit project to Defendant SES.

26.   Defendant SES, while responsible in its own right, was also an agent of Defendants AT&T, Bluewave, and Nsoro for the purpose of the conduit project.

27.   Defendant Windstream then placed "pulled" a fiber optic cable through the said conduit which had been placed on the Plaintiff's property.

28.   It is believed that Defendant Crown is the owner of the cell tower at issue and its interests may be affected by this litigation.

29.   Defendant Bluewave had a responsibility and non-delegable duty to make sure that the conduit and cable were placed on the correct real estate, but failed to uphold that duty.

30.   Defendants AT&T, Nsoro, SES and Windstream knew that Eunice F. Dear, prior to the

7

conduit and cable being placed on her property, objected to the conduit and cable being placed upon her property.

31. Plaintiffs have reason to believe that the Defendants had a legal right to run the conduit and cable along an easement which had been granted unto them, or some of them, concerning and across certain property adjacent to the described property of Eunice F. Dear.

32. Upon information and belief, said adjacent property is owned by Defendant Chancellor Funeral Home, LLC.

33. As the conduit and cable were each being installed, Defendant Chancellor knew that the conduit and cable were being wrongfully placed upon the property of Eunice F. Dear, an elderly widow.

34. The Defendants had no easement or other right to enter unto or place any conduit, cable or other object upon the land of Eunice F. Dear.

35. Nonetheless, during or about the months of April and May, 2012, the Defendants placed the conduit housing the fiber optic cable, and the cable itself (collectively "cable" hereinafter), upon and across the land of Eunice F. Dear and/or caused the cable to be so placed, thereby constituting a trespass upon the land of the Plaintiff.

36. Further, Defendants knew that the easement they possessed across the adjacent "Chancellor" property was covered, in whole or in part, by an asphalt driveway/parking lot.

37. Defendants, their agents, employees and/or contractors therefore intentionally (or with gross negligence) trespassed upon the land of Eunice F. Dear (not covered by asphalt), laying their cable upon the land of Eunice F. Dear, in an effort to save themselves time, effort and expense.

8

38.   Defendants had a non-delegable duty to not trespass, to oversee and/or monitor the installation and make sure that the cable was placed on the easement, and not the property next door, but failed to do so, breaching their duty owed to the Plaintiffs. Defendants are directly and vicariously liable for the actions of their agents, employees and alleged independent contractors.

39.   Most if not all Defendants named herein have been aware of the initial and continuing trespass, prior to this complaint being filed, and none have made any offer to rectify the situation.

40.   The described trespass continues to this day.

COUNT I

ACTION TO QUIET TITLE AND FOR INJUNCTIVE RELIEF

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

41.   This Court has exclusive jurisdiction, pursuant to Miss. Code Ann. Section 11-17-31 (1972), to remove clouds from title to real property . Venue is proper, pursuant to Miss. Code Ann. 11-5-1 (1972), as the subject property is located in Rankin County Mississippi.

42.   Plaintiffs are the rightful, exclusive owners of the subject property, having exclusive title thereto. Title is vested in the Plaintiffs as follows, to wit: See attached exhibit "C" incorporated herein, the original thereof being recorded at Book 333 pgs. 334 -336 in the land records of Rankin County Mississippi located in Brandon, Mississippi.

9

43.     Any and all Defendants who procured, own, placed or benefit from the cable as it now sits, posses an interest in the said cable and therefore, by having their cable and/or interest run across the land so situated, are making an adverse claim upon the Estate of Eunice F. Dear and/or the subject real property described in exhibit "B", a substantial asset of the Estate and individual Plaintiffs.

44.     Said adverse claim constitutes a cloud upon the title to the subject real property, the primary res of the estate of Eunice F. Dear, which Plaintiffs seek compensation for and to be removed.

45.     Wherefore, Plaintiffs seek an order that the cloud of apparent adverse possession be removed, and, that the Defendants, for not less than sixty (60) months, pay rents unto the Plaintiff at the rate of $5000.00 per month, whether or not said cable remains on the said land for the entire 60 months and whether or not said cable remains in use or operation for the entire 60 months; or, in the alternative, that the cable be removed from the land immediately and that the Defendants pay unto Plaintiffs a sum equal to all income, rents, royalties or other benefits derived by each of them, directly or indirectly, from the installation, leasing, sub-leasing or other use of said cable and/or the tower to which it connects for a period of time beginning on the day of installation of such cable and terminating on the day the cable is removed from the land of the Plaintiff, in addition, that such Defendants pay unto the Plaintiff reasonable compensation for all damages, costs and fees they have caused Plaintiffs, including reasonable attorneys fees incurred in an effort to have the stated cloud removed.

46.     There is no complete and adequate remedy at law; the injury is substantial and if the relief

10

requested is not granted, the injury suffered by the Plaintiff will be irreparable, being that the Defendants will have stolen the Plaintiffs property.

47.   That neither a preliminary injunction nor temporary restraining order is sought, Plaintiff requests that bond or other security be waived.

48.   Given that injunctive relief is sought as alternative relief, it is requested that a writ not issue but until after a hearing upon the merits is had.

COUNT II

Miss.Code § 77-9-715.

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

49.   Plaintiffs claim all damages available under Mississippi Code Section 77-9-715 (1972), including, but not limited to for the permanent continuance of such line and fixtures; for the diminution of value to Plaintiff's real property; for a reasonable percentage of the rents, royalties and/or other income being accessed and/or earned or otherwise derived from the cable or other equipment placed on Plaintiffs property; and for the wrongful death of Eunice F. Dear. The erection, continuance, and use of the cable lines wrongfully placed on the property of Eunice F. Dear caused her great emotional distress, leading to and being the proximate cause of the death of Eunice F. Dear.

11

## COUNT III

## TRESPASS

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

50.    Defendants, acting alone, and in concert with one another, have each trespassed upon the described land of the Plaintiff and continue to do so by the cable remaining on the Plaintiffs property to this day.

51.    Eunice F. Dear demanded that the Defendants not trespass on her land, but the Defendants wilfully, maliciously and/or with gross negligence and/or reckless disregard to the rights of Eunice F. Dear and the Plaintiffs, persisted in their trespass.  After being notified by legal counsel for the Estate that the trespass continues, the Defendants continue in their trespass, forcing this complaint to be filed.

52.    Plaintiffs seek compensatory damages due to the stated trespass including, but not limited to, the diminution of the use and value of the land, for a reasonable percentage of the rents, royalties and/or other income being accessed and/or earned or otherwise derived from the cable placed on Plaintiffs property; and for the wrongful death of Eunice F. Dear, punitive damages, and reasonable attorneys fees.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

All preceding and following averments not inconsistent with this count are

12

incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

53.     Eunice F. Dear suffered severe mental anguish and emotional distress as the result of the Defendant's actions and intentional trespass. The said emotional distress of Eunice Dear was a reasonably foreseeable result of the defendant's conduct. The defendant's conduct was malicious, intentional, willful, wanton, grossly careless, indifferent and/or reckless to the rights of Eunice F. Dear, causing severe psychological and emotional distress to Eunice F. Dear. Said conduct of Defendants was so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community. Alternatively, defendants negligently inflicted severe emotional distress upon Eunice F. Dear.

## COUNT V

## UNJUST ENRICHMENT

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

54.     All Defendants, corporate and individual, named and currently unnamed, have been unjustly enriched by the wrongful taking of the Plaintiff's described land, by contracting with one another and making and receiving payments to and from one another to place the cable

13

and/or other equipment there without authority to do so, and by the trespassory placing upon the Plaintiff's land certain equipment wherefrom rents, royalties and other streams of income have and continue to be derived to this day. Some of the Defendants continue to be unjustly enriched to this day by continuing to receive payments earned directly, or indirectly from the cable and/or other equipment as defined herein being placed on the Plaintiff's property. Additionally, defendant Chancellor Funeral Home, LLC, was unjustly enriched by not having its parking area disrupted and thus, business operations not being disrupted. Chancellor Funeral Home knew that the cable was being wrongfully placed upon the property of its neighbor, Eunice F. Dear, an elderly widow, yet did nothing to help correct the error. Chancellor Funeral Home would have experienced a substantial disruption of business operations had the cable been placed along the easement which runs along the Chancellor Funeral Home property. Chancellor Funeral Home, LLC, has thus benefitted from the easement which runs along its property, whereupon the cable should have been placed, yet the burdens of the easement have fallen upon the Plaintiffs. Plaintiffs seek from Chancellor Funeral Home, LLC, compensation and damages in an amount not less than the value of the benefit it has derived from the said easement (payments it has received for the easement) and the value of not having the said cable placed upon his land.

From defendants other than Chancellor Funeral Home, LLC, Plaintiffs seek the reasonable value of a perpetual monthly easement for the wrongful taking which has effectively occurred, for so long as the conduit and cable remains on the Plaintiff's property, but in no event for not less than sixty (60) months, whether or not the owners of the cable opt to remove the cable from Plaintiff's land prior to the expiration of sixty (60) months.

14

Plaintiffs would not have leased its land for less than sixty (60) months, nor conveyed a permanent easement for less than reasonable value as determined by the Plaintiffs.

## COUNT VI

## WRONGFUL DEATH

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

55.  This cause of action for wrongful death is brought pursuant to Miss. Code Section 11-7-13 (1972) as amended.

56.  Defendants had a duty to not trespass upon the lands of Eunice F. Dear and/or to not cause others to trespass upon the lands of Eunice F. Dear. Additionally, Defendant(s) had a duty to behave in a reasonably prudent manner and as a reasonable prudent person or corporate entity would under the same or similar circumstances. Defendant(s) however breached each of those stated duties, and others, by placing their equipment upon the Plaintiff's property at a place where it was obviously on the Plaintiff's property, and, at a location where Defendants obviously had no right to place the equipment.

57.  Bodily and psychological harm to Eunice F. Dear was a foreseeable result of the Defendant's breach of duty.

58.  Defendants joint and concerted agreements, actions, gross negligence and reckless disregard for the rights of Eunice F. Dear, proximately caused the death of Eunice F. Dear. Eunice F. Dear was elderly, living alone and frail. She was aware of the Defendants' trespass and

15

made efforts to advise the Defendants that they were trespassing upon her property and demanded their departure. Defendants knew that Eunice F. Dear was upset by the fact of their trespass. Nonetheless, the Defendants ignored her request, and continued in their trespass. But for the Defendants continuing trespass, Eunice F. Dear would not have committed suicide.

59. As a direct result of Defendant's negligent, grossly negligent or reckless or intentional conduct, Plaintiffs have suffered numerous personal injuries, including but not limited to the pain and suffering of Eunice F. Dear; loss of the life of Eunice F. Dear; Eunice F. Dear's loss of enjoyment of her life; the loss of companionship and society of Eunice F. Dear; funeral expenses and all other damages of every kind recoverable by law including, but not limited to punitive damages, costs and expenses of bringing and prosecuting this action and reasonable attorneys fees. Plaintiffs seek from all such Defendants (excluding MCTA and Chancellor Funeral Home, LLC (at this point in time)) damages for such wrongful death of Eunice F. Dear.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff seeks judgment from the Court that all equipment ("equipment" being defined as any tower, antennae, cable, conduit, line or any other thing of value connected thereto) of the Defendant(s) be removed from the property of the Plaintiff; and, that Defendants pay onto the Plaintiff damages within the jurisdictional limits of this Court, for and in an amount including, but not limited to the reasonable value of all rents, fees and royalties that should have been paid unto Eunice F. Dear and/or her estate due to the Defendants, or any one of them, using or enjoying the use of her property and/or the property of the Estate of

16

Eunice F. Dear as described herein, beginning from the time such use began until all such "equipment" of the Defendant(s) are removed from the Estate property, said calculation of damages, in no event, to be based on a period of time of not less than sixty (60) months in duration.

Alternatively, Plaintiff demands that Defendants pay unto Plaintiff the greater of any and all income (gross receipts) ever obtained by them, either directly or indirectly, from the placement of the Defendant's equipment on the Plaintiff's property, or, the rents that should have been paid by said Defendants to Eunice F. Dear and/or her estate; and in addition, that all such "equipment" on the property of the Plaintiff be determined by the Court to be the property of the Plaintiff and an order issue to that effect.

Alternatively, that the Defendants pay unto the Plaintiff all damages as contemplated by M.C.A. Section 77-9-715 (1972) and that such equipment remain the property of the Defendants.

Further, the Plaintiff Estate of Eunice F. Dear seeks removal of a cloud on the title to its land described herein, being the Defendant's adverse possession.

Plaintiff seeks actual and punitive damages for the intentional and/or negligent infliction of emotional distress caused by Defendants upon Eunice F. Dear.

Plaintiff seeks damages for the unjust enrichment Defendants have enjoyed from the placement of the equipment on the Plaintiff estate's property.

Plaintiff seeks actual and punitive damages for the wrongful death of Eunice F. Dear.

Plaintiff seeks actual and punitive damages from all Defendants who were responsible for, in whole or in part, the intentional or grossly negligent trespass upon the property of Eunice F. Dear and the continuing trespass upon the Estate of Eunice F. Dear.

17

Plaintiff demands that Defendants pay all costs of court, fees associated therewith and attorney's fees incurred by the Plaintiff in bringing this complaint.

Plaintiff requests any combination of the above requested remedies and any such other general relief Plaintiff has failed to demand, as the Court should determine to be fair, just and equitable.

*Billy Dear*

Billy Dear, individually and as executor for the Estate of
Eunice F. Dear, and as representative
of the wrongful death beneficiaries of Eunice F. Dear.

                              AFFIDAVIT

State of Mississippi
County of Rankin

        Personally appeared Before Me, the undersigned authority in and for said county and State, Billy Dear, who being by me first duly sworn, stated on oath that the matters and facts set forth in the above and foregoing Complaint for Injunctive Relief and Damages are true and correct as therein stated.

        Sworn to and subscribed before me, this the _11_ Day of March, 2013.

*Monica R. Baldwin*

NOTARY PUBLIC

My Commission Expires: _____

STATE OF MISSISSIPPI
MONICA L. BALDWIN
ID No
58721
NOTARY PUBLIC
Comm Expires
February 2, 2016
RANKIN COUNTY

        Submitted this the _11_ day of March, 2013.

*James L. Kelly*

James L. Kelly, legal counsel for the Plaintiff

James L. Kelly M.S.B. No. 3557
Kelly Law Office, P.C.
202 East Government Street
Brandon, MS 39042
Telephone: 601-825-6455

Billy Dear, et al. v. One Fiber Optic Cable, et al; First Amended Complaint

18

TEST... ...
...RRY SWALES, ...

**FILED**

JUL 31 2012

IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

LARRY SWALES
Chancery Clerk, Rankin County

RE:   IN THE MATTER OF THE ESTATE OF
EUNICE F. DEAR, DECEASED                    CAUSE NO. 73977

By: _____ D.C.

## LETTERS TESTAMENTARY

THE LAST WILL AND TESTAMENT of EUNICE F. DEAR, late of this County,
deceased, having been duly proven and admitted to record in the Chancery Court thereof,
letters testamentary are hereby issued to BILLY WAYNE DEAR, Executor.

Therefore, the said BILLY WAYNE DEAR is fully empowered and required to
administer all and singular the goods, chattels and credits of the testator in this State and
elsewhere; to take the same into his hands, to ask, levy, recover and receive the same; to
make, if required, a true and perfect inventory or inventories of all the said goods, chattels
and credits which shall come to his hands, possession or knowledge, or into the hands or
possession of any other person or persons, for him; to return into our said Court, if so
ordered by the Court, such inventory or inventories; to make in said Court, if required, a
just and true account or accounts of her actions and proceedings in the premises, and duly
pay and deliver the legacies and devise specified in said Will, so far as said goods, etc.,
may extend, according to the value thereof, and as the law shall charge him; and in all
things, according to law, to exert the rights and perform the duties of the trust conferred
upon him.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal of said
Court, in the City of Brandon, County of RANKIN, Mississippi.

Issued this the 31 day of July, 2012.

Larry Swales, CHANCERY CLERK

By: _____ D.C.

James L. Kelly, Esq.
Kelly Law Office, P.C.
POST OFFICE BOX 1975
BRANDON, MISSISSIPPI 39043
Telephone: (601) 825-6455
MSB# 3557



**EXHIBIT**

**A**

Commencing at the Northeast corner of the SW 1/4
of the SE 1/4 of Section 19, Township 4 North,
Range 2 East and run thence South 535.4 feet to a
point; thence North 89 degrees West 313.2 feet;
thence North 00 degrees and 30 minutes East 179.6
feet to a point, and which point is the point of
beginning of the land herein described; from said
point of beginning run thence North 00 degrees and
30 minutes East 219.5 feet; thence South 88 degrees
West 585 feet to a point on the East R. O. W. line of
U. S. Highway 49, thence Southward along said R. O. W.
line 223 feet; thence South 89 degrees East 514.3
feet to the point of beginning, and all being in the
SW 1/4 of the SE 1/4 of Section 19, Township 4 North,
Range 2 East, LESS AND EXCEPT a 64.2 foot stripp off
the West end thereof, which has been deeded to the
Mississippi Highway Department for a new highway.



EXHIBIT

B

## WARRANTY DEED

BOOK  PAGE 34

FOR AND IN CONSIDERATION of the sum of Ten Dollars
($10.00) cash in hand paid, and other good and valuable
considerations, the receipt and sufficiency of all of which are
hereby acknowledged, we, EUNICE F. DEAR, PATRICIA DEAR FRYANT,
BILLY WAYNE DEAR, ELLIS MILTON DEAR, and SHANNON FAYE DEAR, a
minor, by and through her guardian and next friend, Eunice F.
Dear, pursuant to Chancery Court Decree rendered in cause
number 14,078 on February 23, 1976, hereby convey and warrant
to EUNICE F. DEAR all our interest in the following described
land and property lying and being situated in Rankin County,
Mississippi, to-wit:

Commencing at the Northeast corner of the SW 1/4
of the SE 1/4 of Section 19, Township 4 North,
Range 2 East and run thence South 535.4 feet to a
point; thence North 89 degrees West 313.2 feet;
thence North 00 degrees and 30 minutes East 179.6
feet to a point, and which point is the point of
beginning of the land herein described; from said
point of beginning run thence North 00 degrees and
30 minutes East 219.5 feet; thence South 88 degrees
West 585 feet to a point on the East R. O. W. line of
U. S. Highway 49, thence Southward along said R. O. W.
line 223 feet; thence South 89 degrees East 514.3
feet to the point of beginning, and all being in the
SW 1/4 of the SE 1/4 of Section 19, Township 4 North,
Range 2 East, LESS AND EXCEPT a 64.2 foot stripp off
the West end thereof, which has been deeded to the
Mississippi Highway Department for a new highway.

**EXHIBIT**

**C**

Excepted from the warranty of this conveyance are all
prior mineral reservations, easements, restrictive covenants,
and rights-of-way of record thereunto pertaining.

The said Eunice F. Dear, Patricia Dear Fryant, Billy
Wayne Dear, Ellis Milton Dear and Shannon Faye Dear constitute
all the heirs at law of James Franklin Dear, deceased.

WITNESS our signatures this the _____ day of February,
1976.

_____
EUNICE F. DEAR, INDIVIDUALLY

BOOK 333 PAGE 335

_Eunice F. Dear_
EUNICE F. DEAR, GUARDIAN OF THE ESTATE
OF SHANNON FAYE DEAR, A MINOR

_Patricia Dear Fryant_
PATRICIA DEAR FRYANT

_Billy Wayne Dear_
BILLY WAYNE DEAR

_Ellis Milton Dear_
ELLIS MILTON DEAR

STATE OF MISSISSIPPI
COUNTY OF RANKIN

PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Eunice F. Dear, individually and as Guardian of the
Estate of Shannon Faye Dear, a minor, who acknowledged that she
signed, executed and delivered the above and foregoing instrument
on the day and year therein mentioned.

GIVEN under my hand and official seal of office, this
the _16th_ day of ~~February~~, 1976.
                        March

                                                NOTARY PUBLIC

MY COMMISSION EXPIRES:

STATE OF ~~MISSISSIPPI~~ Nebraska
COUNTY OF _Sarpy_

PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Patricia Dear Fryant who acknowledged that she signed,
executed and delivered the above and foregoing instrument on the
day and year therein mentioned.

GIVEN under my hand and official seal of office, this
the _22nd_ day of ~~February, 1976~~
                     March

                    JERRY E. MORGAN
                    GENERAL NOTARY
                    State of Nebraska
                    My Commission Expires
                    DECEMBER 8, 1978          NOTARY PUBLIC

MY COMMISSION EXPIRES:

STATE OF MISSISSIPPI
COUNTY OF _Rankin_

PERSONALLY came and appeared before me, the undersigned
authority of law in and for the

COMMISSION EXPIRES:

STATE OF MISSISSIPPI
COUNTY OF _Kishun_

PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Billy Wayne Dear who acknowledged that he signed,
executed and delivered the above and foregoing instrument on the
day and year therein mentioned.

GIVEN under my hand and official seal of office this
the _8th_ day of February, 1976.
          March

                              _Doris B. Brehan_
                              NOTARY PUBLIC

MY COMMISSION EXPIRES:
My Commission Expires September 10 1979

STATE OF MISSISSIPPI

COUNTY OF ~~Rankin~~                    BOOK 333 PAGE 336

     PERSONALLY came and appeared before me, the undersigned authority of law in and for the jurisdiction aforesaid, the within named Ellis Milton Dear who acknowledged that he signed, executed and delivered the above and foregoing instrument on the day and year therein mentioned.

     GIVEN under my hand and official seal of office, this the 16th day of ~~February~~ March, 1976.

                           NOTARY PUBLIC

MY COMMISSION EXPIRES:

My Commission Expires October 3, 1978.

'76

RANKIN COUNTY, MISS.
THIS INSTRUMENT WAS
FILED FOR RECORD

IRL DEAN RHODES, CHY. CLK.

BY _____ D.C.

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED                                                 **PLAINTIFFS**

VS.                                                              CAUSE NO.   **13-380**

ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC ; AT&T
MOBILITY, LLC; WINDSTREAM MISSISSIPPI, LLC; UNKNOWN DEFENDANTS
ONE, TWO AND THREE
                                                                        **DEFENDANTS**

PLAINTIFFS FIRST SET OF INTERROGATORIES; REQUESTS FOR ADMISSIONS
AND PRODUCTION OF DOCUMENTS PROPOUNDED TO AT&T MOBILITY and to
WINDSTREAM MISSISSIPPI, LLC   (served with complaint)

COMES NOW the Plaintiffs, the Estate of Eunice F. Dear and the Wrongful Death
Beneficiaries of Eunice F. Dear, Deceased ("Plaintiff" or "Plaintiffs" hereinafter) and propounds the
following interrogatories, requests for admissions and production of documents to the defendants
AT&T Mobility, LLC ("AT&T" hereinafter) and to Windstream Mississippi, LLC ("Windstream"
hereinafter), and requests that you make your answer fully in writing and under oath, in accordance
with the *Mississippi Rules of Civil Procedure* on discovery.   These discovery requests are
continuing in nature and require that you immediately supplement your answers in accordance with
the *Mississippi Rules of Civil Procedure* should you obtain supplemental, additional or different
information after your initial answers and response to these and other discovery request(s).

COMMON TERMS; DEFINITIONS AND INSTRUCTIONS

1.      The term "you" or "your" refers to the named Defendant these discovery requests

were served upon, your attorney, or any other respective agent, affiliate or representative of the

defendant.

2.      The term "defendant" refers to the entity these discovery requests were served upon

1

**AND** any representative(s) or agent(s) of yours who have an interest in this litigation and/or who are responding or assisting in responding to these discovery requests on your behalf. The term "plaintiff" refers to the Estate of Eunice F. Dear and the Wrongful Death Beneficiaries of Eunice F. Dear, deceased, or Eunice F. Dear, or Billy Dear, or any of them, depending upon the context in which the term "plaintiff" is being used.

3. When used with reference to a person, "identify" or "identity" means to give that person's **name, residence address, business address, telephone number, occupation, employer and that person's relation and or affiliation with you.** When used in reference to an entity, "identify" or "identity" means to specify the corporate, partnership, llc or other legal name of the entity **and the** name the entity normally conducts business in, **the state of incorporation, and** the business address and telephone number of its principal place of business.

4. When used with reference to a document or other tangible item, "identify" or "identity" means to describe that item, state the name and address of the one who prepared or produced the item, the date it was prepared or produced, and the present location of the original item. Attach the original or an exact duplicate of the entire identified document as an exhibit to your response or state in detail why you fail to do so.

5. "Document" is used in its broadest sense and means all originals, identical and non-identical copies of any papers, books, accounts, writings, drawings, graphs, charts, photographs, electronic or videotape recordings, other data compilations from which information can be obtained and translated, if necessary, by you through detection devices into reasonably usable form, and any other tangible things which constitute or contain matters relevant to the subject matter in this cause of action. If a document identified in a particular request involves

2

a magnetic record, identify the format of the recording and the type of system required to reproduce or playback the recording.

6.      When asked to identify any "statement" or "communication", the request pertains to written or oral, verbal or non-verbal assertions whether previously recorded or not and you should state the subject of the communication; the place where it was made; the name, address and phone number of each person who participated in the communication; the name, address and phone number of each person who was present at the time it was made; by whom each person present and or participating was employed; who each identified person represented or purported to represent at the time the communication was made; the nature and substance of each document or other recording pertaining to the communication, the physical local of each such document or recording and the name, address and phone number of it's custodian.

7.      For each document produced in response to a request or interrogatory, indicate on the document the numbered request(s) and sub-part(s) of the request or interrogatory to which it relates or responds.

8.      If anything is deleted from a document produced, list:

a) the reason for the deletion; and,

b) the subject matter of the deletion

9.      If any document or answer is withheld under claim of privilege, furnish a list identifying:

a) each document for which the privilege is claimed, together with:

i) date of creation; ii) sender; iii) recipient(s) and or intended recipient(s) of original and copies;

3

iv) subject of document; v) name, address and phone number of the custodian of the document and each copy thereof; and

b) the number of the interrogatory or other request to which the withed answer or document pertains; and

c) the factual and legal basis upon which the privilege is claimed.

10. If you do not supply documents in response to a request or interrogatory, identify the document in question, state in full why the document(s) will not be supplied, and state what efforts have been made to locate the documents requested. If you refuse to admit categorically and without equivocation any request for admission, state in full the complete factual and legal basis for your refusal, given the requirements of M.R.C.P. 11, 26, 34 and 36.

11. The term "Dear", refers to Eunice F. Dear, now deceased, and/or her estate, depending upon the context in which it is used.

12. The terms "subject property" or "estate property" or "property of Eunice F. Dear" are synonymous and refer to that real estate described in exhibit "B" to the complaint filed herein.

13. The term "equipment" refers to a fiber optic cable or conduit or other related apparatus or hardware  intended for use in the cellular or communications industry.

14. The term "tower site" refers to a vertical communications structure (cell tower) existing at or about 2576 Hwy 49 South, Florence, MS.

space intentionally left blank

## **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

TO:      Each separate defendant, AT&T and Windstream:

      Now comes the Plaintiff in the above styled and numbered cause, and in order to simplify the issues for the trial of this cause makes the following Request for Admissions of Fact under the Mississippi Rules of Civil Procedure, and demands that the defendant specifically admit under oath or deny under oath the following facts. The defendant is hereby further advised that a failure to specifically answer any request or an evasive answer to any request will be taken as an admission of truth of such request. A true and correct copy of these requests is being delivered to the Clerk of the Court for filing herein. The facts which you are requested to admit or deny are as follows:

**Request No.1**:      Admit that Plaintiff is the owner of that property described in exhibit "B" attached to the complaint.

**Request No.2**:      Admit that you are not the owner of that property described in exhibit "B" to the complaint.

**Request No.3**:      Admit that the property described in exhibit "B" to the complaint has a street address of 2606 Highway 49 South, Florence, MS 39073.

**Request No.4**:      Admit that the cell tower at issue is located on the lot adjacent (next door) to the Plaintiff's property described in exhibit "B" to the complaint.

**Request No.5**:      Admit that Chancellor Funeral Home, LLC has an address of 2576 Hwy 49 South, Florence, MS 39073 and is located adjacent (next door) to the Plaintiff's property described in exhibit "B" to the complaint.

**Request No. 6.**      Admit that you have no interest in, including no right of ingress or egress over that property described in exhibit "B" to the complaint.

**Request No. 7.**      Admit that Defendant Chancellor Funeral Home, LLC has its principal place of business within the State of Mississippi.

**Request No. 8.**      Admit that Defendant Chancellor Funeral Home, LLC has an interest in an easement which is used for access to and connecting to the tower site.

**Request No. 9.**      Admit that an easement exists in Florence, MS, at or about 2576 Hwy 49 South, running perpendicular to Highway 49, which allows some of the Defendants named herein to place cable and/or other equipment thereon.

5

**Request No. 10.**        Admit that the easement referred to in admission request number 9. above is located on the property having a street address of 2576 Hwy 49 South, Florence, MS 39073.

**Request No. 11.**        Admit that the principal place of business of Defendant Chancellor Funeral Home is located at 2576 Hwy 49 South, Florence, MS 39073.

**Request No. 12.**        Admit that Defendant Chancellor Funeral Home, LLC conducts business at 2576 Hwy 49 South, Florence, MS.

**Request No. 13.**        Admit that the easement referred to in admission request number 9. above runs along or across the land of Chancellor Funeral Home, LLC.

**Request No. 14.**        Admit that an easement exists which allows placement of cable related to the subject tower site.

**Request No. 15.**        Admit that the easement referred to in admission request number 14. above runs along or across the land of Defendant Chancellor Funeral Home, LLC, on Highway 49 in Florence, MS.

**Request No. 16.**        Admit that Chancellor Funeral Home, LLC is a proper party to this litigation.

**Request No. 17.**        Admit that you have been served with sufficient service of process.

**Request No. 18.**        Admit that venue is proper in Rankin County Mississippi.

**Request No. 19.**        Admit that you conduct business in Rankin County Mississippi.

**Request No. 20.**        Admit that you do not have an easement, or an interest in an easement which runs across the land of Eunice F. Dear or her estate.

**Request No. 21.**        Admit that no easement exists which allows the placement of fiber-optic cable, conduit or other cell tower related equipment on or across the land of Eunice F. Dear or her estate.

**Request No.22.**        Admit that during the year 2012, you and/or your agent or your employee placed a cable on or across the land of Eunice F. Dear located in Rankin County Mississippi.

**Request No.23.**        Admit that during the year 2012, Defendants named herein other than you placed a cable on or across the land of Eunice F. Dear located in Rankin County Mississippi.

**Request No. 24.**    Admit that jurisdiction is proper in the Chancery Court of Rankin County Mississippi.

**Request No. 25.**    Admit that Defendant MTCA has an interest in the easement which allows placement of cable related to the subject tower site.

**Request No. 26.**    Admit that Defendant MTCA is a proper party to this litigation.

**Request No. 27.**    Admit that a wooden fence runs along the property line between the Plaintiff's property located at 2606 Highway 49 South, Florence, MS 39073 and the property of Defendant Chancellor Funeral Home, LLC located at 2576 Hwy 49 South, Florence, MS.

**Request No. 28.**    Admit that during or about the months of April or May, 2012 a fiber optic cable or conduit or similar type equipment was placed along the south side of the fence referred to in admission request no. 27 above.

**Request No. 29.**    Admit that during or about the months of April or May, 2012 you (including your employee or agent) placed a fiber optic cable or conduit or similar type equipment along the south side of the fence referred to in admission request no. 27 above.

**Request No. 30.**    Admit that during or about the months of April or May, 2012 a fiber optic cable or conduit or similar type equipment was placed along the south side of the fence referred to in admission request no. 27 above, upon the land of Eunice F. Dear.

**Request No. 31.**    Admit that during or about the months of April or May, 2012, you (including your employee, contractor or agent) placed a fiber optic cable or conduit or similar type equipment along the south side of the fence referred to in admission request no. 27 above, upon the land of Eunice F. Dear.

space intentionally left blank

## PLAINTIFF'S FIRST INTERROGATORIES TO ALL DEFENDANTS

TO:    Each separate Defendant, AT&T and Windstream

1.    Identify yourself.

2.    Identify by full name, address and present employment each and every person assisting in answering these interrogatories or requests for admissions or production of documents.

3.    Give a detailed explanation of the reasons, circumstances and factual basis for every denial of each request for admission submitted by the plaintiff and denied by you, the defendant.

4.    Give a detailed explanation of the reasons, circumstances and factual basis for every denial of each allegation in the complaint denied by the defendant.

5.    State the name and address of each person, including experts, having any knowledge of any discoverable information related to the subject of the complaint herein.

6.    State the name and address of any potential party to this lawsuit, not already a party hereto; and state why that person or entity should be named as a party.

7.    State the name, address and qualifications of each expert whom you expect to call as an expert witness at the trial of this case, the subject matter concerning which the expert expects to testify, the basis of his or her opinion, and attach a copy of any report, including factual observations and opinions, which has been prepared by any such expert concerning this matter.

8.    Describe any insurance policy or agreement under which any insurance business or carrier may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name and address of the insurer, the policy number(s), the name of the insured(s) and the amount of any insurance coverage.

9.    Give the content of any written or oral statement, given by you, your agent or employee, prior to this complaint being filed, to any insurance investigator or agent, or other investigator or to any other party named in this complaint, in relation to the easement, lack of easement, or cable at issue, and include the date such statement was made and to whom it was given.

10.    Identify each and every person you may call as a witness at the trial of this cause.

11.    Identify each and every document you may introduce into evidence at trial.

8

12.     Identify, by name, address and telephone number, the individuals who were on site and or participated in the installation of the fiber optic cable/conduit/equipment at issue. (This includes supervisors and crew members.)

13.     Give the exact date(s) of the physical installation of the cable/conduit/equipment at issue.


## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO ALL DEFENDANTS

TO:     Each Separate Defendant, AT&T and Windstream

        Plaintiff hereby requests pursuant to the Mississippi Rules of Civil procedure, that the defendant produce the following documents and records:

1.      Any and all photographs, diagrams or other documents that you may use at the trial of this cause.

2.      Any and all expert reports, concerning this matter, which have been or will be obtained from any expert.

3.      A copy of any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy or errors and omissions policy or malpractice insurance covering you.

4.      Copies of any and all statements previously made by you and/or any other person concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by any party hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by any person..

5.      Any and all drawings, maps, sketches, blueprints or the like of the tower site and/or relevant easement which you generated, viewed, referred to or relied upon prior to the installation of the fiber optic cable at issue.

6.      Any and all deeds, easements, contracts and/or legal descriptions related to the tower site and/or relevant easement which you generated, viewed, referred to or relied upon prior to the installation of the fiber optic cable at issue.

7.      A copy of any document or notation, post, entry or communication which contains or may lead to discoverable information.

8.      A copy of any document, photograph, recording, notation or thing which you may use for

9

illustrative purposes at trial, or introduced for identification or evidence at trial.

9.   A statement of all amounts paid by you or received by you, from January 01, 2012 to December 31, 2012 which were related to the easement connected to the subject tower site. (This would include payments made or received regarding the rights conveyed in the easement itself, and, income derived from the cell tower (or property connected thereto) to which the easement connects. Specify whether the amounts reported were received by you or paid by you and whether the payment was for the easement itself, or for services, fees or royalties which the easement facilitated or otherwise made possible.

10.  A print out of each and every email or text message or other electronically stored information or communication authored, sent or received by you between the dates of January 01, 2012 and September 19, 2012 regarding the procuring or placement of any easement or rights, or cable or conduit relevant to the subject tower site.

11.  A print out of each and every correspondence, Facebook post, message or comment, MySpace post, message, or comment, Youtube video, message or comment or Twitter tweet or email or text message, or any other form of electronic communication, which you have authored, originated, sent or received, from January 01, 1990 until September 19, 2012 that mention the name "Eunice Dear" or "Eunice F. Dear", or, "Bill Dear" or "Billy Dear" or had anything to do with, Eunice F. Dear, or Billy Dear, either directly or indirectly.

12.  Any and all drawings, maps, sketches, blueprints or the like of the tower site and/or relevant easement which you generated, viewed, referred to or relied upon for the installation of the fiber optic cable at issue. (State the source and/or author or generator of any such document produced.)

Plaintiff requests that defendant produce and give complete sworn answers and compliance to the requests for admissions, interrogatories and production of documents submitted to the defendant this date, according to the Mississippi rules of Civil Procedure.

Further, the undersigned counsel hereby certifies that the foregoing discovery requests were attached to and did accompany the first amended complaint filed herein when such complaint was served upon Defendants AT&T and Windstream.

This the 1/ Day of March, 2013.

By: _____
     JAMES L. KELLY
     Attorney for the Plaintiff

Kelly Law Office, P.C.
202 East Government Street
Brandon, MS 39042
Telephone: 601-825-6455
Facsimile: 601-825-6552

Billy Dear et al. v. One Fiber Optic Cable, et al; Rankin County Chancery Court

10

Justice FOREVER

James L. Kelly, Esq.
Kelly Law Office, P.C.
202 E. Government Street
Brandon, MS 39042

Kelly Law Office, P.C.
P.O. Box 1975
Brandon, MS 39042

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**BILLY DEAR, Et al.**                                        **PLAINTIFFS**

**VS.**                                        CAUSE NO. 13 - 38D

**ONE FIBER OPTIC CABLE; Et al.**                    **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI, COUNTY OF RANKIN

THE BELOW NAMED OUT OF STATE DEFENDANT IS HEREBY SUBJECT TO PROCESS OF THIS COURT BY SUMMONS , TO WIT:

> **Chancellor Funeral Home, LLC**
> att: Fred W. Chancellor
> 2576 Highway 49 South  Florence, MS 39073

**NOTICE TO DEFENDANT:** THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to the plaintiffs' attorney whose name and address are shown below.  Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the injunctive relief, damages or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 28 day of February, 2013.

> Larry Swales
> Chancery Clerk of Rankin County
> Post Office Box 700
> Brandon, Mississippi  39043
>
> By: _L. M. [signature]_

**James L. Kelly, Esq.**
**Kelly Law Office, P.C.**
**202 East Government Street**
**Brandon, Mississippi 39042**
**Telephone: (601)825-6455**
**Attorney for the Plaintiff**

PROOF OF SERVICE-SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.  By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

_____ PERSONAL SERVICE.  I personally delivered copies to _____ on the _____ day of _____, 2013, where I found said person(s) in _____ county of the State of Mississippi.

_____ RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person within_____ county, (state).  I served the summons and complaint on the _____ day of _____, 2013, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter, or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2013, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: [*Please print or type*]

Name _____
Social Security No. (LAST FOUR DIGITS) _____
Address _____
_____
Telephone No. _____

State of MISSISSIPPI
County of Rankin

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service- Summons" are true and correct as therein stated.

_____
Process Server (Signature)

Sworn to and subscribed before me this the _____ day of _____, 2013.

_____
Notary Public

(Seal) My Commission Expires: _____

FILED

MAR 11 2013

LARRY SWALES
Chancery Clerk, Rankin County
D. In Bk._____ Pg._____

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED                                    **PLAINTIFFS**

VS.                                          CAUSE NO.   13-380

ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC ; AT&T
MOBILITY, LLC; WINDSTREAM MISSISSIPPI, LLC; UNKNOWN DEFENDANTS
ONE, TWO AND THREE
                                                             **DEFENDANTS**

### FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

NOW COMES Billy Dear, executor of the Estate of Eunice F. Dear, on behalf of said estate,

and on behalf of the individual devisees of the Last Will and Testament of Eunice F. Dear, deceased,

and on behalf of the wrongful death beneficiaries of Eunice F. Dear, and in his individual capacity,

collectively "Plaintiff" or "Plaintiffs" hereinafter, pursuant to M.R.C.P. 15(a), no responsive

pleading having been filed, and files this first amended complaint for injunctive relief and damages,

to wit:

### PARTIES

1.      Plaintiff Billy Dear is an adult resident citizen of Rankin County, Mississippi. Billy Dear has

authority to bring this action on behalf of the Estate of Eunice F. Dear, Deceased, and on

behalf of the individual devisees of the Last Will and Testament of Eunice F. Dear, by way

of LETTERS TESTAMENTARY having been issued unto him IN THE MATTER OF THE

1

ESTATE OF EUNICE F. DEAR, DECEASED, Rankin County Chancery Court Cause No. 73977. A copy of said Letters Testamentary is attached hereto and incorporated herein as exhibit "A".

2.     The Plaintiff Estate of Eunice F. Dear possesses and owns certain real property situated in Rankin County Mississippi located at 2606 Hwy 49 South, Florence, Mississippi, a more complete description being attached hereto and incorporated herein as exhibit "B".

3,     The Plaintiff individual devisees of the Last Will and Testament of Eunice F. Dear, joint owners of the said property situated in Rankin County Mississippi described in exhibit "B" are named in the Last Will and Testament of Eunice F. Dear, which has been admitted to probate in Rankin County Chancery Court, Cause No. 73977 . They are: Patricia Dear Fryant; Shannon Nipper (formerly Shannon Faye Dear); Ellis Milton Dear and Billy Wayne Dear.

4,     The wrongful death beneficiaries of Eunice F. Dear are the natural children of Eunice F. Dear and are limited to being the same persons as the individual devisees of the Last Will and Testament of Eunice F. Dear, namely Patricia Dear Fryant; Shannon Nipper (formerly Shannon Faye Dear); Ellis Milton Dear and Billy Wayne Dear.

5,     Defendant Res  "One Fiber-Optic Cable" is a certain apparatus/conduit and hardware configuration currently situated upon the real property of the Plaintiff situated in Rankin County Mississippi, approximately 200 feet in length,  wrongfully placed or caused to be placed there by the other Defendants herein.  Plaintiffs seek compensation for the cable and or other "equipment" of the other defendants being wrongfully placed on Plaintiff's real estate and remaining there to this day and/or both removal of the Defendant cable from said

2

real estate and such compensation.

6.    Defendant, Crown Castle South LLC, "Crown" hereinafter, is a  foreign limited liability corporation (Delaware), having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, and whose principal place of business is located at 1220 Augusta Drive, Suite 500, Houston, TX 77057 ,and whose agent for service of process is CT Corporation, located at  645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

7.    Defendant, MasTec, Inc. ("Nsoro" hereinafter), is a limited liability corporation, having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, whose address is 800 Douglas Road-Penthouse, Coral Gables, Florida, 33134.

8.    Defendant, SES Construction Consulting Group, Inc., "SES" hereinafter, is a foreign corporation (Louisiana) with sufficient ties to the State of Mississippi, conducting business within the State of Mississippi, whose principal place of business is located at 2701 Ridgelake Drive, Metairie, LA 70002, whose registered agent, Randy Farrell, may be served with process at said address and/or at 4001 West Esplanade Avenue, Metairie, LA, 70002.

9.    Defendant Chancellor Funeral Home, LLC is a Mississippi limited liability company whose principal place of business is located at 2576 Highway 49 South in Florence, Rankin County Mississippi where its agent for service of process, Fred W. Chancellor, may be served with process of the court.

10.   Defendant Chancellor Funeral Home, LLC is a necessary party to this litigation as matters regarding ingress and egress and  improvements to real estate Chancellor Funeral Home, LLC has an interest in are at issue and will be determined by the Court. Chancellor Funeral Home, LLC has been unjustly enriched, by receiving the benefits of an easement running

3

across its property, while the burdens of the easement have fallen upon the Plaintiff.

11. Defendant MCTA Cellular Partnership "MCTA", is a Mississippi general partnership with its principal place of business being located at 121 South Congress Street, No. 1230, Jackson, MS 39201. MCTA is a necessary party to this litigation in that property rights it enjoys may be affected by this litigation.

12. Defendant, BlueWave Deployment, LLC , "Bluewave" hereinafter, is a foreign limited liability company (Michigan), having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, whose principal place of business is located at 2527 Nelson Miller Pkwy, Suite 106, Louisville, KY 40223-3161 , where its president and agent for service of process is located.

13. Unknown Defendants 1, 2, and 3 are individuals or entities unknown to the Plaintiff at this time who have not been identified after due diligence, who were and remain jointly responsible for the harm and damages the Plaintiffs have and continue to suffer.

14. Defendant AT&T Mobility, LLC, "AT&T" hereinafter, is a Delaware limited liability company doing business within the state of Mississippi, whose principal office address is 1025 Lenox Park Blvd. NE, Atlanta, GA 30319 and whose agent for service of process is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

15. Defendant Windstream Mississippi, LLC, "Windstream" hereinafter, is a Delaware limited liability company doing business within the State of Mississippi, whose local address is 101 Lewis Street, Florence, MS 39073 and whose principal office address is 1209 Orange Street, Wilmington DE 19801 and whose agent for service of process is CT Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood MS 39232.

4

16.   Some Defendants have been uncooperative in sharing information with the Plaintiff prior to

complaint being filed,  therefore, as discovery progresses, amendments may be necessary to

insure proper alignment of parties.

## JURISDICTION AND VENUE

17.   This Court has jurisdiction over matters of equity, injunctive relief and matters regarding real

estate.  Further:

**Th[is] court in which a will may have been admitted to probate, letters of administration granted, or a guardian may have been appointed, shall have jurisdiction to hear and determine all questions in relation to the execution of the trust of the executor... and shall have jurisdiction of all cases in which bonds or other obligations shall have been executed in any proceeding in relation to the estate, or other proceedings, had in said chancery court, to hear and determine upon proper proceedings and evidence, the liability of the obligors in such bond or obligation, whether as principal or surety, and by decree and process to enforce such liability.**
Miss. Code § 9-5-83 (1972).

**And in addition to the jurisdiction heretofore exercised by the chancery court in suits to try title and to cancel deeds and other clouds upon title to real estate, it shall have jurisdiction in such cases to decree possession, and to displace possession; to decree rents and compensation for improvements and taxes; and in all cases where said court heretofore exercised jurisdiction, auxiliary to courts of common law, it may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted or the legal title established by a suit at law.   Miss. Const. § 160.**

The Chancery Court of Rankin County Mississippi has exclusive jurisdiction of this

decedent's estate, which includes the decedent's real and personal property at the time of her

death.  At the time of her death, Eunice F. Dear had in her possession a certain tract of real

property located in Rankin County Mississippi further described in attached exhibit "B".  On

such property, defendants had placed, conspired to place and/or caused to be placed a fiber-

optic cable without the permission of Eunice F. Dear.  Therefore, prior to her death, Eunice

F. Dear possessed a fiber-optic cable on her property (placed there by several of the

5

defendants) and she owned an interest in such cable. Thus, the cable itself and any rents or royalties emanating therefrom which Eunice F. Dear was entitled and which accrues to this day, were initially and remain part of the Estate of Eunice F. Dear, property under the exclusive jurisdiction of the Rankin County Chancery Court, a probate court of the State of Mississippi.

18.    Venue is proper in Rankin County Mississippi in that the concerned real estate is located in Rankin County Mississippi; the Defendant  res cable is located in Rankin County Mississippi; Defendant Chancellor Funeral Home, LLC operates a place of business in Rankin County Mississippi upon which grounds the subject cable should have been placed; the operative facts underlying this complaint occurred in Rankin County Mississippi and, an Estate concerning the said real estate, and the heirs of Eunice F. Dear has been opened in Rankin County Mississippi, in this Court.  Billy Dear, the executor of the Estate of Eunice F. Dear and  representative of the wrongful death beneficiaries of Eunice F. Dear, is a resident of Rankin County Mississippi.

## OPERATIVE FACTS

19.    Eunice F. Dear, a resident of Rankin County Mississippi,  owned certain real property situated in Rankin County Mississippi, located at 2606 Highway 49 South, Florence, Mississippi, more particularly described as stated in attached exhibit  "B" incorporated herein.

20.    The individual Plaintiffs gain their interest in said property by virtue of being the natural children of Eunice F. Dear, and through the Last Will and Testament of Eunice F. Dear,

6

deceased, which has been admitted to probate in this court.

21. Eunice F. Dear departed this life on June 04, 2012, at the age of 80 years.

22. Eunice F. Dear committed suicide.

23. Prior to the death of Eunice F. Dear, Defendants made plans among each other to run a conduit and fiber optic cable, or some similar device, from a point within a few feet of Highway 49 in Florence, MS to a cellular tower located adjacent to the property of Eunice F. Dear.

24. Defendant AT&T contracted with or otherwise caused Defendants Nsoro and Bluewave to place a conduit "pipe" from a point near Highway 49 South to a cell tower located at or about 2576 Highway 49 S. Florence, MS. Defendants Nsoro and Bluewave were agents of AT&T for the purpose of the said conduit project. The cell tower at issue is located on the lot adjacent to the Plaintiff's real estate.

25. Defendants Nsoro and Bluewave then subcontracted the conduit project to Defendant SES.

26. Defendant SES, while responsible in its own right, was also an agent of Defendants AT&T, Bluewave, and Nsoro for the purpose of the conduit project.

27. Defendant Windstream then placed "pulled" a fiber optic cable through the said conduit which had been placed on the Plaintiff's property.

28. It is believed that Defendant Crown is the owner of the cell tower at issue and its interests may be affected by this litigation.

29. Defendant Bluewave had a responsibility and non-delegable duty to make sure that the conduit and cable were placed on the correct real estate, but failed to uphold that duty.

30. Defendants AT&T, Nsoro, SES and Windstream knew that Eunice F. Dear, prior to the

7

conduit and cable being placed on her property, objected to the conduit and cable being placed upon her property.

31. Plaintiffs have reason to believe that the Defendants had a legal right to run the conduit and cable along an easement which had been granted unto them, or some of them, concerning and across certain property adjacent to the described property of Eunice F. Dear.

32. Upon information and belief, said adjacent property is owned by Defendant Chancellor Funeral Home, LLC.

33. As the conduit and cable were each being installed, Defendant Chancellor knew that the conduit and cable were being wrongfully placed upon the property of Eunice F. Dear, an elderly widow.

34. The Defendants had no easement or other right to enter unto or place any conduit, cable or other object upon the land of Eunice F. Dear.

35. Nonetheless, during or about the months of April and May, 2012, the Defendants placed the conduit housing the fiber optic cable, and the cable itself (collectively "cable" hereinafter), upon and across the land of Eunice F. Dear and/or caused the cable to be so placed, thereby constituting a trespass upon the land of the Plaintiff.

36. Further, Defendants knew that the easement they possessed across the adjacent "Chancellor" property was covered, in whole or in part, by an asphalt driveway/parking lot.

37. Defendants, their agents, employees and/or contractors therefore intentionally (or with gross negligence) trespassed upon the land of Eunice F. Dear (not covered by asphalt), laying their cable upon the land of Eunice F. Dear, in an effort to save themselves time, effort and expense.

8

38.     Defendants had a non-delegable duty to not trespass, to oversee and/or monitor the installation and make sure that the cable was placed on the easement, and not the property next door, but failed to do so, breaching their duty owed to the Plaintiffs. Defendants are directly and vicariously liable for the actions of their agents, employees and alleged independent contractors.

39.     Most if not all Defendants named herein have been aware of the initial and continuing trespass, prior to this complaint being filed, and none have made any offer to rectify the situation.

40.     The described trespass continues to this day.

COUNT I

ACTION TO QUIET TITLE AND FOR INJUNCTIVE RELIEF

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

41.     This Court has exclusive jurisdiction, pursuant to Miss. Code Ann. Section 11-17-31 (1972), to remove clouds from title to real property. Venue is proper, pursuant to Miss. Code Ann. 11-5-1 (1972), as the subject property is located in Rankin County Mississippi.

42.     Plaintiffs are the rightful, exclusive owners of the subject property, having exclusive title thereto. Title is vested in the Plaintiffs as follows, to wit: See attached exhibit "C" incorporated herein, the original thereof being recorded at Book 333 pgs. 334 -336 in the land records of Rankin County Mississippi located in Brandon, Mississippi.

9

43.   Any and all Defendants who procured, own, placed or benefit from the cable as it now sits, posses an interest in the said cable and therefore, by having their cable and/or interest run across the land so situated, are making an adverse claim upon the Estate of Eunice F. Dear and/or the subject real property described in exhibit "B", a substantial asset of the Estate and individual Plaintiffs.

44.   Said adverse claim constitutes a cloud upon the title to the subject real property, the primary res of the estate of Eunice F. Dear, which Plaintiffs seek compensation for and to be removed.

45.   Wherefore, Plaintiffs seek an order that the cloud of apparent adverse possession be removed, and, that the Defendants, for not less than sixty (60) months, pay rents unto the Plaintiff at the rate of $5000.00 per month, whether or not said cable remains on the said land for the entire 60 months and whether or not said cable remains in use or operation for the entire 60 months; or, in the alternative, that the cable be removed from the land immediately and that the Defendants pay unto Plaintiffs a sum equal to all income, rents, royalties or other benefits derived by each of them, directly or indirectly, from the installation, leasing, sub-leasing or other use of said cable and/or the tower to which it connects for a period of time beginning on the day of installation of such cable and terminating on the day the cable is removed from the land of the Plaintiff, in addition, that such Defendants pay unto the Plaintiff reasonable compensation for all damages, costs and fees they have caused Plaintiffs, including reasonable attorneys fees incurred in an effort to have the stated cloud removed.

46.   There is no complete and adequate remedy at law; the injury is substantial and if the relief

10

requested is not granted, the injury suffered by the Plaintiff will be irreparable, being that the Defendants will have stolen the Plaintiffs property.

47.    That neither a preliminary injunction nor temporary restraining order is sought, Plaintiff requests that bond or other security be waived.

48.    Given that injunctive relief is sought as alternative relief, it is requested that a writ not issue but until after a hearing upon the merits is had.

## COUNT II

### Miss.Code § 77-9-715.

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

49.    Plaintiffs claim all damages available under Mississippi Code Section 77-9-715 (1972), including, but not limited to for the permanent continuance of such line and fixtures; for the diminution of value to Plaintiff's real property; for a reasonable percentage of the rents, royalties and/or other income being accessed and/or earned or otherwise derived from the cable or other equipment placed on Plaintiffs property; and for the wrongful death of Eunice F. Dear. The erection, continuance, and use of the cable lines wrongfully placed on the property of Eunice F. Dear caused her great emotional distress, leading to and being the proximate cause of the death of Eunice F. Dear.

## COUNT III

### TRESPASS

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

50.   Defendants, acting alone, and in concert with one another, have each trespassed upon the described land of the Plaintiff and continue to do so by the cable remaining on the Plaintiffs property to this day.

51.   Eunice F. Dear demanded that the Defendants not trespass on her land, but the Defendants wilfully, maliciously and/or with gross negligence and/or reckless disregard to the rights of Eunice F. Dear and the Plaintiffs, persisted in their trespass.  After being notified by legal counsel for the Estate that the trespass continues, the Defendants continue in their trespass, forcing this complaint to be filed.

52.   Plaintiffs seek compensatory damages due to the stated trespass including, but not limited to, the diminution of the use and value of the land, for a reasonable percentage of the rents, royalties and/or other income being accessed and/or earned or otherwise derived from the cable placed on Plaintiffs property; and for the wrongful death of Eunice F. Dear, punitive damages, and reasonable attorneys fees.

### COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

All preceding and following averments not inconsistent with this count are

12

incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

53.   Eunice F. Dear suffered severe mental anguish and emotional distress as the result of the Defendant's actions and intentional trespass. The said emotional distress of Eunice Dear was a reasonably foreseeable result of the defendant's conduct. The defendant's conduct was malicious, intentional, willful, wanton, grossly careless, indifferent and/or reckless to the rights of Eunice F. Dear, causing severe psychological and emotional distress to Eunice F. Dear. Said conduct of Defendants was so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community. Alternatively, defendants negligently inflicted severe emotional distress upon Eunice F. Dear.

### COUNT V

### UNJUST ENRICHMENT

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

54.   All Defendants, corporate and individual, named and currently unnamed, have been unjustly enriched by the wrongful taking of the Plaintiff's described land, by contracting with one another and making and receiving payments to and from one another to place the cable

13

and/or other equipment there without authority to do so, and by the trespassory placing upon the Plaintiff's land certain equipment wherefrom rents, royalties and other streams of income have and continue to be derived to this day. Some of the Defendants continue to be unjustly enriched to this day by continuing to receive payments earned directly, or indirectly from the cable and/or other equipment as defined herein being placed on the Plaintiff's property. Additionally, defendant Chancellor Funeral Home, LLC, was unjustly enriched by not having its parking area disrupted and thus, business operations not being disrupted. Chancellor Funeral Home knew that the cable was being wrongfully placed upon the property of its neighbor, Eunice F. Dear, an elderly widow, yet did nothing to help correct the error. Chancellor Funeral Home would have experienced a substantial disruption of business operations had the cable been placed along the easement which runs along the Chancellor Funeral Home property. Chancellor Funeral Home, LLC, has thus benefitted from the easement which runs along its property, whereupon the cable should have been placed, yet the burdens of the easement have fallen upon the Plaintiffs. Plaintiffs seek from Chancellor Funeral Home, LLC, compensation and damages in an amount not less than the value of the benefit it has derived from the said easement (payments it has received for the easement) and the value of not having the said cable placed upon his land.

From defendants other than Chancellor Funeral Home, LLC, Plaintiffs seek the reasonable value of a perpetual monthly easement for the wrongful taking which has effectively occurred, for so long as the conduit and cable remains on the Plaintiff's property, but in no event for not less than sixty (60) months, whether or not the owners of the cable opt to remove the cable from Plaintiff's land prior to the expiration of sixty (60) months.

14

Plaintiffs would not have leased its land for less than sixty (60) months, nor conveyed a permanent easement for less than reasonable value as determined by the Plaintiffs.

## COUNT VI

## WRONGFUL DEATH

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

55. This cause of action for wrongful death is brought pursuant to Miss. Code Section 11-7-13 (1972) as amended.

56. Defendants had a duty to not trespass upon the lands of Eunice F. Dear and/or to not cause others to trespass upon the lands of Eunice F. Dear. Additionally, Defendant(s) had a duty to behave in a reasonably prudent manner and as a reasonable prudent person or corporate entity would under the same or similar circumstances. Defendant(s) however breached each of those stated duties, and others, by placing their equipment upon the Plaintiff's property at a place where it was obviously on the Plaintiff's property, and, at a location where Defendants obviously had no right to place the equipment.

57. Bodily and psychological harm to Eunice F. Dear was a foreseeable result of the Defendant's breach of duty.

58. Defendants joint and concerted agreements, actions, gross negligence and reckless disregard for the rights of Eunice F. Dear, proximately caused the death of Eunice F. Dear. Eunice F. Dear was elderly, living alone and frail. She was aware of the Defendants' trespass and

15

made efforts to advise the Defendants that they were trespassing upon her property and demanded their departure. Defendants knew that Eunice F. Dear was upset by the fact of their trespass. Nonetheless, the Defendants ignored her request, and continued in their trespass. But for the Defendants continuing trespass, Eunice F. Dear would not have committed suicide.

59. As a direct result of Defendant's negligent, grossly negligent or reckless or intentional conduct, Plaintiffs have suffered numerous personal injuries, including but not limited to the pain and suffering of Eunice F. Dear; loss of the life of Eunice F. Dear; Eunice F. Dear's loss of enjoyment of her life; the loss of companionship and society of Eunice F. Dear; funeral expenses and all other damages of every kind recoverable by law including, but not limited to punitive damages, costs and expenses of bringing and prosecuting this action and reasonable attorneys fees. Plaintiffs seek from all such Defendants (excluding MCTA and Chancellor Funeral Home, LLC (at this point in time)) damages for such wrongful death of Eunice F. Dear.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff seeks judgment from the Court that all equipment ("equipment" being defined as any tower, antennae, cable, conduit, line or any other thing of value connected thereto) of the Defendant(s) be removed from the property of the Plaintiff; and, that Defendants pay onto the Plaintiff damages within the jurisdictional limits of this Court, for and in an amount including, but not limited to the reasonable value of all rents, fees and royalties that should have been paid unto Eunice F. Dear and/or her estate due to the Defendants, or any one of them, using or enjoying the use of her property and/or the property of the Estate of

16

Eunice F. Dear as described herein, beginning from the time such use began until all such "equipment" of the Defendant(s) are removed from the Estate property, said calculation of damages, in no event, to be based on a period of time of not less than sixty (60) months in duration.

Alternatively, Plaintiff demands that Defendants pay unto Plaintiff the greater of any and all income (gross receipts) ever obtained by them, either directly or indirectly, from the placement of the Defendant's equipment on the Plaintiff's property, or, the rents that should have been paid by said Defendants to Eunice F. Dear and/or her estate; and in addition, that all such "equipment" on the property of the Plaintiff be determined by the Court to be the property of the Plaintiff and an order issue to that effect.

Alternatively, that the Defendants pay unto the Plaintiff all damages as contemplated by M.C.A. Section 77-9-715 (1972) and that such equipment remain the property of the Defendants.

Further, the Plaintiff Estate of Eunice F. Dear seeks removal of a cloud on the title to its land described herein, being the Defendant's adverse possession.

Plaintiff seeks actual and punitive damages for the intentional and/or negligent infliction of emotional distress caused by Defendants upon Eunice F. Dear.

Plaintiff seeks damages for the unjust enrichment Defendants have enjoyed from the placement of the equipment on the Plaintiff estate's property.

Plaintiff seeks actual and punitive damages for the wrongful death of Eunice F. Dear.

Plaintiff seeks actual and punitive damages from all Defendants who were responsible for, in whole or in part, the intentional or grossly negligent trespass upon the property of Eunice F. Dear and the continuing trespass upon the Estate of Eunice F. Dear.

17

Plaintiff demands that Defendants pay all costs of court, fees associated therewith and attorney's fees incurred by the Plaintiff in bringing this complaint.

Plaintiff requests any combination of the above requested remedies and any such other general relief Plaintiff has failed to demand, as the Court should determine to be fair, just and equitable.

*Billy Dear*

Billy Dear, individually and as executor for the Estate of
Eunice F. Dear, and as representative
of the wrongful death beneficiaries of Eunice F. Dear.

### AFFIDAVIT

State of Mississippi
County of Rankin

Personally appeared Before Me, the undersigned authority in and for said county and State, Billy Dear, who being by me first duly sworn, stated on oath that the matters and facts set forth in the above and foregoing Complaint for Injunctive Relief and Damages are true and correct as therein stated.

Sworn to and subscribed before me, this the _11_ Day of March, 2013.

*Monica B. Baldwin*

NOTARY PUBLIC

My Commission Expires: _____

Submitted this the _11_ day of March, 2013.

James L. Kelly, legal counsel for the Plaintiff

James L. Kelly M.S.B. No. 3557
Kelly Law Office, P.C.
202 East Government Street
Brandon, MS 39042
Telephone: 601-825-6455

Billy Dear, et al. v. One Fiber Optic Cable, et al; First Amended Complaint

18

TEST. ~~~~ SWALES, Chancery ~

~RRY SWALES, Chancery ~

~y ~~~~~

IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

RE:   IN THE MATTER OF THE ESTATE OF
EUNICE F. DEAR, DECEASED

FILED

JUL 3 1 2012

LARRY SWALES
Chancery Clerk, Rankin County

CAUSE NO. 73977

## LETTERS TESTAMENTARY

THE LAST WILL AND TESTAMENT of EUNICE F. DEAR, late of this County, deceased, having been duly proven and admitted to record in the Chancery Court thereof, letters testamentary are hereby issued to BILLY WAYNE DEAR, Executor.

Therefore, the said BILLY WAYNE DEAR is fully empowered and required to administer all and singular the goods, chattels and credits of the testator in this State and elsewhere; to take the same into his hands, to ask, levy, recover and receive the same; to make, if required, a true and perfect inventory or inventories of all the said goods, chattels and credits which shall come to his hands, possession or knowledge, or into the hands or possession of any other person or persons, for him; to return into our said Court, if so ordered by the Court, such inventory or inventories; to make in said Court, if required, a just and true account or accounts of her actions and proceedings in the premises, and duly pay and deliver the legacies and devise specified in said Will, so far as said goods, etc., may extend, according to the value thereof, and as the law shall charge him; and in all things, according to law, to exert the rights and perform the duties of the trust conferred upon him.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal of said Court, in the City of Brandon, County of RANKIN, Mississippi.

Issued this the 3 1 day of July, 2012.

Larry Swales, CHANCERY CLERK

By: ~~~~~ D.C.

James L. Kelly, Esq.
Kelly Law Office, P.C.
POST OFFICE BOX 1975
BRANDON, MISSISSIPPI 39043
Telephone: (601) 825-6455
MSB# 3557

EXHIBIT

A

Commencing at the Northeast corner of the SW 1/4
of the SE 1/4 of Section 19, Township 4 North,
Range 2 East and run thence South 535.4 feet to a
point; thence North 89 degrees West 313.2 feet;
thence North 00 degrees and 30 minutes East 179.6
feet to a point, and which point is the point of
beginning of the land herein described; from said
point of beginning run thence North 00 degrees and
30 minutes East 219.5 feet; thence South 88 degrees
West 585 feet to a point on the East R. O. W. line of
U. S. Highway 49, thence Southward along said R. O. W.
line 223 feet; thence South 89 degrees East 514.3
feet to the point of beginning, and all being in the
SW 1/4 of the SE 1/4 of Section 19, Township 4 North,
Range 2 East, LESS AND EXCEPT a 64.2 foot stripp off
the West end thereof, which has been deeded to the
Mississippi Highway Department for a new highway.



EXHIBIT

B

<u>WARRANTY DEED</u>                                   BOOK 283 PAGE 134

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00) cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of all of which are hereby acknowledged, we, EUNICE F. DEAR, PATRICIA DEAR FRYANT, BILLY WAYNE DEAR, ELLIS MILTON DEAR, and SHANNON FAYE DEAR, a minor, by and through her guardian and next friend, Eunice F. Dear, pursuant to Chancery Court Decree rendered in cause number 14,078 on February 23, 1976, hereby convey and warrant to EUNICE F. DEAR all our interest in the following described land and property lying and being situated in Rankin County, Mississippi, to-wit:

> Commencing at the Northeast corner of the SW 1/4 of the SE 1/4 of Section 19, Township 4 North, Range 2 East and run thence South 535.4 feet to a point; thence North 89 degrees West 313.2 feet; thence North 00 degrees and 30 minutes East 179.6 feet to a point, and which point is the point of beginning of the land herein described; from said point of beginning run thence North 00 degrees and 30 minutes East 219.5 feet; thence South 88 degrees West 585 feet to a point on the East R. O. W. line of U. S. Highway 49, thence Southward along said R. O. W. line 223 feet; thence South 89 degrees East 514.3 feet to the point of beginning, and all being in the SW 1/4 of the SE 1/4 of Section 19, Township 4 North, Range 2 East, LESS AND EXCEPT a 64.2 foot stripp off the West end thereof, which has been deeded to the Mississippi Highway Department for a new highway.

**EXHIBIT C**

Excepted from the warranty of this conveyance are all prior mineral reservations, easements, restrictive covenants, and rights-of-way of record thereunto pertaining.

The said Eunice F. Dear, Patricia Dear Fryant, Billy Wayne Dear, Ellis Milton Dear and Shannon Faye Dear constitute all the heirs at law of James Franklin Dear, deceased.

WITNESS our signatures this the _____ day of February, 1976.

_____
EUNICE F. DEAR, INDIVIDUALLY

BOOK 333 PAGE 335

*Eunice F. Dear*
EUNICE F. DEAR, GUARDIAN OF THE ESTATE
OF SHANNON FAYE DEAR, A MINOR

*Patricia Dear Fryant*
PATRICIA DEAR FRYANT

*Billy Wayne Dear*
BILLY WAYNE DEAR

*Ellis Milton Dear*
ELLIS MILTON DEAR

STATE OF MISSISSIPPI
COUNTY OF RANKIN

PERSONALLY came and appeared before me, the undersigned authority of law in and for the jurisdiction aforesaid, the within named Eunice F. Dear, individually and as Guardian of the Estate of Shannon Faye Dear, a minor, who acknowledged that she signed, executed and delivered the above and foregoing instrument on the day and year therein mentioned.

GIVEN under my hand and official seal of office, this the _16th_ day of ~~February~~, 1976.
March

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:
_____

STATE OF ~~MISSISSIPPI~~ Nebraska
COUNTY OF ~~Rankin~~

PERSONALLY came and appeared before me, the undersigned authority of law in and for the jurisdiction aforesaid, the within named Patricia Dear Fryant who acknowledged that she signed, executed and delivered the above and foregoing instrument on the day and year therein mentioned.

GIVEN under my hand and official seal of office, this the _22nd_ day of ~~February~~ 1976.
March

DELLES E. MORGAN
GENERAL NOTARY
State of Nebraska
My Commission Expires
DECEMBER 8, 1976

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:
_____

STATE OF MISSISSIPPI
COUNTY OF Rankin

PERSONALLY came and appeared before me, the undersigned authority of law in and fo...

COMMISSION EXPIRES:                      NOTARY PUBLIC

STATE OF MISSISSIPPI
COUNTY OF Rankin

     PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Billy Wayne Dear who acknowledged that he signed,
executed and delivered the above and foregoing instrument on the
day and year therein mentioned.
     GIVEN under my hand and official seal of office this
the 8th day of ~~February~~ March, 1976.

                               NOTARY PUBLIC

MY COMMISSION EXPIRES:
My Commission Expires September 7, 1977

STATE OF MISSISSIPPI

COUNTY OF Rankin

BOOK 333 PAGE 336

PERSONALLY came and appeared before me, the undersigned authority of law in and for the jurisdiction aforesaid, the within named Ellis Milton Dear who acknowledged that he signed, executed and delivered the above and foregoing instrument on the day and year therein mentioned.

GIVEN under my hand and official seal of office, this the 10th day of February, 1976.
March

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

My Commission Expires October 2, 1978

RANKIN COUNTY, MISS.
THIS INSTRUMENT WAS
FILED FOR RECORD

'76    IN B
IRL DEAN RHODES, CHY. CLK.
BY _____ D.C.

IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS**
**REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES**
**OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,**
**ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE**
**INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT**
**OF EUNICE F. DEAR, DECEASED**                                   **PLAINTIFFS**

**VS.**                                   **CAUSE NO.**  _13-380_

**ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES**
**CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,**
**LLC; MCTA CELLULAR PARTNERSHIP; and BLUEWAVE DEPLOYMENT, LLC**

**DEFENDANTS**

**PLAINTIFFS FIRST SET OF INTERROGATORIES; REQUESTS FOR ADMISSIONS**
**AND PRODUCTION OF DOCUMENTS** (served with complaint)

COMES NOW the Plaintiffs, the Estate of Eunice F. Dear and the Wrongful Death Beneficiaries of Eunice F. Dear, Deceased ("Plaintiff" or "Plaintiffs" hereinafter) and propounds the following interrogatories, requests for admissions and production of documents to the defendants, and requests that you make your answer fully in writing and under oath, in accordance with the *Mississippi Rules of Civil Procedure* on discovery. These discovery requests are continuing in nature and require that you immediately supplement your answers in accordance with the *Mississippi Rules of Civil Procedure* should you obtain supplemental, additional or different information after your initial answers and response to these and other discovery request(s).

COMMON TERMS; DEFINITIONS AND INSTRUCTIONS

1. The term "you" or "your" refers to the named Defendant these discovery requests were served upon, your attorney, or any other respective agent, affiliate or representative of the defendant.

2.      The term "defendant" refers to the entity these discovery requests were served upon **AND** any representative(s) or agent(s) of yours who have an interest in this litigation and/or who are responding or assisting in responding to these discovery requests on your behalf. The term "plaintiff" refers to the Estate of Eunice F. Dear and the Wrongful Death Beneficiaries of Eunice F.

1

"plaintiff" refers to the Estate of Eunice F. Dear and the Wrongful Death Beneficiaries of Eunice F. Dear, deceased, or Eunice F. Dear, or Billy Dear, or any of them, depending upon the context in which the term "plaintiff" is being used.

3. When used with reference to a person, "identify" or "identity" means to give that person's **name, residence address, business address, telephone number, occupation, employer and that person's relation and or affiliation with you.** When used in reference to an entity, "identify" or "identity" means to specify the corporate, partnership, llc or other legal name of the entity **and the** name the entity normally conducts business in, **the state of incorporation, and** the business address and telephone number of its principal place of business.

4. When used with reference to a document or other tangible item, "identify" or "identity" means to describe that item, state the name and address of the one who prepared or produced the item, the date it was prepared or produced, and the present location of the original item. Attach the original or an exact duplicate of the entire identified document as an exhibit to your response or state in detail why you fail to do so.

5.      "Document" is used in its broadest sense and means all originals, identical and non-identical copies of any papers, books, accounts, writings, drawings, graphs, charts, photographs, electronic or videotape recordings, other data compilations from which information can be obtained and translated, if necessary, by you through detection devices into reasonably usable form, and any other tangible things which constitute or contain matters relevant to the subject matter in this cause of action. If a document identified in a particular request involves a magnetic record, identify the format of the recording and the type of system required to reproduce or playback the recording.

2

6.  When asked to identify any "statement" or "communication", the request pertains to written or oral, verbal or non-verbal assertions whether previously recorded or not and you should state the subject of the communication; the place where it was made; the name, address and phone number of each person who participated in the communication; the name, address and phone number of each person who was present at the time it was made; by whom each person present and or participating was employed; who each identified person represented or purported to represent at the time the communication was made; the nature and substance of each document or other recording pertaining to the communication, the physical local of each such document or recording and the name, address and phone number of it's custodian.

7.  For each document produced in response to a request or interrogatory, indicate on the document the numbered request(s) and sub-part(s) of the request or interrogatory to which it relates or responds.

8.  If anything is deleted from a document produced, list:

a) the reason for the deletion; and,

b) the subject matter of the deletion

9.  If any document or answer is withheld under claim of privilege, furnish a list identifying:

a) each document for which the privilege is claimed, together with:

I) date of creation; ii) sender; iii) recipient(s) and or intended recipient(s) of original and copies;

iv) subject of document; v) name, address and phone number of the custodian of the document and each copy thereof; and

3

b) the number of the interrogatory or other request to which the withed answer or document pertains; and

c) the factual and legal basis upon which the privilege is claimed.

10. If you do not supply documents in response to a request or interrogatory, identify the document in question, state in full why the document(s) will not be supplied, and state what efforts have been made to locate the documents requested. If you refuse to admit categorically and without equivocation any request for admission, state in full the complete factual and legal basis for your refusal, given the requirements of M.R.C.P. 11, 26,34 and 36.

11. The term "Dear", refers to Eunice F. Dear, now deceased.

12. The terms "subject property" or "estate property" or "property of Eunice F. Dear" are synonymous and refer to that real estate described in exhibit "B" to the complaint filed herein.

13. The term "equipment" refers to a fiber optic cable or conduit or other related apparatus or hardware  intended for use in the cellular or communications industry.

14. The term "tower site" refers to a vertical communications structure (cell tower) existing at or about 2576 Hwy 49 South, Florence, MS.

space intentionally left blank

4

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO ALL DEFENDANTS

TO:    Each separate defendant.

Now comes the Plaintiff in the above styled and numbered cause, and in order to simplify the issues for the trial of this cause makes the following Request for Admissions of Fact under the Mississippi Rules of Civil Procedure, and demands that the defendant specifically admit under oath or deny under oath the following facts. The defendant is hereby further advised that a failure to specifically answer any request or an evasive answer to any request will be taken as an admission of truth of such request. A true and correct copy of these requests is being delivered to the Clerk of the Court for filing herein. The facts which you are requested to admit or deny are as follows:

**Request No.1**:       Admit that Plaintiff is the owner of that property described in exhibit "B" attached to the complaint.

**Request No.2**:       Admit that you are not the owner of that property described in exhibit "B" to the complaint.

**Request No.3**:       Admit that the property described in exhibit "B" to the complaint has a street address of 2606 Highway 49 South, Florence, MS 39073.

**Request No.4**:       Admit that the cell tower at issue is located on the lot adjacent (next door) to the Plaintiff's property described in exhibit "B" to the complaint.

**Request No.5**:       Admit that Chancellor Funeral Home, LLC has an address of 2576 Hwy 49 South, Florence, MS 39073 and is located adjacent (next door) to the Plaintiff's property described in exhibit "B" to the complaint.

**Request No. 6.**       Admit that you have no interest in, including no right of ingress or egress over that property described in exhibit "B" to the complaint.

**Request No. 7.**       Admit that Defendant Chancellor Funeral Home, LLC has its principal place of business within the State of Mississippi.

**Request No. 8.**       Admit that Defendant Chancellor Funeral Home, LLC has an interest in an easement which is used for access to and connecting to the tower site.

**Request No. 9.**       Admit that an easement exists in Florence, MS, at or about 2576 Hwy 49 South, running perpendicular to Highway 49, which allows some of the Defendants named herein to place cable and/or other equipment thereon.

**Request No. 10.**       Admit that the easement referred to in admission request number 9. above

5

is located on the property having a street address of 2576 Hwy 49 South, Florence, MS 39073.

**Request No. 11.**    Admit that the principal place of business of Defendant Chancellor Funeral Home is located at 2576 Hwy 49 South, Florence, MS 39073.

**Request No. 12.**    Admit that Defendant Chancellor Funeral Home, LLC conducts business at 2576 Hwy 49 South, Florence, MS.

**Request No. 13.**    Admit that the easement referred to in admission request number 9. above runs along or across the land of Chancellor Funeral Home, LLC.

**Request No. 14.**    Admit that an easement exists which allows placement of cable related to the subject tower site.

**Request No. 15.**    Admit that the easement referred to in admission request number 14. above runs along or across the land of Defendant Chancellor Funeral Home, LLC, on Highway 49 in Florence, MS.

**Request No. 16.**    Admit that Chancellor Funeral Home, LLC is a proper party to this litigation.

**Request No. 17.**    Admit that you have been served with sufficient service of process.

**Request No. 18.**    Admit that venue is proper in Rankin County Mississippi.

**Request No. 19.**    Admit that you conduct business in Rankin County Mississippi.

**Request No. 20.**    Admit that you do not have an easement, or an interest in an easement which runs across the land of Eunice F. Dear or her estate.

**Request No. 21.**    Admit that no easement exists which allows the placement of fiber-optic cable, conduit or other cell tower related equipment on or across the land of Eunice F. Dear or her estate.

**Request No.22.**    Admit that during the year 2012, you and/or your agent or your employee placed a cable on or across the land of Eunice F. Dear located in Rankin County Mississippi.

**Request No.23.**    Admit that during the year 2012, Defendants named herein other than you placed a cable on or across the land of Eunice F. Dear located in Rankin County Mississippi.

**Request No. 24.**    Admit that jurisdiction is proper in the Chancery Court of Rankin County Mississippi.

6

**Request No. 25.**      Admit that Defendant MTCA has an interest in the easement which allows placement of cable related to the subject tower site.

**Request No. 26.**      Admit that Defendant MTCA is a proper party to this litigation.

**Request No. 27.**      Admit that a wooden fence runs along the property line between the Plaintiff's property located at 2606 Highway 49 South, Florence, MS 39073 and the property of Defendant Chancellor Funeral Home, LLC located at 2576 Hwy 49 South, Florence, MS.

**Request No. 28.**      Admit that during or about the month of May, 2012 a fiber optic cable or conduit or similar type equipment was placed along the south side of the fence referred to in admission request no. 27 above.

**Request No. 29.**      Admit that during or about the month of May, 2012 you (including your employee or agent) placed a fiber optic cable or conduit or similar type equipment along the south side of the fence referred to in admission request no. 27 above.

**Request No. 30.**      Admit that during or about the month of May, 2012 a fiber optic cable or conduit or similar type equipment was placed along the south side of the fence referred to in admission request no. 27 above, upon the land of Eunice F. Dear.

**Request No. 31.**      Admit that during or about the month of May, 2012 , you (including your employee or agent) placed a fiber optic cable or conduit or similar type equipment along the south side of the fence referred to in admission request no. 27 above, upon the land of Eunice F. Dear.

space intentionally left blank

## PLAINTIFF'S FIRST INTERROGATORIES TO ALL DEFENDANTS

TO:     Each separate Defendant

1.     Identify yourself.

2.     Identify by full name, address and present employment each and every person assisting in answering these interrogatories or requests for admissions or production of documents.

3.     Give a detailed explanation of the reasons, circumstances and factual basis for every denial of each request for admission submitted by the plaintiff and denied by you, the defendant.

4.     Give a detailed explanation of the reasons, circumstances and factual basis for every denial of each allegation in the complaint denied by the defendant.

5.     State the name and address of each person, including experts, having any knowledge of any discoverable information related to the subject of the complaint herein.

6.     State the name and address of any potential party to this lawsuit, not already a party hereto; and state why that person or entity should be named as a party.

7.     State the name, address and qualifications of each expert whom you expect to call as an expert witness at the trial of this case, the subject matter concerning which the expert expects to testify, the basis of his or her opinion, and attach a copy of any report, including factual observations and opinions, which has been prepared by any such expert concerning this matter.

8.     Describe any insurance policy or agreement under which any insurance business or carrier may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name and address of the insurer, the policy number(s), the name of the insured(s) and the amount of any insurance coverage.

9.     Give the content of any written or oral statement, given by you, your agent or employee, prior to this complaint being filed, to any insurance investigator or agent, or other investigator or to any other party named in this complaint, in relation to the easement, lack of easement, or cable at issue, and include the date such statement was made and to whom it was given.

10.     Identify each and every person you may call as a witness at the trial of this cause.

11.     Identify each and every document you may introduce into evidence at trial.

12.     Identify, by name, address and telephone number, the individuals who were on site and

or participated in the installation of the fiber optic cable/conduit/equipment at issue. (This includes supervisors and crew members.)

13.      Give the exact date(s) of the physical installation of the cable/conduit/equipment at issue.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO ALL DEFENDANTS

TO:    Each Separate Defendant

      Plaintiff hereby requests pursuant to the Mississippi Rules of Civil procedure, that the defendant produce the following documents and records:

1.      Any and all photographs, diagrams or other documents that you may use at the trial of this cause.

2.      Any and all expert reports, concerning this matter, which have been or will be obtained from any expert.

3.      A copy of any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy or errors and omissions policy or malpractice insurance covering you.

4.      Copies of any and all statements previously made by you and/or any other person concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by any party hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by any person..

5.      Any and all drawings, maps, sketches, blueprints or the like of the tower site and/or relevant easement which you generated, viewed, referred to or relied upon prior to the installation of the fiber optic cable at issue.

6.      Any and all deeds, easements, contracts and/or legal descriptions related to the tower site and/or relevant easement which you generated, viewed, referred to or relied upon prior to the installation of the fiber optic cable at issue.

9.      A copy of any document or notation, post, entry or communication which contains or may lead to discoverable information.

10.      A copy of any document, photograph, recording, notation or thing which you may use for illustrative purposes at trial, or introduced for identification or evidence at trial.

9

11.     A statement of all amounts paid by you or received by you, from January 01, 2012 to December 31, 2012 which were related to the easement connected to the subject tower site. (This would include payments made or received regarding the rights conveyed in the easement itself, and, income derived from the cell tower to which the easement connects. Specify whether the amounts reported were received by you or paid by you and whether the payment was for the easement itself, or for services, fees or royalties which the easement facilitated.)

13.     A print out of each and every email or text message or other electronically stored information or communication authored, sent or received by you between the dates of January 01, 2012 and September 19, 2012 regarding the procuring or placement of any easement or rights, or cable or conduit relevant to the subject tower site.

14.     A print out of each and every correspondence, Facebook post, message or comment, MySpace post, message, or comment, Youtube video, message or comment or Twitter tweet or email or text message, or any other form of electronic communication, which you have authored, originated, sent or received, from January 01, 1990 until September 19, 2012 that mention the name "Eunice Dear" or "Eunice F. Dear", or, "Bill Dear" or "Billy Dear" or had anything to do with, Eunice F. Dear, or Billy Dear, either directly or indirectly.

15.     Any and all drawings, maps, sketches, blueprints or the like of the tower site and/or relevant easement which you generated, viewed, referred to or relied upon for the installation of the fiber optic cable at issue.

        Plaintiff requests that defendant produce and give complete sworn answers and compliance to the requests for admissions, interrogatories and production of documents submitted to the defendant this date, according to the Mississippi rules of Civil Procedure.

        Further, the undersigned counsel hereby certifies that the foregoing discovery requests were attached to the complaint filed herein and served upon each Defendant at the time each such Defendant was served a copy of the complaint.

        This the 26th Day of February, 2013.

                                        By: _____
                                            JAMES L. KELLY
                                            Attorney for the Plaintiff

Kelly Law Office, P.C.
202 East Government Street
Brandon, MS 39042
Telephone: 601-825-6455
Facsimile: 601-825-6552

Billy Dear et al. v. One Fiber Optic Cable, et al; Rankin County Chancery Court

10

**THIS ACKNOWLEDGMENT OF RECEIPT OF SUMMONS
AND COMPLAINT MUST BE COMPLETED**

       I acknowledge that I have received a copy of the summons and of the complaint in the above captioned matter in the State of Mississippi.

_J Wyatt Hazard_

Signature

_Attorney for Chancellor Funeral Home, LLC_
(Relationships to Entity/Authority to Receive
Service of Process)

_3/26/13_
Date of Signature

State of _Mississippi_

County of _Hinds_

       Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the above named _J. Wyatt Hazard_ Wh solemnly and truly declared and affirmed before me that the matters and facts set forth in the foregoing Acknowledgment of Receipt of Summons and Complaint are true and correct as therein stated.

       Affirmed and subscribed before me, this _26th_ day of _March_, 2013.

_Jeanie Sumrall Kelly_
Notary Public

My commission expires _10-15-16_



 CT Corporation

**Service of Process Transmittal**
03/11/2013
CT Log Number 522291801

**TO:**  Laura Leonard
Crown Castle USA, Inc.
2000 Corporate Drive
Canonsburg, PA 15317

**RE:**  **Process Served in Mississippi**

**FOR:**  Crown Castle South LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Billy Dear, in his Individual Capacity, and as Representative of the Wrongful Death Beneficiaries of Eunice F. Dear and as Executor of the Estate of Eunice F. Dear, on Behalf of the Estate of Eunice F. Dear and the Individual Devisees of the Last Will and Testament of Eunice F. Dear, Deceased, Pltf. vs. One Fiber Optic Cable, et al. including Crown Castle South LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, First Amended Complaint, Exhibit(s), Attachment(s) |
| **COURT/AGENCY:** | Rankin County Chancery Court, MS<br>Case # 13380 |
| **NATURE OF ACTION:** | Quiet Title - Rankin County, MS |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Flowood, MS |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/11/2013 at 15:00 |
| **JURISDICTION SERVED :** | Mississippi |
| **APPEARANCE OR ANSWER DUE:** | Within 10 days after service |
| **ATTORNEY(S) / SENDER(S):** | James L. Kelly<br>Kelly Law Office, P.C.<br>PO Box 1975<br>Brandon, MS 39043<br>601-825-6455 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/17/2013, Expected Purge Date: 03/17/2013<br>Image SOP<br>Email Notification, Laura Leonard Laura.Leonard@crowncastle.com<br>Email Notification, Amy Williamson Amy.Williamson@crowncastle.com<br>Email Notification, Kimberly Calcasola kimberly.calcasola@crowncastle.com<br>Email Notification, Michelle Salisbury michelle.salisbury@crowncastle.com<br>Email Notification, Colleen Fox colleen.fox@crowncastle.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Amy McLaren<br>645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232<br>800-592-9023 |

Page 1 of  1 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Kelly Law Office, p.c.

202 East Government Street
Brandon, Mississippi 39042

Telephone: (601) 825-6455                    Facsimile: (601) 825-6552

March 11, 2013

BlueWave Deployment, Inc.                Ses Construction Consulting Group, Inc.
8401 Shelbyville, Rd., Suite 104         2701 Ridgelake Drive
Louisville, KY 40222                     Metairie, LA 70767

NSORO Mas Tec                            Crown Castle South, LLC
1850 Commercial Drive, Suite 300         c/o CT Corporation
Port Allen, LA 70767                     645 Lakeland Drive East, Suite 101
                                         Flowood, MS 39232

Chancellor Funeral Home, LLC             MCTA Cellular Partnership
att: Fred Chancellor                     121 South Congress Street, No. 1230
2576 Highway 49 South                    Jackson, MS 39201
Florence, MS 39073

Re:   *Billy Dear, et al. v. One Fiber Optic Cable, et al.,* Rankin County Chancery Court Cause No.
      13-380

To Those Concerned:

      Enclosed please find a stamped filed copy of the Plaintiff's First Amended Complaint.

      *.... A party shall plead in response to an amended pleading within the time remaining for
      response to the original pleading or within ten days after service of the amended pleading,
      whichever period may be longer, unless the court otherwise orders.*

M.R.C.P. 15(a)

      If you return a signed acknowledgment for service by mail which was recently sent to you,
such acknowledgment will include acknowledgment of service of the First Amended Complaint.

Sincerely Yours,

James L. Kelly, Esq.

enc.
c: Court file

FILED

MAR 11 2013

LARRY SWALES
Chancery Clerk, Rankin County
Rec. in Bk._____
Pg._____

### IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED                                    **PLAINTIFFS**

VS.                                              **CAUSE NO.  13-380**

ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC ; AT&T
MOBILITY, LLC; WINDSTREAM MISSISSIPPI, LLC; UNKNOWN DEFENDANTS
ONE, TWO AND THREE

**DEFENDANTS**

### FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

NOW COMES Billy Dear, executor of the Estate of Eunice F. Dear, on behalf of said estate,

and on behalf of the individual devisees of the Last Will and Testament of Eunice F. Dear, deceased,

and on behalf of the wrongful death beneficiaries of Eunice F. Dear, and in his individual capacity,

collectively "Plaintiff" or "Plaintiffs" hereinafter, pursuant to M.R.C.P. 15(a), no responsive

pleading having been filed, and files this first amended complaint for injunctive relief and damages,

to wit:

### PARTIES

1.    Plaintiff Billy Dear is an adult resident citizen of Rankin County, Mississippi. Billy Dear has

authority to bring this action on behalf of the Estate of Eunice F. Dear, Deceased, and on

behalf of the individual devisees of the Last Will and Testament of Eunice F. Dear, by way

of LETTERS TESTAMENTARY having been issued unto him IN THE MATTER OF THE

1

ESTATE OF EUNICE F. DEAR, DECEASED, Rankin County Chancery Court Cause No. 73977. A copy of said Letters Testamentary is attached hereto and incorporated herein as exhibit "A".

2.  The Plaintiff Estate of Eunice F. Dear possesses and owns certain real property situated in Rankin County Mississippi located at 2606 Hwy 49 South, Florence, Mississippi, a more complete description being attached hereto and incorporated herein as exhibit "B".

3.  The Plaintiff individual devisees of the Last Will and Testament of Eunice F. Dear, joint owners of the said property situated in Rankin County Mississippi described in exhibit "B" are named in the Last Will and Testament of Eunice F. Dear, which has been admitted to probate in Rankin County Chancery Court, Cause No. 73977 . They are: Patricia Dear Fryant; Shannon Nipper (formerly Shannon Faye Dear); Ellis Milton Dear and Billy Wayne Dear.

4.  The wrongful death beneficiaries of Eunice F. Dear are the natural children of Eunice F. Dear and are limited to being the same persons as the individual devisees of the Last Will and Testament of Eunice F. Dear, namely Patricia Dear Fryant; Shannon Nipper (formerly Shannon Faye Dear); Ellis Milton Dear and Billy Wayne Dear.

5.  Defendant Res "One Fiber-Optic Cable" is a certain apparatus/conduit and hardware configuration currently situated upon the real property of the Plaintiff situated in Rankin County Mississippi, approximately 200 feet in length, wrongfully placed or caused to be placed there by the other Defendants herein. Plaintiffs seek compensation for the cable and or other "equipment" of the other defendants being wrongfully placed on Plaintiff's real estate and remaining there to this day and/or both removal of the Defendant cable from said

2

real estate and such compensation.

6.    Defendant, Crown Castle South LLC, "Crown" hereinafter, is a foreign limited liability corporation (Delaware), having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, and whose principal place of business is located at 1220 Augusta Drive, Suite 500, Houston, TX 77057 ,and whose agent for service of process is CT Corporation, located at   645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

7.    Defendant, MasTec, Inc. ("Nsoro" hereinafter), is a limited liability corporation, having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, whose address is 800 Douglas Road-Penthouse, Coral Gables, Florida, 33134.

8.    Defendant, SES Construction Consulting Group, Inc., "SES" hereinafter, is a foreign corporation (Louisiana) with sufficient ties to the State of Mississippi, conducting business within the State of Mississippi, whose principal place of business is located at 2701 Ridgelake Drive, Metairie, LA 70002, whose registered agent, Randy Farrell, may be served with process at said address and/or at 4001 West Esplanade Avenue, Metairie, LA, 70002.

9.    Defendant Chancellor Funeral Home, LLC is a Mississippi limited liability company whose principal place of business is located at 2576 Highway 49 South in Florence, Rankin County Mississippi where its agent for service of process, Fred W. Chancellor, may be served with process of the court.

10.   Defendant Chancellor Funeral Home, LLC is a necessary party to this litigation as matters regarding ingress and egress and  improvements to real estate Chancellor Funeral Home, LLC has an interest in are at issue and will be determined by the Court.  Chancellor Funeral Home, LLC has been unjustly enriched, by receiving the benefits of an easement running

3

across its property, while the burdens of the easement have fallen upon the Plaintiff.

11.     Defendant MCTA Cellular Partnership "MCTA", is a Mississippi general partnership with its principal place of business being located at 121 South Congress Street, No. 1230, Jackson, MS 39201. MCTA is a necessary party to this litigation in that property rights it enjoys may be affected by this litigation.

12.     Defendant, BlueWave Deployment, LLC , "Bluewave" hereinafter, is a foreign limited liability company (Michigan), having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, whose principal place of business is located at 2527 Nelson Miller Pkwy, Suite 106, Louisville, KY 40223-3161 , where its president and agent for service of process is located.

13.     Unknown Defendants 1, 2, and 3 are individuals or entities unknown to the Plaintiff at this time who have not been identified after due diligence, who were and remain jointly responsible for the harm and damages the Plaintiffs have and continue to suffer.

14.     Defendant AT&T Mobility, LLC, "AT&T" hereinafter, is a Delaware limited liability company doing business within the state of Mississippi, whose principal office address is 1025 Lenox Park Blvd. NE, Atlanta, GA 30319 and whose agent for service of process is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

15.     Defendant Windstream Mississippi, LLC, "Windstream" hereinafter, is a Delaware limited liability company doing business within the State of Mississippi, whose local address is 101 Lewis Street, Florence, MS 39073 and whose principal office address is 1209 Orange Street, Wilmington DE 19801 and whose agent for service of process is CT Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood MS 39232.

4

16.     Some Defendants have been uncooperative in sharing information with the Plaintiff prior to

complaint being filed, therefore, as discovery progresses, amendments may be necessary to

insure proper alignment of parties.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over matters of equity, injunctive relief and matters regarding real

estate. Further:

**Th[is] court in which a will may have been admitted to probate, letters of administration granted, or a guardian may have been appointed, shall have jurisdiction to hear and determine all questions in relation to the execution of the trust of the executor... and shall have jurisdiction of all cases in which bonds or other obligations shall have been executed in any proceeding in relation to the estate, or other proceedings, had in said chancery court, to hear and determine upon proper proceedings and evidence, the liability of the obligors in such bond or obligation, whether as principal or surety, and by decree and process to enforce such liability.**
Miss. Code § 9-5-83 (1972).

**And in addition to the jurisdiction heretofore exercised by the chancery court in suits to try title and to cancel deeds and other clouds upon title to real estate, it shall have jurisdiction in such cases to decree possession, and to displace possession; to decree rents and compensation for improvements and taxes; and in all cases where said court heretofore exercised jurisdiction, auxiliary to courts of common law, it may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted or the legal title established by a suit at law.** Miss. Const. § 160.

The Chancery Court of Rankin County Mississippi has exclusive jurisdiction of this

decedent's estate, which includes the decedent's real and personal property at the time of her

death. At the time of her death, Eunice F. Dear had in her possession a certain tract of real

property located in Rankin County Mississippi further described in attached exhibit "B". On

such property, defendants had placed, conspired to place and/or caused to be placed a fiber-

optic cable without the permission of Eunice F. Dear. Therefore, prior to her death, Eunice

F. Dear possessed a fiber-optic cable on her property (placed there by several of the

5

defendants) and she owned an interest in such cable.  Thus, the cable itself and any rents or royalties emanating therefrom which Eunice F. Dear was entitled and which accrues to this day, were initially and remain part of the Estate of Eunice F. Dear, property under the exclusive jurisdiction of the Rankin County Chancery Court, a probate court of the State of Mississippi.

18.   Venue is proper in Rankin County Mississippi in that the concerned real estate is located in Rankin County Mississippi; the Defendant  res cable is located in Rankin County Mississippi; Defendant Chancellor Funeral Home, LLC operates a place of business in Rankin County Mississippi upon which grounds the subject cable should have been placed; the operative facts underlying this complaint occurred in Rankin County Mississippi and, an Estate concerning the said real estate, and the heirs of Eunice F. Dear has been opened in Rankin County Mississippi, in this Court.  Billy Dear, the executor of the Estate of Eunice F. Dear and  representative of the wrongful death beneficiaries of Eunice F. Dear, is a resident of Rankin County Mississippi.

## OPERATIVE FACTS

19.   Eunice F. Dear, a resident of Rankin County Mississippi,  owned certain real property situated in Rankin County Mississippi, located at 2606 Highway 49 South, Florence, Mississippi, more particularly described as stated in attached exhibit  "B" incorporated herein.

20.   The individual Plaintiffs gain their interest in said property by virtue of being the natural children of Eunice F. Dear, and through the Last Will and Testament of Eunice F. Dear,

deceased, which has been admitted to probate in this court.

21.   Eunice F. Dear departed this life on June 04, 2012, at the age of 80 years.

22.   Eunice F. Dear committed suicide.

23.   Prior to the death of Eunice F. Dear, Defendants made plans among each other to run a conduit and fiber optic cable, or some similar device, from a point within a few feet of Highway 49 in Florence, MS to a cellular tower located adjacent to the property of Eunice F. Dear.

24.   Defendant AT&T contracted with or otherwise caused Defendants Nsoro and Bluewave to place a conduit "pipe" from a point near Highway 49 South to a cell tower located at or about 2576 Highway 49 S. Florence, MS.  Defendants Nsoro and Bluewave were agents of AT&T for the purpose of the said conduit project.  The cell tower at issue is located on the lot adjacent to the Plaintiff's real estate.

25.   Defendants Nsoro and Bluewave then subcontracted the conduit project to Defendant SES.

26.   Defendant SES, while responsible in its own right, was also an agent of Defendants AT&T, Bluewave, and Nsoro for the purpose of the conduit project.

27.   Defendant Windstream then placed "pulled" a fiber optic cable through the said conduit which had been placed on the Plaintiff's property.

28.   It is believed that Defendant Crown is the owner of the cell tower at issue and its interests may be affected by this litigation.

29.   Defendant Bluewave had a responsibility and non-delegable duty to make sure that the conduit and cable were placed on the correct real estate, but failed to uphold that duty.

30.   Defendants AT&T, Nsoro, SES and Windstream knew that Eunice F. Dear, prior to the

7

conduit and cable being placed on her property, objected to the conduit and cable being placed upon her property.

31.     Plaintiffs have reason to believe that the Defendants had a legal right to run the conduit and cable along an easement which had been granted unto them, or some of them, concerning and across certain property adjacent to the described property of Eunice F. Dear.

32.     Upon information and belief, said adjacent property is owned by Defendant Chancellor Funeral Home, LLC.

33.     As the conduit and cable were each being installed, Defendant Chancellor knew that the conduit and cable were being wrongfully placed upon the property of Eunice F. Dear, an elderly widow.

34.     The Defendants had no easement or other right to enter unto or place any conduit, cable or other object upon the land of Eunice F. Dear.

35.     Nonetheless, during or about the months of April and May, 2012, the Defendants placed the conduit housing the fiber optic cable, and the cable itself (collectively "cable" hereinafter), upon and across the land of Eunice F. Dear and/or caused the cable to be so placed, thereby constituting a trespass upon the land of the Plaintiff.

36.     Further, Defendants knew that the easement they possessed across the adjacent "Chancellor" property was covered, in whole or in part, by an asphalt driveway/parking lot.

37.     Defendants, their agents, employees and/or contractors therefore intentionally (or with gross negligence) trespassed upon the land of Eunice F. Dear (not covered by asphalt), laying their cable upon the land of Eunice F. Dear, in an effort to save themselves time, effort and expense.

8

38.     Defendants had a non-delegable duty to not trespass, to oversee and/or monitor the installation and make sure that the cable was placed on the easement, and not the property next door, but failed to do so, breaching their duty owed to the Plaintiffs.  Defendants are directly and vicariously liable for the actions of their agents, employees and alleged independent contractors.

39.     Most if not all Defendants named herein  have been  aware of the initial and continuing trespass, prior to this complaint being filed, and none have made any offer to rectify the situation.

40.     The described trespass continues to this day.

COUNT I

ACTION TO QUIET TITLE AND FOR INJUNCTIVE RELIEF

All preceding and following averments not inconsistent with this count are incorporated herein.  All statements of damages and claims for damages, costs, interest and attorney's fees  contained in the following paragraphs not inconsistent with this count are incorporated herein.

41.     This Court has exclusive jurisdiction, pursuant to Miss. Code Ann. Section 11-17-31 (1972), to remove clouds from title to real property . Venue is proper, pursuant to Miss. Code Ann. 11-5-1 (1972), as the subject property is located in Rankin County Mississippi.

42.     Plaintiffs are the rightful, exclusive owners of the subject property, having exclusive title thereto. Title is vested in the Plaintiffs as follows, to wit: See attached exhibit "C" incorporated herein, the original thereof being recorded at Book 333 pgs. 334 -336 in the land records of Rankin County Mississippi located in Brandon, Mississippi.

9

43.   Any and all Defendants who procured, own, placed or benefit from the cable as it now sits, posses an interest in the said cable and therefore, by having their cable and/or interest run across the land so situated, are making an adverse claim upon the Estate of Eunice F. Dear and/or the subject real property described in exhibit "B", a substantial asset of the Estate and individual Plaintiffs.

44.   Said adverse claim constitutes a cloud upon the title to the subject real property, the primary res of the estate of Eunice F. Dear, which Plaintiffs seek compensation for and to be removed.

45.   Wherefore, Plaintiffs seek an order that the cloud of apparent adverse possession be removed, and, that the Defendants, for not less than sixty (60) months, pay rents unto the Plaintiff at the rate of $5000.00 per month, whether or not said cable remains on the said land for the entire 60 months and whether or not said cable remains in use or operation for the entire 60 months; or, in the alternative, that the cable be removed from the land immediately and that the Defendants pay unto Plaintiffs a sum equal to all income, rents, royalties or other benefits derived by each of them, directly or indirectly, from the installation, leasing, subleasing or other use of said cable and/or the tower to which it connects for a period of time beginning on the day of installation of such cable and terminating on the day the cable is removed from the land of the Plaintiff, in addition, that such Defendants pay unto the Plaintiff reasonable compensation for all damages, costs and fees they have caused Plaintiffs, including reasonable attorneys fees incurred in an effort to have the stated cloud removed.

46.   There is no complete and adequate remedy at law; the injury is substantial and if the relief

10

requested is not granted, the injury suffered by the Plaintiff will be irreparable, being that the Defendants will have stolen the Plaintiffs property.

47.   That neither a preliminary injunction nor temporary restraining order is sought, Plaintiff requests that bond or other security be waived.

48.   Given that injunctive relief is sought as alternative relief, it is requested that a writ not issue but until after a hearing upon the merits is had.

COUNT II

Miss.Code § 77-9-715.

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

49.   Plaintiffs claim all damages available under Mississippi Code Section 77-9-715 (1972), including, but not limited to for the permanent continuance of such line and fixtures; for the diminution of value to Plaintiff's real property; for a reasonable percentage of the rents, royalties and/or other income being accessed and/or earned or otherwise derived from the cable or other equipment placed on Plaintiffs property; and for the wrongful death of Eunice F. Dear. The erection, continuance, and use of the cable lines wrongfully placed on the property of Eunice F. Dear caused her great emotional distress, leading to and being the proximate cause of the death of Eunice F. Dear.

11

COUNT III

TRESPASS

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

50.    Defendants, acting alone, and in concert with one another, have each trespassed upon the described land of the Plaintiff and continue to do so by the cable remaining on the Plaintiffs property to this day.

51.    Eunice F. Dear demanded that the Defendants not trespass on her land, but the Defendants wilfully, maliciously and/or with gross negligence and/or reckless disregard to the rights of Eunice F. Dear and the Plaintiffs, persisted in their trespass. After being notified by legal counsel for the Estate that the trespass continues, the Defendants continue in their trespass, forcing this complaint to be filed.

52.    Plaintiffs seek compensatory damages due to the stated trespass including, but not limited to, the diminution of the use and value of the land, for a reasonable percentage of the rents, royalties and/or other income being accessed and/or earned or otherwise derived from the cable placed on Plaintiffs property; and for the wrongful death of Eunice F. Dear, punitive damages, and reasonable attorneys fees.

COUNT IV

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

All preceding and following averments not inconsistent with this count are

12

incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

53.   Eunice F. Dear suffered severe mental anguish and emotional distress as the result of the Defendant's actions and intentional trespass. The said emotional distress of Eunice Dear was a reasonably foreseeable result of the defendant's conduct.  The defendant's conduct was malicious, intentional, willful, wanton, grossly careless, indifferent and/or reckless to the rights of Eunice F. Dear, causing severe psychological and emotional distress to Eunice F. Dear.  Said conduct of Defendants was so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.  Alternatively, defendants negligently inflicted severe emotional distress upon Eunice F. Dear.

COUNT V

UNJUST ENRICHMENT

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

54.   All Defendants, corporate and individual, named and currently unnamed, have been unjustly enriched by the wrongful taking of the Plaintiff's described land, by contracting with one another and making and receiving payments to and from one another to place the cable

13

and/or other equipment there without authority to do so, and by the trespassory placing upon the Plaintiff's land certain equipment wherefrom rents, royalties and other streams of income have and continue to be derived to this day. Some of the Defendants continue to be unjustly enriched to this day by continuing to receive payments earned directly, or indirectly from the cable and/or other equipment as defined herein being placed on the Plaintiff's property. Additionally, defendant Chancellor Funeral Home, LLC, was unjustly enriched by not having its parking area disrupted and thus, business operations not being disrupted. Chancellor Funeral Home knew that the cable was being wrongfully placed upon the property of its neighbor, Eunice F. Dear, an elderly widow, yet did nothing to help correct the error. Chancellor Funeral Home would have experienced a substantial disruption of business operations had the cable been placed along the easement which runs along the Chancellor Funeral Home property. Chancellor Funeral Home, LLC, has thus benefitted from the easement which runs along its property, whereupon the cable should have been placed, yet the burdens of the easement have fallen upon the Plaintiffs. Plaintiffs seek from Chancellor Funeral Home, LLC, compensation and damages in an amount not less than the value of the benefit it has derived from the said easement (payments it has received for the easement) and the value of not having the said cable placed upon his land.

From defendants other than Chancellor Funeral Home, LLC, Plaintiffs seek the reasonable value of a perpetual monthly easement for the wrongful taking which has effectively occurred, for so long as the conduit and cable remains on the Plaintiff's property, but in no event for not less than sixty (60) months, whether or not the owners of the cable opt to remove the cable from Plaintiff's land prior to the expiration of sixty (60) months.

14

Plaintiffs would not have leased its land for less than sixty (60) months, nor conveyed a permanent easement for less than reasonable value as determined by the Plaintiffs.

## COUNT VI

## WRONGFUL DEATH

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

55.   This cause of action for wrongful death is brought pursuant to Miss. Code Section 11-7-13 (1972) as amended.

56.   Defendants had a duty to not trespass upon the lands of Eunice F. Dear and/or to not cause others to trespass upon the lands of Eunice F. Dear. Additionally, Defendant(s) had a duty to behave in a reasonably prudent manner and as a reasonable prudent person or corporate entity would under the same or similar circumstances. Defendant(s) however breached each of those stated duties, and others, by placing their equipment upon the Plaintiff's property at a place where it was obviously on the Plaintiff's property, and, at a location where Defendants obviously had no right to place the equipment.

57.   Bodily and psychological harm to Eunice F. Dear was a foreseeable result of the Defendant's breach of duty.

58.   Defendants joint and concerted agreements, actions, gross negligence and reckless disregard for the rights of Eunice F. Dear, proximately caused the death of Eunice F. Dear. Eunice F. Dear was elderly, living alone and frail. She was aware of the Defendants' trespass and

15

made efforts to advise the Defendants that they were trespassing upon her property and demanded their departure. Defendants knew that Eunice F. Dear was upset by the fact of their trespass. Nonetheless, the Defendants ignored her request, and continued in their trespass. But for the Defendants continuing trespass, Eunice F. Dear would not have committed suicide.

59.    As a direct result of Defendant's negligent, grossly negligent or reckless or intentional conduct, Plaintiffs have suffered numerous personal injuries, including but not limited to the pain and suffering of Eunice F. Dear; loss of the life of Eunice F. Dear; Eunice F. Dear's loss of enjoyment of her life; the loss of companionship and society of Eunice F. Dear; funeral expenses and all other damages of every kind recoverable by law including, but not limited to punitive damages, costs and expenses of bringing and prosecuting this action and reasonable attorneys fees. Plaintiffs seek from all such Defendants (excluding MCTA and Chancellor Funeral Home, LLC (at this point in time)) damages for such wrongful death of Eunice F. Dear.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff seeks judgment from the Court that all equipment ("equipment" being defined as any tower, antennae, cable, conduit, line or any other thing of value connected thereto) of the Defendant(s) be removed from the property of the Plaintiff; and, that Defendants pay onto the Plaintiff damages within the jurisdictional limits of this Court, for and in an amount including, but not limited to the reasonable value of all rents, fees and royalties that should have been paid unto Eunice F. Dear and/or her estate due to the Defendants, or any one of them, using or enjoying the use of her property and/or the property of  the Estate of

16

Eunice F. Dear as described herein, beginning from the time such use began until all such "equipment" of the Defendant(s) are removed from the Estate property, said calculation of damages, in no event, to be based on a period of time of not less than sixty (60) months in duration.

Alternatively, Plaintiff demands that Defendants pay unto Plaintiff the greater of any and all income (gross receipts) ever obtained by them, either directly or indirectly, from the placement of the Defendant's equipment on the Plaintiff's property, or, the rents that should have been paid by said Defendants to Eunice F. Dear and/or her estate; and in addition, that all such "equipment" on the property of the Plaintiff be determined by the Court to be the property of the Plaintiff and an order issue to that effect.

Alternatively, that the Defendants pay unto the Plaintiff all damages as contemplated by M.C.A. Section 77-9-715 (1972) and that such equipment remain the property of the Defendants.

Further, the Plaintiff Estate of Eunice F. Dear seeks removal of a cloud on the title to its land described herein, being the Defendant's adverse possession.

Plaintiff seeks actual and punitive damages for the intentional and/or negligent infliction of emotional distress caused by Defendants upon Eunice F. Dear.

Plaintiff seeks damages for the unjust enrichment Defendants have enjoyed from the placement of the equipment on the Plaintiff estate's property.

Plaintiff seeks actual and punitive damages for the wrongful death of Eunice F. Dear.

Plaintiff seeks actual and punitive damages from all Defendants who were responsible for, in whole or in part, the intentional or grossly negligent trespass upon the property of Eunice F. Dear and the continuing trespass upon the Estate of Eunice F. Dear.

17

Plaintiff demands that Defendants pay all costs of court, fees associated therewith and attorney's fees incurred by the Plaintiff in bringing this complaint.

Plaintiff requests any combination of the above requested remedies and any such other general relief Plaintiff has failed to demand, as the Court should determine to be fair, just and equitable.

*Billy Dear*

Billy Dear, individually and as executor for the Estate of
Eunice F. Dear, and as representative
of the wrongful death beneficiaries of Eunice F. Dear.

### AFFIDAVIT

State of Mississippi
County of Rankin

Personally appeared Before Me, the undersigned authority in and for said county and State, Billy Dear, who being by me first duly sworn, stated on oath that the matters and facts set forth in the above and foregoing Complaint for Injunctive Relief and Damages are true and correct as therein stated.

Sworn to and subscribed before me, this the _11_ Day of March, 2013.

*Monica R. Baldwin*

NOTARY PUBLIC

My Commission Expires: _____

Submitted this the _11_ day of March, 2013.

James L. Kelly, legal counsel for the Plaintiff

James L. Kelly M.S.B. No. 3557
Kelly Law Office, P.C.
202 East Government Street
Brandon, MS 39042
Telephone: 601-825-6455

Billy Dear, et al. v. One Fiber Optic Cable, et al; First Amended Complaint

18

FILED

JUL 3 1 2012

LARRY SWALES
Chancery Clerk, Rankin County
By _____ D.C.

IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

RE:   IN THE MATTER OF THE ESTATE OF
      EUNICE F. DEAR, DECEASED                    CAUSE NO. 73777

## LETTERS TESTAMENTARY

THE LAST WILL AND TESTAMENT of EUNICE F. DEAR, late of this County, deceased, having been duly proven and admitted to record in the Chancery Court thereof, letters testamentary are hereby issued to BILLY WAYNE DEAR, Executor.

Therefore, the said BILLY WAYNE DEAR is fully empowered and required to administer all and singular the goods, chattels and credits of the testator in this State and elsewhere; to take the same into his hands, to ask, levy, recover and receive the same; to make, if required, a true and perfect inventory or inventories of all the said goods, chattels and credits which shall come to his hands, possession or knowledge, or into the hands or possession of any other person or persons, for him; to return into our said Court, if so ordered by the Court, such inventory or inventories; to make in said Court, if required, a just and true account or accounts of her actions and proceedings in the premises, and duly pay and deliver the legacies and devise specified in said Will, so far as said goods, etc., may extend, according to the value thereof, and as the law shall charge him; and in all things, according to law, to exert the rights and perform the duties of the trust conferred upon him.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal of said Court, in the City of Brandon, County of RANKIN, Mississippi.

Issued this the 3 1 day of July, 2012.

Larry Swales, CHANCERY CLERK

By: _____ D.C.

James L. Kelly, Esq.
Kelly Law Office, P.C.
POST OFFICE BOX 1975
BRANDON, MISSISSIPPI 39043
Telephone: (601) 825-6455
MSB# 3557

**EXHIBIT**

**A**

Commencing at the Northeast corner of the SW 1/4
of the SE 1/4 of Section 19, Township 4 North,
Range 2 East and run thence South 535.4 feet to a
point; thence North 89 degrees West 313.2 feet;
thence North 00 degrees and 30 minutes East 179.6
feet to a point, and which point is the point of
beginning of the land herein described; from said
point of beginning run thence North 00 degrees and
30 minutes East 219.5 feet; thence South 88 degrees
West 585 feet to a point on the East R. O. W. line of
U. S. Highway 49, thence Southward along said R. O. W.
line 223 feet; thence South 89 degrees East 514.3
feet to the point of beginning, and all being in the
SW 1/4 of the SE 1/4 of Section 19, Township 4 North,
Range 2 East, LESS AND EXCEPT a 64.2 foot stripp off
the West end thereof, which has been deeded to the
Mississippi Highway Department for a new highway.



EXHIBIT

B

<u>WARRANTY DEED</u>

BOOK 187 PAGE 34

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00) cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of all of which are hereby acknowledged, we, EUNICE F. DEAR, PATRICIA DEAR FRYANT, BILLY WAYNE DEAR, ELLIS MILTON DEAR, and SHANNON FAYE DEAR, a minor, by and through her guardian and next friend, Eunice F. Dear, pursuant to Chancery Court Decree rendered in cause number 14,078 on February 23, 1976, hereby convey and warrant to EUNICE F. DEAR all our interest in the following described land and property lying and being situated in Rankin County, Mississippi, to-wit:

> Commencing at the Northeast corner of the SW 1/4 of the SE 1/4 of Section 19, Township 4 North, Range 2 East and run thence South 535.4 feet to a point; thence North 89 degrees West 313.2 feet; thence North 00 degrees and 30 minutes East 179.6 feet to a point, and which point is the point of beginning of the land herein described; from said point of beginning run thence North 00 degrees and 30 minutes East 219.5 feet; thence South 88 degrees West 585 feet to a point on the East R. O. W. line of U. S. Highway 49, thence Southward along said R. O. W. line 223 feet; thence South 89 degrees East 514.3 feet to the point of beginning, and all being in the SW 1/4 of the SE 1/4 of Section 19, Township 4 North, Range 2 East, LESS AND EXCEPT a 64.2 foot stripp off the West end thereof, which has been deeded to the Mississippi Highway Department for a new highway.

**EXHIBIT C**

Excepted from the warranty of this conveyance are all prior mineral reservations, easements, restrictive covenants, and rights-of-way of record thereunto pertaining.

The said Eunice F. Dear, Patricia Dear Fryant, Billy Wayne Dear, Ellis Milton Dear and Shannon Faye Dear constitute all the heirs at law of James Franklin Dear, deceased.

WITNESS our signatures this the _____ day of February, 1976.

_____
EUNICE F. DEAR, INDIVIDUALLY

BOOK 333 PAGE 335

_Eunice F. Dear_
EUNICE F. DEAR, GUARDIAN OF THE ESTATE
OF SHANNON FAYE DEAR, A MINOR

_Patricia Dear Fryant_
PATRICIA DEAR FRYANT

_Billy Wayne Dear_
BILLY WAYNE DEAR

_Ellis Milton Dear_
ELLIS MILTON DEAR

STATE OF MISSISSIPPI
COUNTY OF RANKIN

     PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Eunice F. Dear, individually and as Guardian of the
Estate of Shannon Faye Dear, a minor, who acknowledged that she
signed, executed and delivered the above and foregoing instrument
on the day and year therein mentioned.
     GIVEN under my hand and official seal of office, this
the _16th_ day of ~~February~~, 1976.
        _March_

                NOTARY PUBLIC

MY COMMISSION EXPIRES:

_____

STATE OF ~~MISSISSIPPI~~ _Nebraska_
COUNTY OF ~~Rankin~~

     PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Patricia Dear Fryant who acknowledged that she signed,
executed and delivered the above and foregoing instrument on the
day and year therein mentioned.
     GIVEN under my hand and official seal of office, this
the _22nd_ day of ~~February, 1976~~
      _March_

            GEORGE E MORGAN
            GENERAL NOTARY
            State of Nebraska
            My Commission Expires
            DECEMBER 8, 1978    NOTARY PUBLIC

MY COMMISSION EXPIRES:

_____

STATE OF MISSISSIPPI
COUNTY OF _Rankin_

     PERSONALLY came and appeared before me, the undersigned
authority of law in and f...

COMMISSION EXPIRES:

STATE OF MISSISSIPPI
COUNTY OF _Rankin_

     PERSONALLY came and appeared before me, the undersigned authority of law in and for the jurisdiction aforesaid, the within named Billy Wayne Dear who acknowledged that he signed, executed and delivered the above and foregoing instrument on the day and year therein mentioned.

     GIVEN under my hand and official seal of office this the _8th_ day of ~~February~~ March, 1976.

                   _Doris S. Brewhar_
                         NOTARY PUBLIC

MY COMMISSION EXPIRES:
My Commission Expires September 19, 1979

STATE OF MISSISSIPPI

COUNTY OF ~~Rankin~~                              BOOK 333 PAGE 336

     PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Ellis Milton Dear who acknowledged that he signed,
executed and delivered the above and foregoing instrument on the
day and year therein mentioned.
     GIVEN under my hand and official seal of office, this
the _10th_ day of ~~February~~, 1976.
             March

                                        NOTARY PUBLIC

MY COMMISSION EXPIRES:

My Commission Expires October 5, 1979

RANKIN COUNTY, MISS.
THIS INSTRUMENT WAS
FILED FOR RECORD

'76  4-5  8 43
IN B  333  e 337
IRL DEAN RHODES, CHY. CLK.
BY _____ D.C.

IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR, AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED                                              PLAINTIFFS

VS.                                                       CAUSE NO.   13-380

ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC, INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANDLER HOME, PC;
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC   DEFENDANTS

RECEIVED
MAR 1 4 2013

**NOTICE**

TO:   MASTEC, INC., ATT: JOSE' R. MAS
      800 S. Douglass Road, 12th Floor
      Coral Gables Florida, 33134
      The enclosed summons and complaint are served pursuant to Rule 4(c)(3) of the Mississippi
Rules of Civil Procedure.

      You must sign and date the acknowledgment at the bottom of this page. If you are served
on behalf of a corporation, unincorporated association (including a partnership), or other entity, you
must indicate under your signature your relationship to that entity. If you are served on behalf of
another person and you are authorized to receive process, you must indicate under your signature
your authority.

      If you do not complete and return the form to the sender within 20 days of the date of mailing
shown below, you (or the party on whose behalf you are being served) may be required to pay any
expenses incurred in serving a summons and complaint.

      *If you do complete and return this form, you (or the party on whose behalf you are being
served) must respond to the complaint within 30 days of the date of your signature.* If you fail to do
so, judgment by default will be taken against you for the relief demanded in the complaint.

      I declare that this Notice and Acknowledgment of Receipt of Summons and Complaint (and
Plaintiff's First Set of Interrogatories; Requests for Admissions and Production of Documents) was
mailed on March 06, 2013.

                                          _____
                                          James L. Kelly, Esq.          MSB# 3557

Kelly Law Office, P.C.
Post Office Box 1975
Brandon, MS 39043
Telephone: 601-825-6455
Facsimile: 601-825-6552

**THIS ACKNOWLEDGMENT OF RECEIPT OF SUMMONS
AND COMPLAINT MUST BE COMPLETED**

I acknowledge that I have received a copy of the summons and of the complaint in the above captioned matter in the State of Mississippi.

_____
Signature

_____
(Relationships to Entity/Authority to Receive
Service of Process)

_____
Date of Signature

State of _____

County of _____

Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the above named _____ Wh solemnly and truly declared and affirmed before me that the matters and facts set forth in the foregoing Acknowledgment of Receipt of Summons and Complaint are true and correct as therein stated.

Affirmed and subscribed before me, this _____ day of _____, 2013.

_____
Notary Public

My commission expires _____

(Seal)

IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED                                    **PLAINTIFFS**

VS.                                                    **CAUSE NO.   13-380**

ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC
                                                    **DEFENDANTS**

**NOTICE**

TO:   **MASTEC, INC., ATT: JOSE' R. MAS**
      **800 S. Douglass Road, 12th Floor**
      **Coral Gables Florida, 33134**
      The enclosed summons and complaint are served pursuant to Rule 4(c)(3) of the Mississippi
Rules of Civil Procedure.

      You must sign and date the acknowledgment at the bottom of this page.  If you are served
on behalf of a corporation, unincorporated association (including a partnership), or other entity, you
must indicate under your signature your relationship to that entity. If you are served on behalf of
another person and you are authorized to receive process, you must indicate under your signature
your authority.

      If you do not complete and return the form to the sender within 20 days of the date of mailing
shown below, you (or the party on whose behalf you are being served) may be required to pay any
expenses incurred in serving a summons and complaint.

      *If you do complete and return this form, you (or the party on whose behalf you are being
served) must respond to the complaint within 30 days of the date of your signature.*  If you fail to do
so, judgment by default will be taken against you for the relief demanded in the complaint.

      I declare that this Notice and Acknowledgment of Receipt of Summons and Complaint (and
Plaintiff's First Set of Interrogatories; Requests for Admissions and Production of Documents) was
mailed on March 06, 2013.

                                    _____
                                    James L. Kelly, Esq.          MSB# 3557

Kelly Law Office, P.C.
Post Office Box 1975
Brandon, MS 39043
Telephone: 601-825-6455
Facsimile: 601-825-6552

**THIS ACKNOWLEDGMENT OF RECEIPT OF SUMMONS
AND COMPLAINT MUST BE COMPLETED**

I acknowledge that I have received a copy of the summons and of the complaint in the above captioned matter in the State of Mississippi.

_____

Signature

_____

(Relationships to Entity/Authority to Receive Service of Process)

_____

Date of Signature

State of _____

County of _____

Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the above named _____ Wh solemnly and truly declared and affirmed before me that the matters and facts set forth in the foregoing Acknowledgment of Receipt of Summons and Complaint are true and correct as therein stated.

Affirmed and subscribed before me, this _____ day of _____, 2013.

_____

Notary Public

My commission expires _____

(Seal)

**IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI**

**BILLY DEAR, Et al.**                                           **PLAINTIFFS**

**VS.**                                    **CAUSE NO.** 13-38D

**ONE FIBER OPTIC CABLE; Et al.**                            **DEFENDANTS**

**SUMMONS**

STATE OF MISSISSIPPI, COUNTY OF RANKIN

THE BELOW NAMED OUT OF STATE DEFENDANT IS HEREBY SUBJECT TO PROCESS OF THIS COURT BY SUMMONS , TO WIT:

> **Mastec Inc.,** 800 S. Douglas Road, 12th floor, Coral Gables, Florida, 33134. whose CEO is: Jose' R. Mas

**NOTICE TO DEFENDANT:** THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to the plaintiffs' attorney whose name and address are shown below. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the injunctive relief, damages or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 28 day of February, 2013.

Larry Swales
Chancery Clerk of Rankin County
Post Office Box 700
Brandon, Mississippi 39043

By: _L M ean_                    D.C.

James L. Kelly, Esq.
Kelly Law Office, P.C.
202 East Government Street
Brandon, Mississippi 39042
Telephone: (601)825-6455
**Attorney for the Plaintiff**

## PROOF OF SERVICE-SUMMONS

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.  By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

_____ PERSONAL SERVICE.  I personally delivered copies to _____ on the _____ day of _____, 2013, where I found said person(s) in _____ county of the State of Mississippi.

_____ RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person within_____ county, *(state)*.  I served the summons and complaint on the _____ day of _____, 2013, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter, or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2013, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $ _____
Process server must list below: [*Please print or type*]

Name _____
Social Security No. (LAST FOUR DIGITS) _____
Address _____
_____
Telephone No. _____

State of MISSISSIPPI
County of Rankin

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service- Summons" are true and correct as therein stated.

_____
Process Server (Signature)

Sworn to and subscribed before me this the _____ day of _____, 2013.

_____
Notary Public

(Seal) My Commission Expires: _____



FEB 2 8 2013

Chancery Clerk, Rankin County
Rec. in Bk._____Pg._____

IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED                        **PLAINTIFFS**

VS.                                    CAUSE NO. 13-380

ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC
                                              **DEFENDANTS**

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

NOW COMES Billy Dear, executor of the Estate of Eunice F. Dear, on behalf of said estate,

and on behalf of the individual devisees of the Last Will and Testament of Eunice F. Dear, deceased,

and on behalf of the wrongful death beneficiaries of Eunice F. Dear, and in his individual capacity,

collectively "Plaintiff" or "Plaintiffs" hereinafter, and files this complaint for injunctive relief and

damages, and in support thereof would show unto the court the following, to wit:

### PARTIES

1.    Plaintiff Billy Dear is an adult resident citizen of Rankin County, Mississippi. Billy Dear has

authority to bring this action on behalf of the Estate of Eunice F. Dear, Deceased, and on

behalf of the individual devisees of the Last Will and Testament of Eunice F. Dear, by way

of LETTERS TESTAMENTARY having been issued unto him IN THE MATTER OF THE

ESTATE OF EUNICE F. DEAR, DECEASED, Rankin County Chancery Court Cause No.

73977. A copy of said Letters Testamentary is attached hereto and incorporated herein as

1

exhibit "A".

2.   The Plaintiff Estate of Eunice F. Dear possesses and owns certain real property situated in Rankin County Mississippi located at 2606 Hwy 49 South, Florence, Mississippi, a more complete description being attached hereto and incorporated herein as exhibit "B".

3.   The Plaintiff individual devisees of the Last Will and Testament of Eunice F. Dear, joint owners of the said property situated in Rankin County Mississippi described in exhibit "B" are named in the Last Will and Testament of Eunice F. Dear, which has been admitted to probate in Rankin County Chancery Court, Cause No. 73977 . They are: Patricia Dear Fryant; Shannon Nipper (formerly Shannon Faye Dear); Ellis Milton Dear and Billy Wayne Dear.

4.   The wrongful death beneficiaries of Eunice F. Dear are the natural children of Eunice F. Dear and are limited to being the same persons as the individual devisees of the Last Will and Testament of Eunice F. Dear, namely Patricia Dear Fryant; Shannon Nipper (formerly Shannon Faye Dear); Ellis Milton Dear and Billy Wayne Dear.

5.   Defendant Res  "One Fiber-Optic Cable" is a certain apparatus/conduit and hardware configuration currently situated upon the real property of the Plaintiff situated in Rankin County Mississippi, approximately 200 feet in length,  wrongfully placed or caused to be placed there by the other Defendants herein. Plaintiffs seek compensation for the cable and or other "equipment" of the other defendants being wrongfully placed on Plaintiff's real estate and remaining there to this day and/or both removal of the Defendant cable from said real estate and such compensation.

2

6.   Defendant, Crown Castle South LLC, is a foreign limited liability corporation (Delaware), having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, and whose principal place of business is located at 1220 Augusta Drive, Suite 500, Houston, TX 77057 ,and whose agent for service of process is CT Corporation, located at  645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

7.   Defendant, MasTec, Inc. ("Nsoro" hereinafter), is a limited liability corporation, having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, whose address is 800 Douglas Road-Penthouse, Coral Gables, Florida, 33134.

8.   Defendant, SES Construction Consulting Group, Inc. is a foreign corporation (Louisiana) with sufficient ties to the State of Mississippi, conducting business within the State of Mississippi, whose principal place of business is located at 2701 Ridgelake Drive, Metairie, LA 70002, whose registered agent, Randy Farrell, may be served with process at said address and/or at 4001 West Esplanade Avenue, Metairie, LA, 70002.

9.   Defendant Chancellor Funeral Home, LLC is a Mississippi limited liability company whose principal place of business is located at 2576 Highway 49 South in Florence, Rankin County Mississippi where its agent for service of process, Fred W. Chancellor, may be served with process of the court.

10.   Defendant Chancellor Funeral Home, LLC is a necessary party to this litigation as matters regarding ingress and egress and  improvements to real estate Chancellor Funeral Home, LLC has an interest in are at issue and will be determined by the Court.  Chancellor Funeral Home, LLC has been unjustly enriched, by receiving the benefits of an easement running across its property, while the burdens of the easement have fallen upon the Plaintiff.

3

11.     Defendant MCTA Cellular Partnership "MCTA", is a Mississippi general partnership with

        its principal place of business being located at 121 South Congress Street, No. 1230, Jackson,

        MS 39201.  MCTA is a necessary party to this litigation in that property rights it enjoys may

        be effected by this litigation.

12.     Defendant, BlueWave Deployment, LLC , is a foreign limited liability company (Michigan),

        having sufficient contacts with the state of Mississippi, conducting business within the state

        of Mississippi, whose principal place of business  is located at 2527 Nelson Miller Pkwy,

        Suite 106, Louisville, KY 40223-3161 , where its president and agent for service of process

        is  located.

13.     Unknown Defendants 1, 2, and 3 are individuals or entities unknown to the Plaintiff at this

        time who were and remain jointly responsible for the harm and damages the Plaintiffs have

        and continue to suffer.

14.     Defendants  have  been  uncooperative  in  sharing  information  with  the  Plaintiff  prior  to

        complaint being filed,  therefore, as discovery progresses, amendments may be necessary to

        insure proper alignment of parties.

### JURISDICTION AND VENUE

15.     This Court has jurisdiction over matters of equity, injunctive relief and matters regarding real

        estate.  Further:

**Th[is] court in which a will may have been admitted to probate, letters of administration
granted, or a guardian may have been appointed, shall have jurisdiction to hear and determine
all questions in relation to the execution of the trust of the executor... and shall have
jurisdiction of all cases in which bonds or other obligations shall have been executed in any
proceeding in relation to the estate, or other proceedings, had in said chancery court, to hear
and determine upon proper proceedings and evidence, the liability of the obligors in such bond
or obligation, whether as principal or surety, and by decree and process to enforce such**

4

liability.
Miss. Code § 9-5-83 (1972).

**And in addition to the jurisdiction heretofore exercised by the chancery court in suits to try title and to cancel deeds and other clouds upon title to real estate, it shall have jurisdiction in such cases to decree possession, and to displace possession; to decree rents and compensation for improvements and taxes; and in all cases where said court heretofore exercised jurisdiction, auxiliary to courts of common law, it may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted or the legal title established by a suit at law.** Miss. Const. § 160.

The Chancery Court of Rankin County Mississippi has exclusive jurisdiction of this decedent's estate, which includes the decedent's real and personal property at the time of her death. At the time of her death, Eunice F. Dear had in her possession a certain tract of real property located in Rankin County Mississippi further described in attached exhibit "B". On such property, defendants had placed, conspired to place and/or caused to be placed a fiber-optic cable without the permission of Eunice F. Dear. Therefore, prior to her death, Eunice F. Dear possessed a fiber-optic cable on her property (placed there by several of the defendants) and she owned an interest in such cable. Thus, the cable itself and any rents or royalties emanating therefrom which Eunice F. Dear was entitled and which accrues to this day, were initially and remain part of the Estate of Eunice F. Dear, property under the exclusive jurisdiction of the Rankin County Chancery Court.

16. Venue is proper in Rankin County Mississippi in that the concerned real estate is located in Rankin County Mississippi; the Defendant res cable is located in Rankin County Mississippi; Defendant Chancellor Funeral Home, LLC operates a place of business in Rankin County Mississippi upon which grounds the subject cable should have been placed; the operative facts underlying this complaint occurred in Rankin County Mississippi and, an

5

Estate concerning the said real estate, and the heirs of Eunice F. Dear has been opened in Rankin County Mississippi, in this Court. Billy Dear, the executor of the Estate of Eunice F. Dear and representative of the wrongful death beneficiaries of Eunice F. Dear, is a resident of Rankin County Mississippi.

## OPERATIVE FACTS

17. Eunice F. Dear, a resident of Rankin County Mississippi, owned certain real property situated in Rankin County Mississippi, located at 2606 Highway 49 South, Florence, Mississippi, more particularly described as stated in attached exhibit "B" incorporated herein.

18. The individual Plaintiffs gain their interest in said property by virtue of being the natural children of Eunice F. Dear, and through the Last Will and Testament of Eunice F. Dear, deceased, which has been admitted to probate in this court.

19. Eunice F. Dear departed this life on June 04, 2012, at the age of 80 years.

20. Eunice F. Dear committed suicide.

21. Prior to the death of Eunice F. Dear, Defendants made plans among each other to run a conduit and fiber optic cable, or some similar device, from a point within a few feet of Highway 49 in Florence, MS to a cellular tower located adjacent to the property of Eunice F. Dear.

22. Plaintiffs have reason to believe that the Defendants had a legal right to run the conduit and cable along an easement which had been granted unto them, or some of them, concerning and across certain property adjacent to the described property of Eunice F. Dear.

6

23. Upon information and belief, said adjacent property is owned by Defendant Chancellor Funeral Home, LLC.

24. The Defendants however, had no easement or other right to enter unto or place any conduit, cable or other object upon the land of Eunice F. Dear.

25. Nonetheless, during the month of May, 2012, the Defendants placed the conduit housing the fiber optic cable, and the cable itself ("cable" hereinafter), upon and across the land of Eunice F. Dear and/or caused the cable to be so placed, thereby constituting a trespass upon the land of the Plaintiff.

26. Further, Defendants knew that the easement they possessed across the adjacent "Chancellor" property was covered, in whole or in part, by an asphalt driveway/parking lot.

27. Defendants, their agents, employees and/or contractors therefore intentionally (or with gross negligence) trespassed upon the land of Eunice F. Dear (not covered by asphalt), laying their cable upon the land of Eunice F. Dear, in an effort to save themselves time, effort and expense.

28. Defendants had a non-delegable duty to not trespass, to oversee and/or monitor the installation and make sure that the cable was placed on the easement, and not the property next door, but failed to do so, breaching their duty owed to the Plaintiffs. Defendants are directly and vicariously liable for the actions of their agents, employees and alleged independent contractors.

29. Most if not all Defendants named herein have been aware of the initial and continuing trespass, prior to this complaint being filed, and none have made any offer to rectify the situation.

7

30.     The described trespass continues to this day.

COUNT I

ACTION TO QUIET TITLE AND FOR INJUNCTIVE RELIEF

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

31.     This Court has exclusive jurisdiction, pursuant to Miss. Code Ann. Section 11-17-31 (1972), to remove clouds from title to real property . Venue is proper, pursuant to Miss. Code Ann. 11-5-1 (1972), as the subject property is located in Rankin County Mississippi.

32.     Plaintiffs are the rightful, exclusive owners of the subject property, having exclusive title thereto. Title is vested in the Plaintiffs as follows, to wit: See attached exhibit "C" incorporated herein, the original thereof being recorded at Book 333 pgs. 334 -336 in the land records of Rankin County Mississippi located in Brandon, Mississippi.

33.     Any and all Defendants who procured, own, placed or benefit from the cable as it now sits, posses an interest in the said cable and therefore, by having their cable and/or interest run across the land so situated, are making an adverse claim upon the Estate of Eunice F. Dear and/or the subject real property described in exhibit "B", a substantial asset of the Estate and individual Plaintiffs.

34.     Said adverse claim constitutes a cloud upon the title to the subject real property, the primary res of the estate of Eunice F. Dear, which Plaintiffs seek compensation for and to be removed.

8

35.   Wherefore, Plaintiffs seek an order that the cloud of apparent adverse possession be removed, and, that the Defendants, for not less than sixty (60) months, pay rents unto the Plaintiff at the rate of $5000.00 per month, whether or not said cable remains on the said land for the entire 60 months and whether or not said cable remains in use or operation for the entire 60 months; or, in the alternative, that the cable be removed from the land immediately and that the Defendants pay unto Plaintiffs a sum equal to all income, rents, royalties or other benefits derived by each of them, directly or indirectly, from the installation, leasing, sub-leasing or other use of said cable and/or the tower to which it connects for a period of time beginning on the day of installation of such cable and terminating on the day the cable is removed from the land of the Plaintiff, in addition, that such Defendants pay unto the Plaintiff reasonable compensation for all damages, costs and fees they have caused Plaintiffs, including reasonable attorneys fees incurred in an effort to have the stated cloud removed.

36.   There is no complete and adequate remedy at law; the injury is substantial and if the relief requested is not granted, the injury suffered by the Plaintiff will be irreparable, being that the Defendants will have stolen the Plaintiffs property.

37.   That neither a preliminary injunction nor temporary restraining order is sought, Plaintiff requests that bond or other security be waived.

38.   Given that injunctive relief is sought as alternative relief, it is requested that a writ not issue but until after a hearing upon the merits is had.

## COUNT II

### Miss.Code § 77-9-715.

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

39.   Plaintiffs claim all damages available under Mississippi Code Section 77-9-715 (1972), including, but not limited to for the permanent continuance of such line and fixtures; for the diminution of value to Plaintiff's real property; for a reasonable percentage of the rents, royalties and/or other income being accessed and/or earned or otherwise derived from the cable or other equipment placed on Plaintiffs property; and for the wrongful death of Eunice F. Dear. The erection, continuance, and use of the cable lines wrongfully placed on the property of Eunice F. Dear caused her great emotional distress, leading to and being the proximate cause of the death of Eunice F. Dear.

## COUNT III

### TRESPASS

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

10

40.  Defendants, acting alone, and in concert with one another, have each trespassed upon the described land of the Plaintiff and continue to do so by the cable remaining on the Plaintiffs property to this day.

41.  Eunice F. Dear demanded that the Defendants not trespass on her land, but the Defendants wilfully, maliciously and/or with gross negligence and/or reckless disregard to the rights of Eunice F. Dear and the Plaintiffs, persisted in their trespass. After being notified by legal counsel for the Estate that the trespass continues, the Defendants continue in their trespass, forcing this complaint to be filed.

42.  Plaintiffs seek compensatory damages due to the stated trespass including, but not limited to, the diminution of the use and value of the land, for a reasonable percentage of the rents, royalties and/or other income being accessed and/or earned or otherwise derived from the cable placed on Plaintiffs property; and for the wrongful death of Eunice F. Dear, punitive damages, and reasonable attorneys fees.

COUNT IV

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

43.  Eunice F. Dear suffered severe mental anguish and emotional distress as the result of the Defendant's actions and intentional trespass. The said emotional distress of Eunice Dear was a reasonably foreseeable result of the defendant's conduct. The defendant's conduct was

11

malicious, intentional, willful, wanton, grossly careless, indifferent and/or reckless to the rights of Eunice F. Dear, causing severe psychological and emotional distress to Eunice F. Dear. Said conduct of Defendants was so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community. Alternatively, defendants negligently inflicted severe emotional distress upon Eunice F. Dear.

## COUNT V

## UNJUST ENRICHMENT

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

44.  All Defendants, corporate and individual, named and currently unnamed, have been unjustly enriched by the wrongful taking of the Plaintiff's described land, by contracting with one another and making and receiving payments to and from one another to place the cable and/or other equipment there without authority to do so, and by the trespassory placing upon the Plaintiff's land certain equipment wherefrom rents, royalties and other streams of income have and continue to be derived to this day. Some of the Defendants continue to be unjustly enriched to this day by continuing to receive payments earned directly, or indirectly from the cable and/or other equipment as defined herein being placed on the Plaintiff's property. Additionally, defendant Chancellor Funeral Home, LLC, was unjustly enriched by not having its parking area disrupted and thus, business operations not being disrupted.

12

Chancellor Funeral Home knew that the cable was being wrongfully placed upon the property of its neighbor, Eunice F. Dear, an elderly widow, yet did nothing to help correct the error. Chancellor Funeral Home would have experienced a substantial disruption of business operations had the cable been placed along the easement which runs along the Chancellor Funeral Home property. Chancellor Funeral Home, LLC, has thus benefitted from the easement which runs along its property, whereupon the cable should have been placed, yet the burdens of the easement have fallen upon the Plaintiffs. Plaintiffs seek from Chancellor Funeral Home, LLC, compensation and damages in an amount not less than the value of the benefit it has derived from the said easement (payments it has received for the easement) and the value of not having the said cable placed upon his land.

From defendants other than Chancellor Funeral Home, LLC, Plaintiffs seek the reasonable value of a perpetual monthly easement for the wrongful taking which has effectively occurred, for so long as the conduit and cable remains on the Plaintiff's property, but in no event for not less than sixty (60) months, whether or not the owners of the cable opt to remove the cable from Plaintiff's land prior to the expiration of sixty (60) months. Plaintiffs would not have leased its land for less than sixty (60) months, nor conveyed a permanent easement for less than reasonable value as determined by the Plaintiffs.

COUNT VI

WRONGFUL DEATH

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are

13

incorporated herein.

45. This cause of action for wrongful death is brought pursuant to Miss. Code Section 11-7-13 (1972) as amended.

46. Defendants had a duty to not trespass upon the lands of Eunice F. Dear and/or to not cause others to trespass upon the lands of Eunice F. Dear. Additionally, Defendant(s) had a duty to behave in a reasonably prudent manner and as a reasonable prudent person or corporate entity would under the same or similar circumstances. Defendant(s) however breached each of those stated duties, and others, by placing their equipment upon the Plaintiff's property at a place where it was obviously on the Plaintiff's property, and, at a location where Defendants obviously had no right to place the equipment.

47. Bodily and psychological harm to Eunice F. Dear was a foreseeable result of the Defendant's breach of duty.

48. Defendants joint and concerted agreements, actions, gross negligence and reckless disregard for the rights of Eunice F. Dear, proximately caused the death of Eunice F. Dear. Eunice F. Dear was elderly, living alone and frail. She was aware of the Defendants' trespass and made efforts to advise the Defendants that they were trespassing upon her property and demanded their departure. Defendants knew that Eunice F. Dear was upset by the fact of their trespass. Nonetheless, the Defendants ignored her request, and continued in their trespass. But for the Defendants continuing trespass, Eunice F. Dear would not have committed suicide.

49. As a direct result of Defendant's negligent, grossly negligent or reckless or intentional conduct, Plaintiffs have suffered numerous personal injuries, including but not limited to the

pain and suffering of Eunice F. Dear; loss of the life of Eunice F. Dear; Eunice F. Dear's loss of enjoyment of her life; the loss of companionship and society of Eunice F. Dear; funeral expenses and all other damages of every kind recoverable by law including, but not limited to punitive damages, costs and expenses of bringing and prosecuting this action and reasonable attorneys fees. Plaintiffs seek from all such Defendants (excluding MCTA and Chancellor Funeral Home, LLC (at this point in time)) damages for such wrongful death of Eunice F. Dear.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff seeks judgment from the Court that all equipment ("equipment" being defined as any tower, antennae, cable, conduit, line or any other thing of value connected thereto) of the Defendant(s) be removed from the property of the Plaintiff; and, that Defendants pay onto the Plaintiff damages within the jurisdictional limits of this Court, for and in an amount including, but not limited to the reasonable value of all rents, fees and royalties that should have been paid unto Eunice F. Dear and/or her estate due to the Defendants, or any one of them, using or enjoying the use of her property and/or the property of the Estate of Eunice F. Dear as described herein, beginning from the time such use began until all such "equipment" of the Defendant(s) are removed from the Estate property, said calculation of damages, in no event, to be based on a period of time of not less than sixty (60) months in duration.

Alternatively, Plaintiff demands that Defendants pay unto Plaintiff the greater of any and all income (gross receipts) ever obtained by them, either directly or indirectly, from the placement of the Defendant's equipment on the Plaintiff's property, or, the rents that should have been paid by said Defendants to Eunice F. Dear and/or her estate; and in addition, that all such "equipment" on

15

the property of the Plaintiff be determined by the Court to be the property of the Plaintiff and an order issue to that effect.

Alternatively, that the Defendants pay unto the Plaintiff all damages as contemplated by M.C.A. Section 77-9-715 (1972) and that such equipment remain the property of the Defendants.

Further, the Plaintiff Estate of Eunice F. Dear seeks removal of a cloud on the title to its land described herein, being the Defendant's adverse possession.

Plaintiff seeks actual and punitive damages for the intentional and/or negligent infliction of emotional distress caused by Defendants upon Eunice F. Dear.

Plaintiff seeks damages for the unjust enrichment Defendants have enjoyed from the placement of the equipment on the Plaintiff estate's property.

Plaintiff seeks actual and punitive damages for the wrongful death of Eunice F. Dear.

Plaintiff seeks actual and punitive damages from all Defendants who were responsible for, in whole or in part, the intentional or grossly negligent trespass upon the property of Eunice F. Dear and the continuing trespass upon the Estate of Eunice F. Dear.

Plaintiff demands that Defendants pay all costs of court, fees associated therewith and attorney's fees incurred by the Plaintiff in bringing this complaint.

Plaintiff requests any combination of the above requested remedies and any such other general relief Plaintiff has failed to demand, as the Court should determine to be fair, just and equitable.

16

_Billy Dear_

Billy Dear, individually and as executor for the Estate of
Eunice F. Dear, and as representative
of the wrongful death beneficiaries of Eunice F. Dear.

## AFFIDAVIT

State of Mississippi
County of Rankin

   Personally appeared Before Me, the undersigned authority in and for said county and
State, Billy Dear, who being by me first duly sworn, stated on oath that the matters and facts set
forth in the above and foregoing Complaint for Injunctive Relief and Damages are true and
correct as therein stated.

   Sworn to and subscribed before me, this the 28 Day of February, 2013.

_Monica L. Baldwin_
NOTARY PUBLIC

My Commission Expires: _____

STATE OF MISSISSIPPI
MONICA L. BALDWIN
ID No
58721
NOTARY PUBLIC
Comm Expires
February 28, 2016
RANKIN COUNTY

   Submitted this the ___ day of February, 2013.

James L. Kelly, legal counsel for the Plaintiff

James L. Kelly M.S.B. No. 3557
Kelly Law Office, P.C.
202 East Government Street
Brandon, MS 39042
Telephone: 601-825-6455

Billy Dear, et al. v. One Fiber Optic Cable, et al; Complaint

17

EST: A true copy
RY SWALES, Chancery Clerk

**FILED**

JUL 3 1 2012

IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

LARRY SWALES
Chancery Clerk, Rankin County
By _____ D.C.

RE:   IN THE MATTER OF THE ESTATE OF
EUNICE F. DEAR, DECEASED

CAUSE NO. 73977

### LETTERS TESTAMENTARY

THE LAST WILL AND TESTAMENT of EUNICE F. DEAR, late of this County, deceased, having been duly proven and admitted to record in the Chancery Court thereof, letters testamentary are hereby issued to BILLY WAYNE DEAR, Executor.

Therefore, the said BILLY WAYNE DEAR is fully empowered and required to administer all and singular the goods, chattels and credits of the testator in this State and elsewhere; to take the same into his hands, to ask, levy, recover and receive the same; to make, if required, a true and perfect inventory or inventories of all the said goods, chattels and credits which shall come to his hands, possession or knowledge, or into the hands or possession of any other person or persons, for him; to return into our said Court, if so ordered by the Court, such inventory or inventories; to make in said Court, if required, a just and true account or accounts of her actions and proceedings in the premises, and duly pay and deliver the legacies and devise specified in said Will, so far as said goods, etc., may extend, according to the value thereof, and as the law shall charge him; and in all things, according to law, to exert the rights and perform the duties of the trust conferred upon him.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal of said Court, in the City of Brandon, County of RANKIN, Mississippi.

Issued this the 3 1 day of July, 2012.

Larry Swales, CHANCERY CLERK

By: _____ D.C.

James L. Kelly, Esq.
Kelly Law Office, P.C.
POST OFFICE BOX 1975
BRANDON, MISSISSIPPI 39043
Telephone: (601) 825-6455
MSB# 3557



**EXHIBIT**

**A**

Commencing at the Northeast corner of the SW 1/4
of the SE 1/4 of Section 19, Township 4 North,
Range 2 East and run thence South 535.4 feet to a
point; thence North 89 degrees West 313.2 feet;
thence North 00 degrees and 30 minutes East 179.6
feet to a point, and which point is the point of
beginning of the land herein described; from said
point of beginning run thence North 00 degrees and
30 minutes East 219.5 feet; thence South 88 degrees
West 585 feet to a point on the East R. O. W. line of
U. S. Highway 49, thence Southward along said R. O. W.
line 223 feet; thence South 89 degrees East 514.3
feet to the point of beginning, and all being in the
SW 1/4 of the SE 1/4 of Section 19, Township 4 North,
Range 2 East, LESS AND EXCEPT a 64.2 foot strip off
the West end thereof, which has been deeded to the
Mississippi Highway Department for a new highway.



EXHIBIT
B

## WARRANTY DEED

BOOK 315 PAGE 134

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00) cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of all of which are hereby acknowledged, we, EUNICE F. DEAR, PATRICIA DEAR FRYANT, BILLY WAYNE DEAR, ELLIS MILTON DEAR, and SHANNON FAYE DEAR, a minor, by and through her guardian and next friend, Eunice F. Dear, pursuant to Chancery Court Decree rendered in cause number 14,078 on February 23, 1976, hereby convey and warrant to EUNICE F. DEAR all our interest in the following described land and property lying and being situated in Rankin County, Mississippi, to-wit:

> Commencing at the Northeast corner of the SW 1/4 of the SE 1/4 of Section 19, Township 4 North, Range 2 East and run thence South 535.4 feet to a point; thence North 89 degrees West 313.2 feet; thence North 00 degrees and 30 minutes East 179.6 feet to a point, and which point is the point of beginning of the land herein described; from said point of beginning run thence North 00 degrees and 30 minutes East 219.5 feet; thence South 88 degrees West 585 feet to a point on the East R. O. W. line of U. S. Highway 49, thence Southward along said R. O. W. line 223 feet; thence South 89 degrees East 514.3 feet to the point of beginning, and all being in the SW 1/4 of the SE 1/4 of Section 19, Township 4 North, Range 2 East, LESS AND EXCEPT a 64.2 foot stripp off the West end thereof, which has been deeded to the Mississippi Highway Department for a new highway.

**EXHIBIT C**

Excepted from the warranty of this conveyance are all prior mineral reservations, easements, restrictive covenants, and rights-of-way of record thereunto pertaining.

The said Eunice F. Dear, Patricia Dear Fryant, Billy Wayne Dear, Ellis Milton Dear and Shannon Faye Dear constitute all the heirs at law of James Franklin Dear, deceased.

WITNESS our signatures this the _____ day of February, 1976.

_Eunice J Dear_
EUNICE F. DEAR, INDIVIDUALLY

BOOK 333 PAGE 335

_Eunice F. Dear_
EUNICE F. DEAR, GUARDIAN OF THE ESTATE
OF SHANNON FAYE DEAR, A MINOR

_Patricia Dear Fryant_
PATRICIA DEAR FRYANT

_Billy Wayne Dear_
BILLY WAYNE DEAR

_Ellis Milton Dear_
ELLIS MILTON DEAR

STATE OF MISSISSIPPI
COUNTY OF RANKIN

     PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Eunice F. Dear, individually and as Guardian of the
Estate of Shannon Faye Dear, a minor, who acknowledged that she
signed, executed and delivered the above and foregoing instrument
on the day and year therein mentioned.

     GIVEN under my hand and official seal of office, this
the _16th_ day of ~~February~~, 1976.
      _March_

NOTARY PUBLIC

MY COMMISSION EXPIRES:

_____

STATE OF ~~MISSISSIPPI~~ _Nebraska_
COUNTY OF _____

     PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Patricia Dear Fryant who acknowledged that she signed,
executed and delivered the above and foregoing instrument on the
day and year therein mentioned.

     GIVEN under my hand and official seal of office, this
the _22nd_ day of ~~February~~ 1976
     _March_

GLADIS L. MORGAN
GENERAL NOTARY
State of Nebraska
My Commission Expires
DECEMBER 8, 1976

NOTARY PUBLIC

MY COMMISSION EXPIRES:

STATE OF MISSISSIPPI
COUNTY OF _Rankin_

     PERSONALLY came and appeared b... c

MY COMMISSION EXPIRES: _____   NOTARY PUBLIC _____

STATE OF MISSISSIPPI
COUNTY OF Rankin

      PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Billy Wayne Dear who acknowledged that he signed,
executed and delivered the above and foregoing instrument on the
day and year therein mentioned.

      GIVEN under my hand and official seal of office this
the 8th day of February, March, 1976.

                          Doris S. Buchanan
                          NOTARY PUBLIC

MY COMMISSION EXPIRES:
My Commission Expires September 7th 1979

STATE OF MISSISSIPPI

COUNTY OF ~~Rankin~~                                    BOOK 333 PAGE 336

      PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Ellis Milton Dear who acknowledged that he signed,
executed and delivered the above and foregoing instrument on the
day and year therein mentioned.
      GIVEN under my hand and official seal of office, this
the _10th_ day of ~~February~~, 1976.
          _March_

                              NOTARY PUBLIC

MY COMMISSION EXPIRES:
~~My Commission Expires October 5, 1978~~

                          '76  4-5  243
                          IN B 333  P 334

RANKIN COUNTY, MISS.
THIS INSTRUMENT WAS
FILED FOR RECORD
                IRL DEAN RHODES, CHY. CLK.
                BY _____ D.C.

### IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED**                                    **PLAINTIFFS**

**VS.**                                    **CAUSE NO. 13-380**

**ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; and BLUEWAVE DEPLOYMENT, LLC**

**DEFENDANTS**

**PLAINTIFFS FIRST SET OF INTERROGATORIES; REQUESTS FOR ADMISSIONS
AND PRODUCTION OF DOCUMENTS (served with complaint)**

COMES NOW the Plaintiffs, the Estate of Eunice F. Dear and the Wrongful Death Beneficiaries of Eunice F. Dear, Deceased ("Plaintiff" or "Plaintiffs" hereinafter) and propounds the following interrogatories, requests for admissions and production of documents to the defendants, and requests that you make your answer fully in writing and under oath, in accordance with the *Mississippi Rules of Civil Procedure* on discovery. These discovery requests are continuing in nature and require that you immediately supplement your answers in accordance with the *Mississippi Rules of Civil Procedure* should you obtain supplemental, additional or different information after your initial answers and response to these and other discovery request(s).

### COMMON TERMS; DEFINITIONS AND INSTRUCTIONS

1. The term "you" or "your" refers to the named Defendant these discovery requests were served upon, your attorney, or any other respective agent, affiliate or representative of the defendant.

2. The term "defendant" refers to the entity these discovery requests were served upon AND any representative(s) or agent(s) of yours who have an interest in this litigation and/or who are responding or assisting in responding to these discovery requests on your behalf. The term "plaintiff" refers to the Estate of Eunice F. Dear and the Wrongful Death Beneficiaries of Eunice F.

1

"plaintiff" refers to the Estate of Eunice F. Dear and the Wrongful Death Beneficiaries of Eunice F. Dear, deceased, or Eunice F. Dear, or Billy Dear, or any of them, depending upon the context in which the term "plaintiff" is being used.

3. When used with reference to a person, "identify" or "identity" means to give that person's **name, residence address, business address, telephone number, occupation, employer and that person's relation and or affiliation with you.** When used in reference to an entity, "identify" or "identity" means to specify the corporate, partnership, llc or other legal name of the entity **and** the name the entity normally conducts business in, **the state of incorporation, and** the business address and telephone number of its principal place of business.

4. When used with reference to a document or other tangible item, "identify" or "identity" means to describe that item, state the name and address of the one who prepared or produced the item, the date it was prepared or produced, and the present location of the original item. Attach the original or an exact duplicate of the entire identified document as an exhibit to your response or state in detail why you fail to do so.

5.     "Document" is used in its broadest sense and means all originals, identical and non-identical copies of any papers, books, accounts, writings, drawings, graphs, charts, photographs, electronic or videotape recordings, other data compilations from which information can be obtained and translated, if necessary, by you through detection devices into reasonably usable form, and any other tangible things which constitute or contain matters relevant to the subject matter in this cause of action. If a document identified in a particular request involves a magnetic record, identify the format of the recording and the type of system required to reproduce or playback the recording.

2

6.     When asked to identify any "statement" or "communication", the request pertains to written or oral, verbal or non-verbal assertions whether previously recorded or not and you should state the subject of the communication; the place where it was made; the name, address and phone number of each person who participated in the communication; the name, address and phone number of each person who was present at the time it was made; by whom each person present and or participating was employed; who each identified person represented or purported to represent at the time the communication was made; the nature and substance of each document or other recording pertaining to the communication, the physical local of each such document or recording and the name, address and phone number of it's custodian.

7.     For each document produced in response to a request or interrogatory, indicate on the document the numbered request(s) and sub-part(s) of the request or interrogatory to which it relates or responds.

8.     If anything is deleted from a document produced, list:

a) the reason for the deletion; and,

b) the subject matter of the deletion

9.     If any document or answer is withheld under claim of privilege, furnish a list identifying:

a) each document for which the privilege is claimed, together with:

I) date of creation; ii) sender; iii) recipient(s) and or intended recipient(s) of original and copies;

iv) subject of document; v) name, address and phone number of the custodian of the document and each copy thereof; and

3

b) the number of the interrogatory or other request to which the withed answer or document pertains; and

c) the factual and legal basis upon which the privilege is claimed.

10. If you do not supply documents in response to a request or interrogatory, identify the document in question, state in full why the document(s) will not be supplied, and state what efforts have been made to locate the documents requested. If you refuse to admit categorically and without equivocation any request for admission, state in full the complete factual and legal basis for your refusal, given the requirements of M.R.C.P. 11, 26,34 and 36.

11. The term "Dear", refers to Eunice F. Dear, now deceased.

12. The terms "subject property" or "estate property" or "property of Eunice F. Dear" are synonymous and refer to that real estate described in exhibit "B" to the complaint filed herein.

13. The term "equipment" refers to a fiber optic cable or conduit or other related apparatus or hardware  intended for use in the cellular or communications industry.

14. The term "tower site" refers to a vertical communications structure (cell tower) existing at or about 2576 Hwy 49 South, Florence, MS.

space intentionally left blank

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO ALL DEFENDANTS

TO:     Each separate defendant.

Now comes the Plaintiff in the above styled and numbered cause, and in order to simplify the issues for the trial of this cause makes the following Request for Admissions of Fact under the Mississippi Rules of Civil Procedure, and demands that the defendant specifically admit under oath or deny under oath the following facts. The defendant is hereby further advised that a failure to specifically answer any request or an evasive answer to any request will be taken as an admission of truth of such request. A true and correct copy of these requests is being delivered to the Clerk of the Court for filing herein. The facts which you are requested to admit or deny are as follows:

**Request No.1**:      Admit that Plaintiff is the owner of that property described in exhibit "B" attached to the complaint.

**Request No.2**:      Admit that you are not the owner of that property described in exhibit "B" to the complaint.

**Request No.3**:      Admit that the property described in exhibit "B" to the complaint has a street address of 2606 Highway 49 South, Florence, MS 39073.

**Request No.4**:      Admit that the cell tower at issue is located on the lot adjacent (next door) to the Plaintiff's property described in exhibit "B" to the complaint.

**Request No.5**:      Admit that Chancellor Funeral Home, LLC has an address of 2576 Hwy 49 South, Florence, MS 39073 and is located adjacent (next door) to the Plaintiff's property described in exhibit "B" to the complaint.

**Request No. 6.**      Admit that you have no interest in, including no right of ingress or egress over that property described in exhibit "B" to the complaint.

**Request No. 7.**      Admit that Defendant Chancellor Funeral Home, LLC has its principal place of business within the State of Mississippi.

**Request No. 8.**      Admit that Defendant Chancellor Funeral Home, LLC has an interest in an easement which is used for access to and connecting to the tower site.

**Request No. 9.**      Admit that an easement exists in Florence, MS, at or about 2576 Hwy 49 South, running perpendicular to Highway 49, which allows some of the Defendants named herein to place cable and/or other equipment thereon.

**Request No. 10.**      Admit that the easement referred to in admission request number 9, above

5

is located on the property having a street address of 2576 Hwy 49 South, Florence, MS 39073.

**Request No. 11.**    Admit that the principal place of business of Defendant Chancellor Funeral Home is located at 2576 Hwy 49 South, Florence, MS 39073.

**Request No. 12.**    Admit that Defendant Chancellor Funeral Home, LLC conducts business at 2576 Hwy 49 South, Florence, MS.

**Request No. 13.**    Admit that the easement referred to in admission request number 9. above runs along or across the land of Chancellor Funeral Home, LLC.

**Request No. 14.**    Admit that an easement exists which allows placement of cable related to the subject tower site.

**Request No. 15.**    Admit that the easement referred to in admission request number 14. above runs along or across the land of Defendant Chancellor Funeral Home, LLC, on Highway 49 in Florence, MS.

**Request No. 16.**    Admit that Chancellor Funeral Home, LLC is a proper party to this litigation.

**Request No. 17.**    Admit that you have been served with sufficient service of process.

**Request No. 18.**    Admit that venue is proper in Rankin County Mississippi.

**Request No. 19.**    Admit that you conduct business in Rankin County Mississippi.

**Request No. 20.**    Admit that you do not have an easement, or an interest in an easement which runs across the land of Eunice F. Dear or her estate.

**Request No. 21.**    Admit that no easement exists which allows the placement of fiber-optic cable, conduit or other cell tower related equipment on or across the land of Eunice F. Dear or her estate.

**Request No.22.**    Admit that during the year 2012, you and/or your agent or your employee placed a cable on or across the land of Eunice F. Dear located in Rankin County Mississippi.

**Request No.23.**    Admit that during the year 2012, Defendants named herein other than you placed a cable on or across the land of Eunice F. Dear located in Rankin County Mississippi.

**Request No. 24.**    Admit that jurisdiction is proper in the Chancery Court of Rankin County Mississippi.

**Request No. 25.**     Admit that Defendant MTCA has an interest in the easement which allows placement of cable related to the subject tower site.

**Request No. 26.**     Admit that Defendant MTCA is a proper party to this litigation.

**Request No. 27.**     Admit that a wooden fence runs along the property line between the Plaintiff's property located at 2606 Highway 49 South, Florence, MS 39073 and the property of Defendant Chancellor Funeral Home, LLC located at 2576 Hwy 49 South, Florence, MS.

**Request No. 28.**     Admit that during or about the month of May, 2012 a fiber optic cable or conduit or similar type equipment was placed along the south side of the fence referred to in admission request no. 27 above.

**Request No. 29.**     Admit that during or about the month of May, 2012 you (including your employee or agent) placed a fiber optic cable or conduit or similar type equipment along the south side of the fence referred to in admission request no. 27 above.

**Request No. 30.**     Admit that during or about the month of May, 2012 a fiber optic cable or conduit or similar type equipment was placed along the south side of the fence referred to in admission request no. 27 above, upon the land of Eunice F. Dear.

**Request No. 31.**     Admit that during or about the month of May, 2012 , you (including your employee or agent) placed a fiber optic cable or conduit or similar type equipment along the south side of the fence referred to in admission request no. 27 above, upon the land of Eunice F. Dear.

space intentionally left blank

## PLAINTIFF'S FIRST INTERROGATORIES TO ALL DEFENDANTS

TO:    Each separate Defendant

1.    Identify yourself.

2.    Identify by full name, address and present employment each and every person assisting in answering these interrogatories or requests for admissions or production of documents.

3.    Give a detailed explanation of the reasons, circumstances and factual basis for every denial of each request for admission submitted by the plaintiff and denied by you, the defendant.

4.    Give a detailed explanation of the reasons, circumstances and factual basis for every denial of each allegation in the complaint denied by the defendant.

5.    State the name and address of each person, including experts, having any knowledge of any discoverable information related to the subject of the complaint herein.

6.    State the name and address of any potential party to this lawsuit, not already a party hereto; and state why that person or entity should be named as a party.

7.    State the name, address and qualifications of each expert whom you expect to call as an expert witness at the trial of this case, the subject matter concerning which the expert expects to testify, the basis of his or her opinion, and attach a copy of any report, including factual observations and opinions, which has been prepared by any such expert concerning this matter.

8.    Describe any insurance policy or agreement under which any insurance business or carrier may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name and address of the insurer, the policy number(s), the name of the insured(s) and the amount of any insurance coverage.

9.    Give the content of any written or oral statement, given by you, your agent or employee, prior to this complaint being filed, to any insurance investigator or agent, or other investigator or to any other party named in this complaint, in relation to the easement, lack of easement, or cable at issue, and include the date such statement was made and to whom it was given.

10.    Identify each and every person you may call as a witness at the trial of this cause.

11.    Identify each and every document you may introduce into evidence at trial.

12.    Identify, by name, address and telephone number, the individuals who were on site and

8

or participated in the installation of the fiber optic cable/conduit/equipment at issue. (This includes supervisors and crew members.)

13.     Give the exact date(s) of the physical installation of the cable/conduit/equipment at issue.


## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO ALL DEFENDANTS

TO:     Each Separate Defendant

Plaintiff hereby requests pursuant to the Mississippi Rules of Civil procedure, that the defendant produce the following documents and records:

1.      Any and all photographs, diagrams or other documents that you may use at the trial of this cause.

2.      Any and all expert reports, concerning this matter, which have been or will be obtained from any expert.

3.      A copy of any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy or errors and omissions policy or malpractice insurance covering you.

4.      Copies of any and all statements previously made by you and/or any other person concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by any party hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by any person..

5.      Any and all drawings, maps, sketches, blueprints or the like of the tower site and/or relevant easement which you generated, viewed, referred to or relied upon prior to the installation of the fiber optic cable at issue.

6.      Any and all deeds, easements, contracts and/or legal descriptions related to the tower site and/or relevant easement which you generated, viewed, referred to or relied upon prior to the installation of the fiber optic cable at issue.

9.      A copy of any document or notation, post, entry or communication which contains or may lead to discoverable information.

10.     A copy of any document, photograph, recording, notation or thing which you may use for illustrative purposes at trial, or introduced for identification or evidence at trial.

9

11.    A statement of all amounts paid by you or received by you, from January 01, 2012 to December 31, 2012 which were related to the easement connected to the subject tower site. (This would include payments made or received regarding the rights conveyed in the easement itself, and, income derived from the cell tower to which the easement connects. Specify whether the amounts reported were received by you or paid by you and whether the payment was for the easement itself, or for services, fees or royalties which the easement facilitated.)

13.    A print out of each and every email or text message or other electronically stored information or communication authored, sent or received by you between the dates of January 01, 2012 and September 19, 2012 regarding the procuring or placement of any easement or rights, or cable or conduit relevant to the subject tower site.

14.    A print out of each and every correspondence, Facebook post, message or comment, MySpace post, message, or comment, Youtube video, message or comment or Twitter tweet or email or text message, or any other form of electronic communication, which you have authored, originated, sent or received, from January 01, 1990 until September 19, 2012 that mention the name "Eunice Dear" or "Eunice F. Dear", or, "Bill Dear" or "Billy Dear" or had anything to do with, Eunice F. Dear, or Billy Dear, either directly or indirectly.

15.    Any and all drawings, maps, sketches, blueprints or the like of the tower site and/or relevant easement which you generated, viewed, referred to or relied upon for the installation of the fiber optic cable at issue.

    Plaintiff requests that defendant produce and give complete sworn answers and compliance to the requests for admissions, interrogatories and production of documents submitted to the defendant this date, according to the Mississippi rules of Civil Procedure.

    Further, the undersigned counsel hereby certifies that the foregoing discovery requests were attached to the complaint filed herein and served upon each Defendant at the time each such Defendant was served a copy of the complaint.

    This the 26th Day of February, 2013.

                                        By: _____
                                            JAMES L. KELLY
                                            Attorney for the Plaintiff

Kelly Law Office, P.C.
202 East Government Street
Brandon, MS 39042
Telephone: 601-825-6455
Facsimile: 601-825-6552

Billy Dear et al. v. One Fiber Optic Cable, et al; Rankin County Chancery Court

10



James L. Kelly, Esq.
Kelly Law Office, P.C.
202 East Government Street
Brandon, MS 39042

Kelly Law Office, P.C.
P.O. Box 1975
Brandon, MS 39042

Kelly Law Office, P.C.
P.O. Box 1975
Brandon, MS 39042

*Virginie*

*Raglieri/Legal*

MASTEC, INC.
ATT: JOSE' R. MAS
800 S. Douglass Road, 12th Floor
Coral Gables, Florida 33134



U.S. POSTAGE PAID
BRANDON, MS
39042
MAR 06 13
AMOUNT
$2.32
00060607-09

1000   33134