## CLERK'S CERTIFICATE

**THE STATE OF MISSISSIPPI**
**COUNTY OF RANKIN**                        **CHANCERY COURT**

I, LARRY SWALES, Clerk of the Chancery Court of Rankin County, Mississippi, the same being a court of record, the lawful possessor and custodian of the papers and records of said court, do hereby certify and attest that the above and foregoing ___61___ pages are true, full and complete copies of _Billy Dear, in his individual capacity,and as Rep of the Wrongful Death Beneficiaries of Eunice F. Dear, et al VS One Fiber Optic Cable; Crown Castle South LLC; Mastec Inc; et al._ as the same are and remain, on file and of record in my office.

IN WITNESS WHEREOF, I have hereto set my hand and affixed the seal of said court, at my office in the City of Brandon, in the County of Rankin, and State of Mississippi, this the ___9th___ day of ___April___, 20_13_.

_____
CHANCERY CLERK OF RANKIN COUNTY, MISSISSIPPI

## CERTIFICATE OF CHANCELLOR

**THE STATE OF MISSISSIPPI**
**COUNTY OF RANKIN**                        **CHANCERY COURT**

I, DAN FAIRLY, a presiding Chancellor of the Twentieth Chancery District of the State of Mississippi, do hereby certify that LARRY SWALES, whose genuine signature appears to the foregoing Certificate, is the Clerk of the Chancery Court of said County, duly elected and qualified according to law; and that his official acts as such are entitled to full faith and credit; that his said Certificate is in due form of law: that the seal thereto attached is the genuine seal of said Chancery Court, and that said Court is a Court of Record.

Given under my hand and seal, at BRANDON, MISSISSIPPI, this the ___9th___ day of ___April___, 20_13_.

_____
CHANCELLOR

## CLERK'S CERTIFICATE OF CHANCELLOR

**THE STATE OF MISSISSIPPI**
**COUNTY OF RANKIN**                        **CHANCERY COURT**

I, LARRY SWALES, Clerk of said Court, do hereby certify that DAN FAIRLY, whose genuine signature appears to the annexed and last above Certificate of Attestation, is now, and was at the date of said Certificate, the Chancellor of the Twentieth Chancery Court District of said State, as therein stated, duly elected and legally qualified, and that all his acts as such are entitled to full faith and credit, that his said Certificate and Attestation are in due form of law, and that said Chancery Court is a Court of Record.

IN TESTIMONY WHEREOF, I have hereto set my hand and seal of said court, at my office, in Brandon, Mississippi, this the ___9th___ day of ___April___, 20_13_.

**EXHIBIT "B"**

_____
CHANCERY CLERK OF RANKIN COUNTY, MISSISSIPPI

**FILED**

**FEB 2 8 2013**

LARRY SWALES
Chancery Clerk, Rankin County
Rec. in Bk._____Pg._____

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED                                                    **PLAINTIFFS**

VS.                                                        CAUSE NO.  13-380

ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC
                                                                      **DEFENDANTS**

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

NOW COMES Billy Dear, executor of the Estate of Eunice F. Dear, on behalf of said estate,

and on behalf of the individual devisees of the Last Will and Testament of Eunice F. Dear, deceased,

and on behalf of the wrongful death beneficiaries of Eunice F. Dear, and in his individual capacity,

collectively "Plaintiff" or "Plaintiffs" hereinafter, and files this complaint for injunctive relief and

damages, and in support thereof would show unto the court the following, to wit:

### PARTIES

1.       Plaintiff Billy Dear is an adult resident citizen of Rankin County, Mississippi. Billy Dear has

authority to bring this action on behalf of the Estate of Eunice F. Dear, Deceased, and on

behalf of the individual devisees of the Last Will and Testament of Eunice F. Dear, by way

of LETTERS TESTAMENTARY having been issued unto him IN THE MATTER OF THE

ESTATE OF EUNICE F. DEAR, DECEASED, Rankin County Chancery Court Cause No.

73977. A copy of said Letters Testamentary is attached hereto and incorporated herein as

1

exhibit "A".

2.    The Plaintiff Estate of Eunice F. Dear possesses and owns certain real property situated in Rankin County Mississippi located at 2606 Hwy 49 South, Florence, Mississippi, a more complete description being attached hereto and incorporated herein as exhibit "B".

3.    The Plaintiff individual devisees of the Last Will and Testament of Eunice F. Dear, joint owners of the said property situated in Rankin County Mississippi described in exhibit "B" are named in the Last Will and Testament of Eunice F. Dear, which has been admitted to probate in Rankin County Chancery Court, Cause No. 73977 . They are: Patricia Dear Fryant; Shannon Nipper (formerly Shannon Faye Dear); Ellis Milton Dear and Billy Wayne Dear.

4.    The wrongful death beneficiaries of Eunice F. Dear are the natural children of Eunice F. Dear and are limited to being the same persons as the individual devisees of the Last Will and Testament of Eunice F. Dear, namely Patricia Dear Fryant; Shannon Nipper (formerly Shannon Faye Dear); Ellis Milton Dear and Billy Wayne Dear.

5.    Defendant Res  "One Fiber-Optic Cable" is a certain apparatus/conduit and hardware configuration currently situated upon the real property of the Plaintiff situated in Rankin County Mississippi, approximately 200 feet in length,  wrongfully placed or caused to be placed there by the other Defendants herein.  Plaintiffs seek compensation for the cable and or other "equipment" of the other defendants being wrongfully placed on Plaintiff's real estate and remaining there to this day and/or both removal of the Defendant cable from said real estate and such compensation.

2

6.     Defendant, Crown Castle South LLC, is a foreign limited liability corporation (Delaware), having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, and whose principal place of business is located at 1220 Augusta Drive, Suite 500, Houston, TX 77057 ,and whose agent for service of process is CT Corporation, located at  645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

7.     Defendant, MasTec, Inc. ("Nsoro" hereinafter), is a limited liability corporation, having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, whose address is 800 Douglas Road-Penthouse, Coral Gables, Florida, 33134.

8.     Defendant, SES Construction Consulting Group, Inc. is a foreign corporation (Louisiana) with sufficient ties to the State of Mississippi, conducting business within the State of Mississippi, whose principal place of business is located at 2701 Ridgelake Drive, Metairie, LA 70002, whose registered agent, Randy Farrell, may be served with process at said address and/or at 4001 West Esplanade Avenue, Metairie, LA, 70002.

9.     Defendant Chancellor Funeral Home, LLC is a Mississippi limited liability company whose principal place of business is located at 2576 Highway 49 South in Florence, Rankin County Mississippi where its agent for service of process, Fred W. Chancellor, may be served with process of the court.

10.     Defendant Chancellor Funeral Home, LLC is a necessary party to this litigation as matters regarding ingress and egress and  improvements to real estate Chancellor Funeral Home, LLC has an interest in are at issue and will be determined by the Court.  Chancellor Funeral Home, LLC has been unjustly enriched, by receiving the benefits of an easement running across its property, while the burdens of the easement have fallen upon the Plaintiff.

3

11.     Defendant MCTA Cellular Partnership "MCTA", is a Mississippi general partnership with its principal place of business being located at 121 South Congress Street, No. 1230, Jackson, MS 39201. MCTA is a necessary party to this litigation in that property rights it enjoys may be effected by this litigation.

12.     Defendant, BlueWave Deployment, LLC , is a foreign limited liability company (Michigan), having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, whose principal place of business  is located at 2527 Nelson Miller Pkwy, Suite 106, Louisville, KY 40223-3161 , where its president and agent for service of process is  located.

13.     Unknown Defendants 1, 2, and 3 are individuals or entities unknown to the Plaintiff at this time who were and remain jointly responsible for the harm and damages the Plaintiffs have and continue to suffer.

14.     Defendants have been uncooperative in sharing information with the Plaintiff prior to complaint being filed,  therefore, as discovery progresses, amendments may be necessary to insure proper alignment of parties.

**JURISDICTION AND VENUE**

15.     This Court has jurisdiction over matters of equity, injunctive relief and matters regarding real estate.  Further:

**Th[is] court in which a will may have been admitted to probate, letters of administration granted, or a guardian may have been appointed, shall have jurisdiction to hear and determine all questions in relation to the execution of the trust of the executor... and shall have jurisdiction of all cases in which bonds or other obligations shall have been executed in any proceeding in relation to the estate, or other proceedings, had in said chancery court, to hear and determine upon proper proceedings and evidence, the liability of the obligors in such bond or obligation, whether as principal or surety, and by decree and process to enforce such**

**liability.**
Miss. Code § 9-5-83 (1972).

**And in addition to the jurisdiction heretofore exercised by the chancery court in suits to try title and to cancel deeds and other clouds upon title to real estate, it shall have jurisdiction in such cases to decree possession, and to displace possession; to decree rents and compensation for improvements and taxes; and in all cases where said court heretofore exercised jurisdiction, auxiliary to courts of common law, it may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted or the legal title established by a suit at law.**    Miss. Const. § 160.

The Chancery Court of Rankin County Mississippi has exclusive jurisdiction of this decedent's estate, which includes the decedent's real and personal property at the time of her death.  At the time of her death, Eunice F. Dear had in her possession a certain tract of real property located in Rankin County Mississippi further described in attached exhibit "B".  On such property, defendants had placed, conspired to place and/or caused to be placed a fiber-optic cable without the permission of Eunice F. Dear.  Therefore, prior to her death, Eunice F. Dear possessed a fiber-optic cable on her property (placed there by several of the defendants) and she owned an interest in such cable.  Thus, the cable itself and any rents or royalties emanating therefrom which Eunice F. Dear was entitled and which accrues to this day, were initially and remain part of the Estate of Eunice F. Dear, property under the exclusive jurisdiction of the Rankin County Chancery Court.

16.    Venue is proper in Rankin County Mississippi in that the concerned real estate is located in Rankin County Mississippi; the Defendant    res cable is located in Rankin County Mississippi; Defendant Chancellor Funeral Home, LLC operates a place of business in Rankin County Mississippi upon which grounds the subject cable should have been placed; the operative facts underlying this complaint occurred in Rankin County Mississippi and, an

5

Estate concerning the said real estate, and the heirs of Eunice F. Dear has been opened in Rankin County Mississippi, in this Court. Billy Dear, the executor of the Estate of Eunice F. Dear and representative of the wrongful death beneficiaries of Eunice F. Dear, is a resident of Rankin County Mississippi.

## OPERATIVE FACTS

17.  Eunice F. Dear, a resident of Rankin County Mississippi, owned certain real property situated in Rankin County Mississippi, located at 2606 Highway 49 South, Florence, Mississippi, more particularly described as stated in attached exhibit "B" incorporated herein.

18.  The individual Plaintiffs gain their interest in said property by virtue of being the natural children of Eunice F. Dear, and through the Last Will and Testament of Eunice F. Dear, deceased, which has been admitted to probate in this court.

19.  Eunice F. Dear departed this life on June 04, 2012, at the age of 80 years.

20.  Eunice F. Dear committed suicide.

21.  Prior to the death of Eunice F. Dear, Defendants made plans among each other to run a conduit and fiber optic cable, or some similar device, from a point within a few feet of Highway 49 in Florence, MS to a cellular tower located adjacent to the property of Eunice F. Dear.

22.  Plaintiffs have reason to believe that the Defendants had a legal right to run the conduit and cable along an easement which had been granted unto them, or some of them, concerning and across certain property adjacent to the described property of Eunice F. Dear.

23.   Upon information and belief, said adjacent property is owned by Defendant Chancellor Funeral Home, LLC.

24.   The Defendants however, had no easement or other right to enter unto or place any conduit, cable or other object upon the land of Eunice F. Dear.

25.   Nonetheless, during the month of May, 2012, the Defendants placed the conduit housing the fiber optic cable, and the cable itself ("cable" hereinafter), upon and across the land of Eunice F. Dear and/or caused the cable to be so placed, thereby constituting a trespass upon the land of the Plaintiff.

26.   Further, Defendants knew that the easement they possessed across the adjacent "Chancellor" property was covered, in whole or in part, by an asphalt driveway/parking lot.

27.   Defendants, their agents, employees and/or contractors therefore intentionally (or with gross negligence) trespassed upon the land of Eunice F. Dear (not covered by asphalt), laying their cable upon the land of Eunice F. Dear, in an effort to save themselves time, effort and expense.

28.   Defendants had a non-delegable duty to not trespass, to oversee and/or monitor the installation and make sure that the cable was placed on the easement, and not the property next door, but failed to do so, breaching their duty owed to the Plaintiffs. Defendants are directly and vicariously liable for the actions of their agents, employees and alleged independent contractors.

29.   Most if not all Defendants named herein have been aware of the initial and continuing trespass, prior to this complaint being filed, and none have made any offer to rectify the situation.

30.     The described trespass continues to this day.

<div align="center">COUNT I</div>

<div align="center">ACTION TO QUIET TITLE AND FOR INJUNCTIVE RELIEF</div>

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

31.     This Court has exclusive jurisdiction, pursuant to Miss. Code Ann. Section 11-17-31 (1972), to remove clouds from title to real property . Venue is proper, pursuant to Miss. Code Ann. 11-5-1 (1972), as the subject property is located in Rankin County Mississippi.

32.     Plaintiffs are the rightful, exclusive owners of the subject property, having exclusive title thereto. Title is vested in the Plaintiffs as follows, to wit: See attached exhibit "C" incorporated herein, the original thereof being recorded at Book 333 pgs. 334 -336 in the land records of Rankin County Mississippi located in Brandon, Mississippi.

33.     Any and all Defendants who procured, own, placed or benefit from the cable as it now sits, posses an interest in the said cable and therefore, by having their cable and/or interest run across the land so situated,  are making an adverse claim upon the Estate of Eunice F. Dear and/or the subject real property described in exhibit "B", a substantial asset of the Estate and individual Plaintiffs.

34.     Said adverse claim constitutes a cloud upon the title to the subject real property, the primary res of the estate of Eunice F. Dear, which Plaintiffs seek compensation for and to be removed.

35.   Wherefore, Plaintiffs seek an order that the cloud of apparent adverse possession be removed, and, that the Defendants, for not less than sixty (60) months, pay rents unto the Plaintiff at the rate of $5000.00 per month, whether or not said cable remains on the said land for the entire 60 months and whether or not said cable remains in use or operation for the entire 60 months; or, in the alternative, that the cable be removed from the land immediately and that the Defendants pay unto Plaintiffs a sum equal to all income, rents, royalties or other benefits derived by each of them, directly or indirectly, from the installation, leasing, sub-leasing or other use of said cable and/or the tower to which it connects for a period of time beginning on the day of installation of such cable and terminating on the day the cable is removed from the land of the Plaintiff, in addition, that such Defendants pay unto the Plaintiff reasonable compensation for all damages, costs and fees they have caused Plaintiffs, including reasonable attorneys fees incurred in an effort to have the stated cloud removed.

36.   There is no complete and adequate remedy at law; the injury is substantial and if the relief requested is not granted, the injury suffered by the Plaintiff will be irreparable, being that the Defendants will have stolen the Plaintiffs property.

37.   That neither a preliminary injunction nor temporary restraining order is sought, Plaintiff requests that bond or other security be waived.

38.   Given that injunctive relief is sought as alternative relief, it is requested that a writ not issue but until after a hearing upon the merits is had.

9

## COUNT II

### Miss.Code § 77-9-715.

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

39. Plaintiffs claim all damages available under Mississippi Code Section 77-9-715 (1972), including, but not limited to for the permanent continuance of such line and fixtures; for the diminution of value to Plaintiff's real property; for a reasonable percentage of the rents, royalties and/or other income being accessed and/or earned or otherwise derived from the cable or other equipment placed on Plaintiffs property; and for the wrongful death of Eunice F. Dear. The erection, continuance, and use of the cable lines wrongfully placed on the property of Eunice F. Dear caused her great emotional distress, leading to and being the proximate cause of the death of Eunice F. Dear.

## COUNT III

### TRESPASS

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

40. Defendants, acting alone, and in concert with one another, have each trespassed upon the described land of the Plaintiff and continue to do so by the cable remaining on the Plaintiffs property to this day.

41. Eunice F. Dear demanded that the Defendants not trespass on her land, but the Defendants wilfully, maliciously and/or with gross negligence and/or reckless disregard to the rights of Eunice F. Dear and the Plaintiffs, persisted in their trespass. After being notified by legal counsel for the Estate that the trespass continues, the Defendants continue in their trespass, forcing this complaint to be filed.

42. Plaintiffs seek compensatory damages due to the stated trespass including, but not limited to, the diminution of the use and value of the land, for a reasonable percentage of the rents, royalties and/or other income being accessed and/or earned or otherwise derived from the cable placed on Plaintiffs property; and for the wrongful death of Eunice F. Dear, punitive damages, and reasonable attorneys fees.

COUNT IV

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

43. Eunice F. Dear suffered severe mental anguish and emotional distress as the result of the Defendant's actions and intentional trespass. The said emotional distress of Eunice Dear was a reasonably foreseeable result of the defendant's conduct. The defendant's conduct was

11

malicious, intentional, willful, wanton, grossly careless, indifferent and/or reckless to the rights of Eunice F. Dear, causing severe psychological and emotional distress to Eunice F. Dear. Said conduct of Defendants was so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community. Alternatively, defendants negligently inflicted severe emotional distress upon Eunice F. Dear.

## COUNT V

## UNJUST ENRICHMENT

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

44.  All Defendants, corporate and individual, named and currently unnamed, have been unjustly enriched by the wrongful taking of the Plaintiff's described land, by contracting with one another and making and receiving payments to and from one another to place the cable and/or other equipment there without authority to do so, and by the trespassory placing upon the Plaintiff's land certain equipment wherefrom rents, royalties and other streams of income have and continue to be derived to this day. Some of the Defendants continue to be unjustly enriched to this day by continuing to receive payments earned directly, or indirectly from the cable and/or other equipment as defined herein being placed on the Plaintiff's property. Additionally, defendant Chancellor Funeral Home, LLC, was unjustly enriched by not having its parking area disrupted and thus, business operations not being disrupted.

12

Chancellor Funeral Home knew that the cable was being wrongfully placed upon the property of its neighbor, Eunice F. Dear, an elderly widow, yet did nothing to help correct the error. Chancellor Funeral Home would have experienced a substantial disruption of business operations had the cable been placed along the easement which runs along the Chancellor Funeral Home property. Chancellor Funeral Home, LLC, has thus benefitted from the easement which runs along its property, whereupon the cable should have been placed, yet the burdens of the easement have fallen upon the Plaintiffs. Plaintiffs seek from Chancellor Funeral Home, LLC, compensation and damages in an amount not less than the value of the benefit it has derived from the said easement (payments it has received for the easement) and the value of not having the said cable placed upon his land.

From defendants other than Chancellor Funeral Home, LLC, Plaintiffs seek the reasonable value of a perpetual monthly easement for the wrongful taking which has effectively occurred, for so long as the conduit and cable remains on the Plaintiff's property, but in no event for not less than sixty (60) months, whether or not the owners of the cable opt to remove the cable from Plaintiff's land prior to the expiration of sixty (60) months. Plaintiffs would not have leased its land for less than sixty (60) months, nor conveyed a permanent easement for less than reasonable value as determined by the Plaintiffs.

<div align="center">COUNT VI</div>

<div align="center">WRONGFUL DEATH</div>

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are

<div align="center">13</div>

incorporated herein.

45.    This cause of action for wrongful death is brought pursuant to Miss. Code Section 11-7-13 (1972) as amended.

46.    Defendants had a duty to not trespass upon the lands of Eunice F. Dear and/or to not cause others to trespass upon the lands of Eunice F. Dear.  Additionally, Defendant(s) had a duty to behave in a reasonably prudent manner and as a reasonable prudent person or corporate entity would under the same or similar circumstances.  Defendant(s) however breached each of those stated duties, and others, by placing their equipment upon the Plaintiff's property at a place where it was obviously on the Plaintiff's property, and, at a location where Defendants obviously had no right to place the equipment.

47.    Bodily and psychological harm to Eunice F. Dear was a foreseeable result of the Defendant's breach of duty.

48.    Defendants joint and concerted agreements, actions, gross negligence and reckless disregard for the rights of Eunice F. Dear, proximately caused the death of Eunice F. Dear.  Eunice F. Dear was elderly, living alone and frail.  She was aware of the Defendants' trespass and made efforts to advise the Defendants that they were trespassing upon her property and demanded their departure.  Defendants knew that Eunice F. Dear was upset by the fact of their trespass.  Nonetheless, the Defendants ignored her request, and continued in their trespass.  But for the Defendants continuing trespass, Eunice F. Dear would not have committed suicide.

49.    As a direct result of Defendant's negligent, grossly negligent or reckless or intentional conduct, Plaintiffs have suffered numerous personal injuries, including but not limited to the

14

pain and suffering of Eunice F. Dear; loss of the life of Eunice F. Dear; Eunice F. Dear's loss of enjoyment of her life; the loss of companionship and society of Eunice F. Dear;  funeral expenses and all other damages of every kind recoverable by law including, but not limited to punitive damages, costs and expenses of bringing and prosecuting this action and reasonable attorneys fees.  Plaintiffs seek from all such Defendants (excluding MCTA and Chancellor Funeral Home, LLC (at this point in time)) damages for such wrongful death of Eunice F. Dear.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff seeks judgment from the Court that all equipment ("equipment" being defined as any tower, antennae, cable, conduit, line or any other thing of value connected thereto) of the Defendant(s) be removed from the property of the Plaintiff; and, that Defendants pay onto the Plaintiff damages within the jurisdictional limits of this Court, for and in an amount including, but not limited to the reasonable value of all rents, fees and royalties that should have been paid unto Eunice F. Dear and/or her estate due to the Defendants, or any one of them, using or enjoying the use of her property and/or the property of the Estate of Eunice F. Dear as described herein, beginning from the time such use began until all such "equipment" of the Defendant(s) are removed from the Estate property, said calculation of damages, in no event, to be based on a period of time of not less than sixty (60) months in duration.

Alternatively, Plaintiff demands that Defendants pay unto Plaintiff the greater of any and all income (gross receipts) ever obtained by them, either directly or indirectly, from the placement of the Defendant's equipment on the Plaintiff's property, or, the rents that should have been paid by said Defendants to Eunice F. Dear and/or her estate; and in addition, that all such "equipment" on

15

the property of the Plaintiff be determined by the Court to be the property of the Plaintiff and an order issue to that effect.

Alternatively, that the Defendants pay unto the Plaintiff all damages as contemplated by M.C.A. Section 77-9-715 (1972) and that such equipment remain the property of the Defendants.

Further, the Plaintiff Estate of Eunice F. Dear seeks removal of a cloud on the title to its land described herein, being the Defendant's adverse possession.

Plaintiff seeks actual and punitive damages for the intentional and/or negligent infliction of emotional distress caused by Defendants upon Eunice F. Dear.

Plaintiff seeks damages for the unjust enrichment Defendants have enjoyed from the placement of the equipment on the Plaintiff estate's property.

Plaintiff seeks actual and punitive damages for the wrongful death of Eunice F. Dear.

Plaintiff seeks actual and punitive damages from all Defendants who were responsible for, in whole or in part, the intentional or grossly negligent trespass upon the property of Eunice F. Dear and the continuing trespass upon the Estate of Eunice F. Dear.

Plaintiff demands that Defendants pay all costs of court, fees associated therewith and attorney's fees incurred by the Plaintiff in bringing this complaint.

Plaintiff requests any combination of the above requested remedies and any such other general relief Plaintiff has failed to demand, as the Court should determine to be fair, just and equitable.

*Billy Dear*

Billy Dear, individually and as executor for the Estate of
Eunice F. Dear, and as representative
of the wrongful death beneficiaries of Eunice F. Dear.

<center>AFFIDAVIT</center>

State of Mississippi
County of Rankin

     Personally appeared Before Me, the undersigned authority in and for said county and
State, Billy Dear, who being by me first duly sworn, stated on oath that the matters and facts set
forth in the above and foregoing Complaint for Injunctive Relief and Damages are true and
correct as therein stated.

     Sworn to and subscribed before me, this the 28 Day of February, 2013.

*Monica L. Baldwin*
NOTARY PUBLIC

My Commission Expires: _____

> STATE OF MISSISSIPPI
> MONICA L. BALDWIN
> ID No
> 58721
> NOTARY PUBLIC
> Comm Expires
> February 28, 2016
> RANKIN COUNTY

     Submitted this the ___ day of February, 2013.

James L. Kelly, legal counsel for the Plaintiff

James L. Kelly M.S.B. No. 3557
Kelly Law Office, P.C.
202 East Government Street
Brandon, MS 39042
Telephone: 601-825-6455

Billy Dear, et al. v. One Fiber Optic Cable, et al; Complaint

<center>17</center>

ATTEST: A true copy
LARRY SWALES, Chancery Clerk
By: _W. Murray_

Case: 61CH1:2013-00380   Document #: 1   Filed: 02/28/2013   Page 18 of 23

FILED
JUL 31 2012
LARRY SWALES
Chancery Clerk, Rankin County
By: _____ D.C.

IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

RE:   IN THE MATTER OF THE ESTATE OF
EUNICE F. DEAR, DECEASED

CAUSE NO. 73977

### LETTERS TESTAMENTARY

THE LAST WILL AND TESTAMENT of EUNICE F. DEAR, late of this County, deceased, having been duly proven and admitted to record in the Chancery Court thereof, letters testamentary are hereby issued to BILLY WAYNE DEAR, Executor.

Therefore, the said BILLY WAYNE DEAR is fully empowered and required to administer all and singular the goods, chattels and credits of the testator in this State and elsewhere; to take the same into his hands, to ask, levy, recover and receive the same; to make, if required, a true and perfect inventory or inventories of all the said goods, chattels and credits which shall come to his hands, possession or knowledge, or into the hands or possession of any other person or persons, for him; to return into our said Court, if so ordered by the Court, such inventory or inventories; to make in said Court, if required, a just and true account or accounts of her actions and proceedings in the premises, and duly pay and deliver the legacies and devise specified in said Will, so far as said goods, etc., may extend, according to the value thereof, and as the law shall charge him; and in all things, according to law, to exert the rights and perform the duties of the trust conferred upon him.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal of said Court, in the City of Brandon, County of RANKIN, Mississippi.

Issued this the 31 day of July, 2012.

Larry Swales, CHANCERY CLERK

By: _W. Murray_ D.C.

James L. Kelly, Esq.
Kelly Law Office, P.C.
POST OFFICE BOX 1975
BRANDON, MISSISSIPPI 39043
Telephone: (601) 825-6455
MSB# 3557



**EXHIBIT**

**A**

Commencing at the Northeast corner of the SW 1/4
of the SE 1/4 of Section 19, Township 4 North,
Range 2 East and run thence South 535.4 feet to a
point; thence North 89 degrees West 313.2 feet;
thence North 00 degrees and 30 minutes East 179.6
feet to a point, and which point is the point of
beginning of the land herein described; from said
point of beginning run thence North 00 degrees and
30 minutes East 219.5 feet; thence South 88 degrees
West 585 feet to a point on the East R. O. W. line of
U. S. Highway 49, thence Southward along said R. O. W.
line 223 feet; thence South 89 degrees East 514.3
feet to the point of beginning, and all being in the
SW 1/4 of the SE 1/4 of Section 19, Township 4 North,
Range 2 East, LESS AND EXCEPT a 64.2 foot stripp off
the West end thereof, which has been deeded to the
Mississippi Highway Department for a new highway.



EXHIBIT

B

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00) cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of all of which are hereby acknowledged, we, EUNICE F. DEAR, PATRICIA DEAR FRYANT, BILLY WAYNE DEAR, ELLIS MILTON DEAR, and SHANNON FAYE DEAR, a minor, by and through her guardian and next friend, Eunice F. Dear, pursuant to Chancery Court Decree rendered in cause number 14,078 on February 23, 1976, hereby convey and warrant to EUNICE F. DEAR all our interest in the following described land and property lying and being situated in Rankin County, Mississippi, to-wit:

> Commencing at the Northeast corner of the SW 1/4 of the SE 1/4 of Section 19, Township 4 North, Range 2 East and run thence South 535.4 feet to a point; thence North 89 degrees West 313.2 feet; thence North 00 degrees and 30 minutes East 179.6 feet to a point, and which point is the point of beginning of the land herein described; from said point of beginning run thence North 00 degrees and 30 minutes East 219.5 feet; thence South 88 degrees West 585 feet to a point on the East R. O. W. line of U. S. Highway 49, thence Southward along said R. O. W. line 223 feet; thence South 89 degrees East 514.3 feet to the point of beginning, and all being in the SW 1/4 of the SE 1/4 of Section 19, Township 4 North, Range 2 East, LESS AND EXCEPT a 64.2 foot stripp off the West end thereof, which has been deeded to the Mississippi Highway Department for a new highway.

**EXHIBIT C**

Excepted from the warranty of this conveyance are all prior mineral reservations, easements, restrictive covenants, and rights-of-way of record thereunto pertaining.

The said Eunice F. Dear, Patricia Dear Fryant, Billy Wayne Dear, Ellis Milton Dear and Shannon Faye Dear constitute all the heirs at law of James Franklin Dear, deceased.

WITNESS our signatures this the _____ day of February, 1976.

_____
EUNICE F. DEAR, INDIVIDUALLY

BOOK 333 PAGE 335

_Eunice F. Dear_
EUNICE F. DEAR, GUARDIAN OF THE ESTATE
OF SHANNON FAYE DEAR, A MINOR

_Patricia Dear Fryant_
PATRICIA DEAR FRYANT

_Billy Wayne Dear_
BILLY WAYNE DEAR

_Ellis Milton Dear_
ELLIS MILTON DEAR

STATE OF MISSISSIPPI
COUNTY OF RANKIN

PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Eunice F. Dear, individually and as Guardian of the
Estate of Shannon Faye Dear, a minor, who acknowledged that she
signed, executed and delivered the above and foregoing instrument
on the day and year therein mentioned.

GIVEN under my hand and official seal of office, this
the ___16th___ day of ~~February~~, 1976.
                       _March_

_Ralph E. _____
                NOTARY PUBLIC

MY COMMISSION EXPIRES:
_____

STATE OF ~~MISSISSIPPI~~ _Nebraska_
COUNTY OF _Sarpy_

PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Patricia Dear Fryant who acknowledged that she signed,
executed and delivered the above and foregoing instrument on the
day and year therein mentioned.

GIVEN under my hand and official seal of office, this
the ___22nd___ day of ~~February, 1976~~
                       _March_

GEORGE D. MORGAN
GENERAL NOTARY
State of Nebraska
My Commission Expires
DECEMBER 9, 1979

_Geo D. Morgan_
NOTARY PUBLIC

MY COMMISSION EXPIRES:
_____

STATE OF MISSISSIPPI
COUNTY OF _Rankin_

PERSONALLY came and appeared before me, the undersigned
authority of law in and for the _____

STATE OF MISSISSIPPI
COUNTY OF _Rankin_

    PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Billy Wayne Dear who acknowledged that he signed,
executed and delivered the above and foregoing instrument on the
day and year therein mentioned.

    GIVEN under my hand and official seal of office this
the _8th_ day of ~~February~~ March, 1976.

                           _Doris B. Breland_
                            NOTARY PUBLIC

MY COMMISSION EXPIRES:
My Commission Expires September 1st, 1979

STATE OF MISSISSIPPI

COUNTY OF ~~Rankin~~                                    BOOK 333 PAGE 336

     PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Ellis Milton Dear who acknowledged that he signed,
executed and delivered the above and foregoing instrument on the
day and year therein mentioned.
     GIVEN under my hand and official seal of office, this
the _10th_ day of ~~February~~, 1976.
                      _March_

                                            NOTARY PUBLIC

MY COMMISSION EXPIRES:
My Commission Expires October 3, 1978

                             '76   4-5   8:43
                          IN B 333 P 336
RANKIN COUNTY, MISS.   IRL DEAN RHODES, CHY. CLK.
THIS INSTRUMENT WAS
FILED FOR RECORD   BY _____ D.C.

# COVER SHEET
## Civil Case Filing Form

*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification Docket # | | | Case Year | Docket Number |
|---|---|---|---|---|
| 6 | 1 | C H 1 | 2 0 1 3 | 3 8 0 |
| County # | Judicial District | Court ID (CH, CI, CO) | | |

13-380-F

**Local Docket ID**

| Month | Date | Year |
|---|---|---|
| 0 2 | 8 8 | 1 3 |

This area to be completed by clerk

Mississippi Supreme Court     Form AOC/01
Administrative Office of Courts     (Rev 2009)

Case Number if filed prior to 1/1/94

In the **Chancery** Court of **Rankin** County — _____ Judicial District

**Origin of Suit** (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual    Last Name: **Dear**    First Name: **Dilly**    Maiden Name, if applicable: _____   M.I. ___   Jr/Sr/III/IV ___

[X] Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of **Eunice F. Dear**    **no. 73977**

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business _____

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

Address of Plaintiff _____

Attorney (Name & Address) **James L. Idelly 202 East Govt. St. Brandon**   MS Bar No. **3557**

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney.

Signature of Individual Filing: _____

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual    Last Name _____ First Name _____ Maiden Name, if applicable _____ M.I. ___ Jr/Sr/III/IV ___

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business **One Fiber Optic Cable located at 2606 Hwy 49 S. Florence, MS**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A **See attached sheet for listing of other defendants**

Attorney (Name & Address) - If Known _____   MS Bar No. _____

**Damages Sought:** Compensatory $ _____ Punitive $ _____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit** (Place an "X" in one box only)

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion Minor | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other _____ | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other _____ | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [X] Other **Quite title** |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other _____ | **Torts** |
| [ ] Termination of Parental Rights | [ ] Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other _____ | [ ] Guardianship | [ ] Installment Contract | [ ] Loss of Consortium |
| **Appeals** | [ ] Heirship | [ ] Insurance | [ ] Malpractice - Legal |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Specific Performance | [ ] Malpractice - Medical |
| [ ] County Court | [ ] Minor's Settlement | [ ] Other _____ | [ ] Mass Tort |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | **Statutes/Rules** | [ ] Negligence - General |
| [ ] Justice Court | [ ] Name Change | [ ] Bond Validation | [ ] Negligence - Motor Vehicle |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Civil Forfeiture | [ ] Product Liability |
| [ ] Worker's Compensation | [ ] Will Contest | [ ] Declaratory Judgment | [ ] Subrogation |
| [ ] Other _____ | [ ] Other _____ | [X] Injunction or Restraining Order | [X] Wrongful Death |
| | | [X] Other **77-9-715** | [X] Other **Trespass** |

Attachment to Civil Cover Sheet, Billy Dear, et al. v. One Fiber Optic Cable, et al.

LISTING OF DEFENDANTS (other than one fiber optic cable)

Chancellor Funeral Home, LLC
a Mississippi limited liability company
2576 Highway 49 South
Florence, Mississippi

MCTA Cellular Partnership "MCTA",  a Mississippi general partnership
121 South Congress Street, No. 1230
Jackson, MS 39201

Crown Castle South LLC
a Delaware corporation
1220 Augusta Drive, Suite 500, Houston, TX 77057

MasTec, Inc.
800 Douglas Road-Penthouse
Coral Gables, Florida, 33134

SES Construction Consulting Group, Inc.
A Louisiana corporation
2701 Ridgelake Drive, Metairie, LA 70002

BlueWave Deployment, LLC , a Michigan limited liability company
2527 Nelson Miller Pkwy, Suite 106
Louisville, KY 40223-3161

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**BILLY DEAR, Et al.**                                                  **PLAINTIFFS**

**VS.**                                         CAUSE NO. $13-380$

**ONE FIBER OPTIC CABLE; Et al.**                                  **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI, COUNTY OF RANKIN

THE BELOW NAMED OUT OF STATE DEFENDANT IS HEREBY SUBJECT TO PROCESS OF THIS COURT BY SUMMONS , TO WIT:

> Defendant, BlueWave Deployment, LLC
> Att: Dustin Billman, President
> 2527 Nelson Miller Pkwy, Suite 106
> Louisville, KY 40223-3161

**NOTICE TO DEFENDANT:** THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to the plaintiffs' attorney whose name and address are shown below. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the injunctive relief, damages or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 28 day of February, 2013.

> Larry Swales
> Chancery Clerk of Rankin County
> Post Office Box 700
> Brandon, Mississippi  39043
>
> By: _L M Jean_

**James L. Kelly, Esq.**
**Kelly Law Office, P.C.**
**202 East Government Street**
**Brandon, Mississippi 39042**
**Telephone: (601)825-6455**
**Attorney for the Plaintiff**

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**BILLY DEAR, Et al.**                                          **PLAINTIFFS**

**VS.**                                    CAUSE NO.  $13 - 380$

**ONE FIBER OPTIC CABLE; Et al.**                      **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI, COUNTY OF RANKIN

THE BELOW NAMED OUT OF STATE DEFENDANT IS HEREBY SUBJECT TO PROCESS OF THIS COURT BY SUMMONS , TO WIT:

   MCTA Cellular Partnership
   121 South Congress Street, No. 1230
   Jackson, MS 39201.

**NOTICE TO DEFENDANT:**  THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to the plaintiffs' attorney whose name and address are shown below.  Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the injunctive relief, damages or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this $28$ day of February, 2013.

                         Larry Swales
                         Chancery Clerk of Rankin County
                         Post Office Box 700
                         Brandon, Mississippi  39043

                         By: _L M Dean_

**James L. Kelly, Esq.**
**Kelly Law Office, P.C.**
**202 East Government Street**
**Brandon, Mississippi 39042**
**Telephone: (601)825-6455**
**Attorney for the Plaintiff**

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**BILLY DEAR, Et al.**                                      **PLAINTIFFS**

**VS.**                      CAUSE NO. 13 – 38D

**ONE FIBER OPTIC CABLE; Et al.**                  **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI, COUNTY OF RANKIN

THE BELOW NAMED OUT OF STATE DEFENDANT IS HEREBY SUBJECT TO PROCESS OF THIS COURT BY SUMMONS , TO WIT:

> **Chancellor Funeral Home, LLC**
> att: Fred W. Chancellor
> 2576 Highway 49 South  Florence, MS 39073

**NOTICE TO DEFENDANT:** THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to the plaintiffs' attorney whose name and address are shown below. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the injunctive relief, damages or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this _28_ day of February, 2013.

<div style="margin-left: 40%;">

Larry Swales
Chancellor Clerk of Rankin County
Post Office Box 700
Brandon, Mississippi  39043

By: _____

</div>

**James L. Kelly, Esq.**
**Kelly Law Office, P.C.**
**202 East Government Street**
**Brandon, Mississippi 39042**
**Telephone: (601)825-6455**
**Attorney for the Plaintiff**

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

BILLY DEAR, Et al.

                                                    **PLAINTIFFS**

VS.                                    CAUSE NO. 13-380

ONE FIBER OPTIC CABLE; Et al.

                                                    **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI, COUNTY OF RANKIN

THE BELOW NAMED OUT OF STATE DEFENDANT IS HEREBY SUBJECT TO PROCESS OF THIS COURT BY SUMMONS , TO WIT:

> SES CONSTRUCTION CONSULTING GROUP, INC.
> 2701 Ridgelake Drive, Metairie, LA 70002, whose registered agent, Randy Farrell, who may be served with process at said address and/or at 4001 West Esplanade Avenue, Metairie, LA, 70002.

**NOTICE TO DEFENDANT:** THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to the plaintiffs' attorney whose name and address are shown below. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the injunctive relief, damages or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 28 day of February, 2013.

                          Larry Swales
                          Chancery Clerk of Rankin County
                          Post Office Box 700
                          Brandon, Mississippi  39043

                          By: _____

James L. Kelly, Esq.
Kelly Law Office, P.C.
202 East Government Street
Brandon, Mississippi 39042
Telephone: (601)825-6455
**Attorney for the Plaintiff**

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

BILLY DEAR, Et al.                                          **PLAINTIFFS**

VS.                                          CAUSE NO. _13 - 380_

ONE FIBER OPTIC CABLE; Et al.                               **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI, COUNTY OF RANKIN

THE BELOW NAMED OUT OF STATE DEFENDANT IS HEREBY SUBJECT TO PROCESS OF THIS COURT BY SUMMONS , TO WIT:

> Mastec Inc., 800 S. Douglas Road, 12th floor, Coral Gables, Florida, 33134. whose CEO is: Jose' R. Mas

**NOTICE TO DEFENDANT:** THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to the plaintiffs' attorney whose name and address are shown below. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the injunctive relief, damages or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 28 day of February, 2013.

Larry Swales
Chancery Clerk of Rankin County
Post Office Box 700
Brandon, Mississippi 39043

By: _L. M. Oem_

James L. Kelly, Esq.
Kelly Law Office, P.C.
202 East Government Street
Brandon, Mississippi 39042
Telephone: (601)825-6455
**Attorney for the Plaintiff**

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**BILLY DEAR, Et al.**                                                    **PLAINTIFFS**

**VS.**                                                    CAUSE NO. 13-380

**ONE FIBER OPTIC CABLE; Et al.**                                        **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI, COUNTY OF RANKIN

THE BELOW NAMED OUT OF STATE DEFENDANT IS HEREBY SUBJECT TO
PROCESS OF THIS COURT BY SUMMONS , TO WIT:

**Crown Castle South LLC**, 1220 Augusta Drive, Suite 500, Houston, TX 77057
whose agent for service of process is:

**CT Corporation, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.**

**NOTICE TO DEFENDANT:** THE COMPLAINT WHICH IS ATTACHED TO THIS
SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO
PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint
to the plaintiffs' attorney whose name and address are shown below. Your response
must be mailed or delivered within thirty (30) days from the date of delivery of this
Summons and Complaint or a judgment by default will be entered against you for the
injunctive relief, damages or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a
reasonable time afterward.

Issued under my hand and seal of said Court, this 28 day of February, 2013.

Larry Swales
Chancery Clerk of Rankin County
Post Office Box 700
Brandon, Mississippi 39043

By: _____   D

**James L. Kelly, Esq.**
**Kelly Law Office, P.C.**
**202 East Government Street**
**Brandon, Mississippi 39042**
**Telephone: (601)825-6455**
**Attorney for the Plaintiff**

*FILED*

MAR 1 1 2013

LARRY SWALES
Chancery Clerk, Rankin County
Rec. in Bk. _____ Pg. _____

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED                               **PLAINTIFFS**

VS.                                          CAUSE NO.   <u>13-380</u>

ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC ; AT&T
MOBILITY, LLC; WINDSTREAM MISSISSIPPI, LLC; UNKNOWN DEFENDANTS
ONE, TWO AND THREE
                                                         **DEFENDANTS**

## FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

NOW COMES Billy Dear, executor of the Estate of Eunice F. Dear, on behalf of said estate,

and on behalf of the individual devisees of the Last Will and Testament of Eunice F. Dear, deceased,

and on behalf of the wrongful death beneficiaries of Eunice F. Dear, and in his individual capacity,

collectively "Plaintiff" or "Plaintiffs" hereinafter, pursuant to M.R.C.P. 15(a), no responsive

pleading having been filed, and files this first amended complaint for injunctive relief and damages,

to wit:

### PARTIES

1.     Plaintiff Billy Dear is an adult resident citizen of Rankin County, Mississippi. Billy Dear has

authority to bring this action on behalf of the Estate of Eunice F. Dear, Deceased, and on

behalf of the individual devisees of the Last Will and Testament of Eunice F. Dear, by way

of LETTERS TESTAMENTARY having been issued unto him IN THE MATTER OF THE

1

ESTATE OF EUNICE F. DEAR, DECEASED, Rankin County Chancery Court Cause No. 73977. A copy of said Letters Testamentary is attached hereto and incorporated herein as exhibit "A".

2.     The Plaintiff Estate of Eunice F. Dear possesses and owns certain real property situated in Rankin County Mississippi located at 2606 Hwy 49 South, Florence, Mississippi, a more complete description being attached hereto and incorporated herein as exhibit "B".

3.     The Plaintiff individual devisees of the Last Will and Testament of Eunice F. Dear, joint owners of the said property situated in Rankin County Mississippi described in exhibit "B" are named in the Last Will and Testament of Eunice F. Dear, which has been admitted to probate in Rankin County Chancery Court, Cause No. 73977 . They are: Patricia Dear Fryant; Shannon Nipper (formerly Shannon Faye Dear); Ellis Milton Dear and Billy Wayne Dear.

4.     The wrongful death beneficiaries of Eunice F. Dear are the natural children of Eunice F. Dear and are limited to being the same persons as the individual devisees of the Last Will and Testament of Eunice F. Dear, namely Patricia Dear Fryant; Shannon Nipper (formerly Shannon Faye Dear); Ellis Milton Dear and Billy Wayne Dear.

5.     Defendant Res  "One Fiber-Optic Cable" is a certain apparatus/conduit and hardware configuration currently situated upon the real property of the Plaintiff situated in Rankin County Mississippi, approximately 200 feet in length,  wrongfully placed or caused to be placed there by the other Defendants herein. Plaintiffs seek compensation for the cable and or other "equipment" of the other defendants being wrongfully placed on Plaintiff's real estate and remaining there to this day and/or both removal of the Defendant cable from said

2

real estate and such compensation.

6.   Defendant, Crown Castle South LLC, "Crown" hereinafter, is a foreign limited liability corporation (Delaware), having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, and whose principal place of business is located at 1220 Augusta Drive, Suite 500, Houston, TX 77057 ,and whose agent for service of process is CT Corporation, located at   645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

7.   Defendant, MasTec, Inc. ("Nsoro" hereinafter), is a limited liability corporation, having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, whose address is 800 Douglas Road-Penthouse, Coral Gables, Florida, 33134.

8.   Defendant, SES Construction Consulting Group, Inc., "SES" hereinafter, is a foreign corporation (Louisiana) with sufficient ties to the State of Mississippi, conducting business within the State of Mississippi, whose principal place of business is located at 2701 Ridgelake Drive, Metairie, LA 70002, whose registered agent, Randy Farrell, may be served with process at said address and/or at 4001 West Esplanade Avenue, Metairie, LA, 70002.

9.   Defendant Chancellor Funeral Home, LLC is a Mississippi limited liability company whose principal place of business is located at 2576 Highway 49 South in Florence, Rankin County Mississippi where its agent for service of process, Fred W. Chancellor, may be served with process of the court.

10.   Defendant Chancellor Funeral Home, LLC is a necessary party to this litigation as matters regarding ingress and egress and  improvements to real estate Chancellor Funeral Home, LLC has an interest in are at issue and will be determined by the Court. Chancellor Funeral Home, LLC has been unjustly enriched, by receiving the benefits of an easement running

3

across its property, while the burdens of the easement have fallen upon the Plaintiff.

11.  Defendant MCTA Cellular Partnership "MCTA", is a Mississippi general partnership with its principal place of business being located at 121 South Congress Street, No. 1230, Jackson, MS 39201. MCTA is a necessary party to this litigation in that property rights it enjoys may be affected by this litigation.

12.  Defendant, BlueWave Deployment, LLC , "Bluewave" hereinafter, is a foreign limited liability company (Michigan), having sufficient contacts with the state of Mississippi, conducting business within the state of Mississippi, whose principal place of business is located at 2527 Nelson Miller Pkwy, Suite 106, Louisville, KY 40223-3161 , where its president and agent for service of process is located.

13.  Unknown Defendants 1, 2, and 3 are individuals or entities unknown to the Plaintiff at this time who have not been identified after due diligence, who were and remain jointly responsible for the harm and damages the Plaintiffs have and continue to suffer.

14.  Defendant AT&T Mobility, LLC, "AT&T" hereinafter, is a Delaware limited liability company doing business within the state of Mississippi, whose principal office address is 1025 Lenox Park Blvd. NE, Atlanta, GA 30319 and whose agent for service of process is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

15.  Defendant Windstream Mississippi, LLC, "Windstream" hereinafter, is a Delaware limited liability company doing business within the State of Mississippi, whose local address is 101 Lewis Street, Florence, MS 39073 and whose principal office address is 1209 Orange Street, Wilmington DE 19801 and whose agent for service of process is CT Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood MS 39232.

4

16.     Some Defendants have been uncooperative in sharing information with the Plaintiff prior to

complaint being filed,  therefore, as discovery progresses, amendments may be necessary to

insure proper alignment of parties.

### JURISDICTION AND VENUE

17.     This Court has jurisdiction over matters of equity, injunctive relief and matters regarding real

estate.  Further:

**Th[is] court in which a will may have been admitted to probate, letters of administration
granted, or a guardian may have been appointed, shall have jurisdiction to hear and determine
all questions in relation to the execution of the trust of the executor... and shall have
jurisdiction of all cases in which bonds or other obligations shall have been executed in any
proceeding in relation to the estate, or other proceedings, had in said chancery court, to hear
and determine upon proper proceedings and evidence, the liability of the obligors in such bond
or obligation, whether as principal or surety, and by decree and process to enforce such
liability.**
Miss. Code § 9-5-83 (1972).

**And in addition to the jurisdiction heretofore exercised by the chancery court in suits to try
title and to cancel deeds and other clouds upon title to real estate, it shall have jurisdiction in
such cases to decree possession, and to displace possession; to decree rents and compensation
for improvements and taxes; and in all cases where said court heretofore exercised
jurisdiction, auxiliary to courts of common law, it may exercise such jurisdiction to grant the
relief sought, although the legal remedy may not have been exhausted or the legal title
established by a suit at law.**   Miss. Const. § 160.

The  Chancery  Court  of  Rankin  County  Mississippi  has  exclusive  jurisdiction  of  this

decedent's estate, which includes the decedent's real and personal property at the time of her

death.  At the time of her death, Eunice F. Dear had in her possession a certain tract of real

property located in Rankin County Mississippi further described in attached exhibit "B".  On

such property, defendants had placed, conspired to place and/or caused to be placed a fiber-

optic cable without the permission of Eunice F. Dear.  Therefore, prior to her death, Eunice

F. Dear possessed a fiber-optic cable on her property (placed there by several of the

defendants) and she owned an interest in such cable. Thus, the cable itself and any rents or royalties emanating therefrom which Eunice F. Dear was entitled and which accrues to this day, were initially and remain part of the Estate of Eunice F. Dear, property under the exclusive jurisdiction of the Rankin County Chancery Court, a probate court of the State of Mississippi.

18.  Venue is proper in Rankin County Mississippi in that the concerned real estate is located in Rankin County Mississippi; the Defendant  res cable is located in Rankin County Mississippi; Defendant Chancellor Funeral Home, LLC operates a place of business in Rankin County Mississippi upon which grounds the subject cable should have been placed; the operative facts underlying this complaint occurred in Rankin County Mississippi and, an Estate concerning the said real estate, and the heirs of Eunice F. Dear has been opened in Rankin County Mississippi, in this Court. Billy Dear, the executor of the Estate of Eunice F. Dear and  representative of the wrongful death beneficiaries of Eunice F. Dear, is a resident of Rankin County Mississippi.

## OPERATIVE FACTS

19.  Eunice F. Dear, a resident of Rankin County Mississippi,  owned certain real property situated in Rankin County Mississippi, located at 2606 Highway 49 South, Florence, Mississippi, more particularly described as stated in attached exhibit  "B" incorporated herein.

20.  The individual Plaintiffs gain their interest in said property by virtue of being the natural children of Eunice F. Dear, and through the Last Will and Testament of Eunice F. Dear,

6

deceased, which has been admitted to probate in this court.

21.   Eunice F. Dear departed this life on June 04, 2012, at the age of 80 years.

22.   Eunice F. Dear committed suicide.

23.   Prior to the death of Eunice F. Dear, Defendants made plans among each other to run a
      conduit and fiber optic cable, or some similar device, from a point within a few feet of
      Highway 49 in Florence, MS to a cellular tower located adjacent to the property of Eunice
      F. Dear.

24.   Defendant AT&T contracted with or otherwise caused Defendants Nsoro and Bluewave to
      place a conduit "pipe" from a point near Highway 49 South to a cell tower located at or about
      2576 Highway 49 S. Florence, MS.  Defendants Nsoro and Bluewave were agents of AT&T
      for the purpose of the said conduit project.  The cell tower at issue is located on the lot
      adjacent to the Plaintiff's real estate.

25.   Defendants Nsoro and Bluewave then subcontracted the conduit project to Defendant SES.

26.   Defendant SES, while responsible in its own right, was also an agent of Defendants AT&T,
      Bluewave, and Nsoro for the purpose of the conduit project.

27.   Defendant Windstream then placed "pulled" a fiber optic cable through the said conduit
      which had been placed on the Plaintiff's property.

28.   It is believed that Defendant Crown is the owner of the cell tower at issue and its interests
      may be affected by this litigation.

29.   Defendant Bluewave had a responsibility and non-delegable duty to make sure that the
      conduit and cable were placed on the correct real estate, but failed to uphold that duty.

30.   Defendants AT&T, Nsoro, SES and Windstream knew that Eunice F. Dear, prior to the

7

conduit and cable being placed on her property, objected to the conduit and cable being placed upon her property.

31.   Plaintiffs have reason to believe that the Defendants had a legal right to run the conduit and cable along an easement which had been granted unto them, or some of them, concerning and across certain property adjacent to the described property of Eunice F. Dear.

32.   Upon information and belief, said adjacent property is owned by Defendant Chancellor Funeral Home, LLC.

33.   As the conduit and cable were each being installed, Defendant Chancellor knew that the conduit and cable were being wrongfully placed upon the property of Eunice F. Dear, an elderly widow.

34.   The Defendants had no easement or other right to enter unto or place any conduit, cable or other object upon the land of Eunice F. Dear.

35.   Nonetheless, during or about the months of April and May, 2012, the Defendants placed the conduit housing the fiber optic cable, and the cable itself (collectively "cable" hereinafter), upon and across the land of Eunice F. Dear and/or caused the cable to be so placed, thereby constituting a trespass upon the land of the Plaintiff.

36.   Further, Defendants knew that the easement they possessed across the adjacent "Chancellor" property was covered, in whole or in part, by an asphalt driveway/parking lot.

37.   Defendants, their agents, employees and/or contractors therefore intentionally (or with gross negligence) trespassed upon the land of Eunice F. Dear (not covered by asphalt), laying their cable upon the land of Eunice F. Dear, in an effort to save themselves time, effort and expense.

38.   Defendants had a non-delegable duty to not trespass, to oversee and/or monitor the installation and make sure that the cable was placed on the easement, and not the property next door, but failed to do so, breaching their duty owed to the Plaintiffs. Defendants are directly and vicariously liable for the actions of their agents, employees and alleged independent contractors.

39.   Most if not all Defendants named herein have been aware of the initial and continuing trespass, prior to this complaint being filed, and none have made any offer to rectify the situation.

40.   The described trespass continues to this day.

COUNT I

ACTION TO QUIET TITLE AND FOR INJUNCTIVE RELIEF

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

41.   This Court has exclusive jurisdiction, pursuant to Miss. Code Ann. Section 11-17-31 (1972), to remove clouds from title to real property . Venue is proper, pursuant to Miss. Code Ann. 11-5-1 (1972), as the subject property is located in Rankin County Mississippi.

42.   Plaintiffs are the rightful, exclusive owners of the subject property, having exclusive title thereto. Title is vested in the Plaintiffs as follows, to wit: See attached exhibit "C" incorporated herein, the original thereof being recorded at Book 333 pgs. 334 -336 in the land records of Rankin County Mississippi located in Brandon, Mississippi.

9

43. Any and all Defendants who procured, own, placed or benefit from the cable as it now sits, posses an interest in the said cable and therefore, by having their cable and/or interest run across the land so situated, are making an adverse claim upon the Estate of Eunice F. Dear and/or the subject real property described in exhibit "B", a substantial asset of the Estate and individual Plaintiffs.

44. Said adverse claim constitutes a cloud upon the title to the subject real property, the primary res of the estate of Eunice F. Dear, which Plaintiffs seek compensation for and to be removed.

45. Wherefore, Plaintiffs seek an order that the cloud of apparent adverse possession be removed, and, that the Defendants, for not less than sixty (60) months, pay rents unto the Plaintiff at the rate of $5000.00 per month, whether or not said cable remains on the said land for the entire 60 months and whether or not said cable remains in use or operation for the entire 60 months; or, in the alternative, that the cable be removed from the land immediately and that the Defendants pay unto Plaintiffs a sum equal to all income, rents, royalties or other benefits derived by each of them, directly or indirectly, from the installation, leasing, sub-leasing or other use of said cable and/or the tower to which it connects for a period of time beginning on the day of installation of such cable and terminating on the day the cable is removed from the land of the Plaintiff, in addition, that such Defendants pay unto the Plaintiff reasonable compensation for all damages, costs and fees they have caused Plaintiffs, including reasonable attorneys fees incurred in an effort to have the stated cloud removed.

46. There is no complete and adequate remedy at law; the injury is substantial and if the relief

requested is not granted, the injury suffered by the Plaintiff will be irreparable, being that the Defendants will have stolen the Plaintiffs property.

47.   That neither a preliminary injunction nor temporary restraining order is sought, Plaintiff requests that bond or other security be waived.

48.   Given that injunctive relief is sought as alternative relief, it is requested that a writ not issue but until after a hearing upon the merits is had.

## COUNT II

### Miss.Code § 77-9-715.

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

49.   Plaintiffs claim all damages available under Mississippi Code Section 77-9-715 (1972), including, but not limited to for the permanent continuance of such line and fixtures; for the diminution of value to Plaintiff's real property; for a reasonable percentage of the rents, royalties and/or other income being accessed and/or earned or otherwise derived from the cable or other equipment placed on Plaintiffs property; and for the wrongful death of Eunice F. Dear. The erection, continuance, and use of the cable lines wrongfully placed on the property of Eunice F. Dear caused her great emotional distress, leading to and being the proximate cause of the death of Eunice F. Dear.

11

## COUNT III

### TRESPASS

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

50. Defendants, acting alone, and in concert with one another, have each trespassed upon the described land of the Plaintiff and continue to do so by the cable remaining on the Plaintiffs property to this day.

51. Eunice F. Dear demanded that the Defendants not trespass on her land, but the Defendants wilfully, maliciously and/or with gross negligence and/or reckless disregard to the rights of Eunice F. Dear and the Plaintiffs, persisted in their trespass. After being notified by legal counsel for the Estate that the trespass continues, the Defendants continue in their trespass, forcing this complaint to be filed.

52. Plaintiffs seek compensatory damages due to the stated trespass including, but not limited to, the diminution of the use and value of the land, for a reasonable percentage of the rents, royalties and/or other income being accessed and/or earned or otherwise derived from the cable placed on Plaintiffs property; and for the wrongful death of Eunice F. Dear, punitive damages, and reasonable attorneys fees.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

All preceding and following averments not inconsistent with this count are

incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

53.    Eunice F. Dear suffered severe mental anguish and emotional distress as the result of the Defendant's actions and intentional trespass. The said emotional distress of Eunice Dear was a reasonably foreseeable result of the defendant's conduct. The defendant's conduct was malicious, intentional, willful, wanton, grossly careless, indifferent and/or reckless to the rights of Eunice F. Dear, causing severe psychological and emotional distress to Eunice F. Dear. Said conduct of Defendants was so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community. Alternatively, defendants negligently inflicted severe emotional distress upon Eunice F. Dear.

<div align="center">COUNT V</div>

<div align="center">UNJUST ENRICHMENT</div>

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

54.    All Defendants, corporate and individual, named and currently unnamed, have been unjustly enriched by the wrongful taking of the Plaintiff's described land, by contracting with one another and making and receiving payments to and from one another to place the cable

and/or other equipment there without authority to do so, and by the trespassory placing upon the Plaintiff's land certain equipment wherefrom rents, royalties and other streams of income have and continue to be derived to this day. Some of the Defendants continue to be unjustly enriched to this day by continuing to receive payments earned directly, or indirectly from the cable and/or other equipment as defined herein being placed on the Plaintiff's property. Additionally, defendant Chancellor Funeral Home, LLC, was unjustly enriched by not having its parking area disrupted and thus, business operations not being disrupted. Chancellor Funeral Home knew that the cable was being wrongfully placed upon the property of its neighbor, Eunice F. Dear, an elderly widow, yet did nothing to help correct the error. Chancellor Funeral Home would have experienced a substantial disruption of business operations had the cable been placed along the easement which runs along the Chancellor Funeral Home property. Chancellor Funeral Home, LLC, has thus benefitted from the easement which runs along its property, whereupon the cable should have been placed, yet the burdens of the easement have fallen upon the Plaintiffs. Plaintiffs seek from Chancellor Funeral Home, LLC, compensation and damages in an amount not less than the value of the benefit it has derived from the said easement (payments it has received for the easement) and the value of not having the said cable placed upon his land.

From defendants other than Chancellor Funeral Home, LLC, Plaintiffs seek the reasonable value of a perpetual monthly easement for the wrongful taking which has effectively occurred, for so long as the conduit and cable remains on the Plaintiff's property, but in no event for not less than sixty (60) months, whether or not the owners of the cable opt to remove the cable from Plaintiff's land prior to the expiration of sixty (60) months.

14

Plaintiffs would not have leased its land for less than sixty (60) months, nor conveyed a permanent easement for less than reasonable value as determined by the Plaintiffs.

COUNT VI

WRONGFUL DEATH

All preceding and following averments not inconsistent with this count are incorporated herein. All statements of damages and claims for damages, costs, interest and attorney's fees contained in the following paragraphs not inconsistent with this count are incorporated herein.

55.  This cause of action for wrongful death is brought pursuant to Miss. Code Section 11-7-13 (1972) as amended.

56.  Defendants had a duty to not trespass upon the lands of Eunice F. Dear and/or to not cause others to trespass upon the lands of Eunice F. Dear. Additionally, Defendant(s) had a duty to behave in a reasonably prudent manner and as a reasonable prudent person or corporate entity would under the same or similar circumstances. Defendant(s) however breached each of those stated duties, and others, by placing their equipment upon the Plaintiff's property at a place where it was obviously on the Plaintiff's property, and, at a location where Defendants obviously had no right to place the equipment.

57.  Bodily and psychological harm to Eunice F. Dear was a foreseeable result of the Defendant's breach of duty.

58.  Defendants joint and concerted agreements, actions, gross negligence and reckless disregard for the rights of Eunice F. Dear, proximately caused the death of Eunice F. Dear. Eunice F. Dear was elderly, living alone and frail. She was aware of the Defendants' trespass and

made efforts to advise the Defendants that they were trespassing upon her property and demanded their departure. Defendants knew that Eunice F. Dear was upset by the fact of their trespass. Nonetheless, the Defendants ignored her request, and continued in their trespass. But for the Defendants continuing trespass, Eunice F. Dear would not have committed suicide.

59.     As a direct result of Defendant's negligent, grossly negligent or reckless or intentional conduct, Plaintiffs have suffered numerous personal injuries, including but not limited to the pain and suffering of Eunice F. Dear; loss of the life of Eunice F. Dear; Eunice F. Dear's loss of enjoyment of her life; the loss of companionship and society of Eunice F. Dear; funeral expenses and all other damages of every kind recoverable by law including, but not limited to punitive damages, costs and expenses of bringing and prosecuting this action and reasonable attorneys fees. Plaintiffs seek from all such Defendants (excluding MCTA and Chancellor Funeral Home, LLC (at this point in time)) damages for such wrongful death of Eunice F. Dear.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff seeks judgment from the Court that all equipment ("equipment" being defined as any tower, antennae, cable, conduit, line or any other thing of value connected thereto) of the Defendant(s) be removed from the property of the Plaintiff; and, that Defendants pay onto the Plaintiff damages within the jurisdictional limits of this Court, for and in an amount including, but not limited to the reasonable value of all rents, fees and royalties that should have been paid unto Eunice F. Dear and/or her estate due to the Defendants, or any one of them, using or enjoying the use of her property and/or the property of the Estate of

16

Eunice F. Dear as described herein, beginning from the time such use began until all such "equipment" of the Defendant(s) are removed from the Estate property, said calculation of damages, in no event, to be based on a period of time of not less than sixty (60) months in duration.

Alternatively, Plaintiff demands that Defendants pay unto Plaintiff the greater of any and all income (gross receipts) ever obtained by them, either directly or indirectly, from the placement of the Defendant's equipment on the Plaintiff's property, or, the rents that should have been paid by said Defendants to Eunice F. Dear and/or her estate; and in addition, that all such "equipment" on the property of the Plaintiff be determined by the Court to be the property of the Plaintiff and an order issue to that effect.

Alternatively, that the Defendants pay unto the Plaintiff all damages as contemplated by M.C.A. Section 77-9-715 (1972) and that such equipment remain the property of the Defendants.

Further, the Plaintiff Estate of Eunice F. Dear seeks removal of a cloud on the title to its land described herein, being the Defendant's adverse possession.

Plaintiff seeks actual and punitive damages for the intentional and/or negligent infliction of emotional distress caused by Defendants upon Eunice F. Dear.

Plaintiff seeks damages for the unjust enrichment Defendants have enjoyed from the placement of the equipment on the Plaintiff estate's property.

Plaintiff seeks actual and punitive damages for the wrongful death of Eunice F. Dear.

Plaintiff seeks actual and punitive damages from all Defendants who were responsible for, in whole or in part, the intentional or grossly negligent trespass upon the property of Eunice F. Dear and the continuing trespass upon the Estate of Eunice F. Dear.

17

Plaintiff demands that Defendants pay all costs of court, fees associated therewith and attorney's fees incurred by the Plaintiff in bringing this complaint.

Plaintiff requests any combination of the above requested remedies and any such other general relief Plaintiff has failed to demand, as the Court should determine to be fair, just and equitable.

*Billy Dear*

Billy Dear, individually and as executor for the Estate of
Eunice F. Dear, and as representative
of the wrongful death beneficiaries of Eunice F. Dear.

<div align="center">AFFIDAVIT</div>

State of Mississippi
County of Rankin

Personally appeared Before Me, the undersigned authority in and for said county and State, Billy Dear, who being by me first duly sworn, stated on oath that the matters and facts set forth in the above and foregoing Complaint for Injunctive Relief and Damages are true and correct as therein stated.

Sworn to and subscribed before me, this the 11 Day of March, 2013.

*Monica R. Baldwin*

NOTARY PUBLIC

My Commission Expires: _____

Submitted this the ___ day of March, 2013.

James L. Kelly, legal counsel for the Plaintiff

James L. Kelly M.S.B. No. 3557
Kelly Law Office, P.C.
202 East Government Street
Brandon, MS 39042
Telephone: 601-825-6455

Billy Dear, et al. v. One Fiber Optic Cable, et al; First Amended Complaint

TEST: A true cor... Chanc...
ARRY SWALES, Chancery Cle...
By _____

Case: 61CH1-13-cv-003802   Document #: 9   Filed: 03/11/2013   Page 19 of 24

**IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI**

FILED
JUL 3 1 2012

LARRY SWALES
Chancery Clerk, Rankin County
By _____ D.C. ___ Pg. ___

RE:   IN THE MATTER OF THE ESTATE OF
EUNICE F. DEAR, DECEASED                    CAUSE NO. 73977

## LETTERS TESTAMENTARY

THE LAST WILL AND TESTAMENT of EUNICE F. DEAR, late of this County, deceased, having been duly proven and admitted to record in the Chancery Court thereof, letters testamentary are hereby issued to BILLY WAYNE DEAR, Executor.

Therefore, the said BILLY WAYNE DEAR is fully empowered and required to administer all and singular the goods, chattels and credits of the testator in this State and elsewhere; to take the same into his hands, to ask, levy, recover and receive the same; to make, if required, a true and perfect inventory or inventories of all the said goods, chattels and credits which shall come to his hands, possession or knowledge, or into the hands or possession of any other person or persons, for him; to return into our said Court, if so ordered by the Court, such inventory or inventories; to make in said Court, if required, a just and true account or accounts of her actions and proceedings in the premises, and duly pay and deliver the legacies and devise specified in said Will, so far as said goods, etc., may extend, according to the value thereof, and as the law shall charge him; and in all things, according to law, to exert the rights and perform the duties of the trust conferred upon him.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal of said Court, in the City of Brandon, County of RANKIN, Mississippi.

Issued this the 3 1 day of July, 2012.

Larry Swales, CHANCERY CLERK

By: _____ D.C.

James L. Kelly, Esq.
Kelly Law Office, P.C.
POST OFFICE BOX 1975
BRANDON, MISSISSIPPI 39043
Telephone: (601) 825-6455
MSB# 3557

**EXHIBIT**

**A**

Commencing at the Northeast corner of the SW 1/4
of the SE 1/4 of Section 19, Township 4 North,
Range 2 East and run thence South 535.4 feet to a
point; thence North 89 degrees West 313.2 feet;
thence North 00 degrees and 30 minutes East 179.6
feet to a point, and which point is the point of
beginning of the land herein described; from said
point of beginning run thence North 00 degrees and
30 minutes East 219.5 feet; thence South 88 degrees
West 585 feet to a point on the East R. O. W. line of
U. S. Highway 49, thence Southward along said R. O. W.
line 223 feet; thence South 89 degrees East 514.3
feet to the point of beginning, and all being in the
SW 1/4 of the SE 1/4 of Section 19, Township 4 North,
Range 2 East, LESS AND EXCEPT a 64.2 foot stripp off
the West end thereof, which has been deeded to the
Mississippi Highway Department for a new highway.



EXHIBIT

B

WARRANTY DEED

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00) cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of all of which are hereby acknowledged, we, EUNICE F. DEAR, PATRICIA DEAR FRYANT, BILLY WAYNE DEAR, ELLIS MILTON DEAR, and SHANNON FAYE DEAR, a minor, by and through her guardian and next friend, Eunice F. Dear, pursuant to Chancery Court Decree rendered in cause number 14,078 on February 23, 1976, hereby convey and warrant to EUNICE F. DEAR all our interest in the following described land and property lying and being situated in Rankin County, Mississippi, to-wit:

Commencing at the Northeast corner of the SW 1/4 of the SE 1/4 of Section 19, Township 4 North, Range 2 East and run thence South 535.4 feet to a point; thence North 89 degrees West 313.2 feet; thence North 00 degrees and 30 minutes East 179.6 feet to a point, and which point is the point of beginning of the land herein described; from said point of beginning run thence North 00 degrees and 30 minutes East 219.5 feet; thence South 88 degrees West 585 feet to a point on the East R. O. W. line of U. S. Highway 49, thence Southward along said R. O. W. line 223 feet; thence South 89 degrees East 514.3 feet to the point of beginning, and all being in the SW 1/4 of the SE 1/4 of Section 19, Township 4 North, Range 2 East, LESS AND EXCEPT a 64.2 foot stripp off the West end thereof, which has been deeded to the Mississippi Highway Department for a new highway.

**EXHIBIT**

**C**

Excepted from the warranty of this conveyance are all prior mineral reservations, easements, restrictive covenants, and rights-of-way of record thereunto pertaining.

The said Eunice F. Dear, Patricia Dear Fryant, Billy Wayne Dear, Ellis Milton Dear and Shannon Faye Dear constitute all the heirs at law of James Franklin Dear, deceased.

WITNESS our signatures this the _____ day of February, 1976.

EUNICE F. DEAR, INDIVIDUALLY

_Eunice F. Dear_
EUNICE F. DEAR, GUARDIAN OF THE ESTATE
OF SHANNON FAYE DEAR, A MINOR

_Patricia Dear Fryant_
PATRICIA DEAR FRYANT

_Billy Wayne Dear_
BILLY WAYNE DEAR

_Ellis Milton Dear_
ELLIS MILTON DEAR

STATE OF MISSISSIPPI
COUNTY OF RANKIN

PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Eunice F. Dear, individually and as Guardian of the
Estate of Shannon Faye Dear, a minor, who acknowledged that she
signed, executed and delivered the above and foregoing instrument
on the day and year therein mentioned.

GIVEN under my hand and official seal of office, this
the _16th_ day of February, 1976.
                    _March_

                                    _Ralph E. Vance_
                                    NOTARY PUBLIC

MY COMMISSION EXPIRES:
_____

STATE OF ~~MISSISSIPPI~~ _Nebraska_
COUNTY OF _Sarpy_

PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction aforesaid, the
within named Patricia Dear Fryant who acknowledged that she signed,
executed and delivered the above and foregoing instrument on the
day and year therein mentioned.

GIVEN under my hand and official seal of office, this
the _22nd_ day of ~~February, 1976.~~
                    _March_
                                    _Diane P. Morgan_
                                    General NOTARY
                                    State of Nebraska
                                    My Commission Expires
                                    DECEMBER 8, 1979

                                    _Diane P. Morgan_
                                    NOTARY PUBLIC

MY COMMISSION EXPIRES:
_____

STATE OF MISSISSIPPI
COUNTY OF _Rankin_

PERSONALLY came and appeared before me, the undersigned
authority of law in and for the jurisdiction

STATE OF MISSISSIPPI

COUNTY OF Rankin

PERSONALLY came and appeared before me, the undersigned authority of law in and for the jurisdiction aforesaid, the within named Billy Wayne Dear who acknowledged that he signed, executed and delivered the above and foregoing instrument on the day and year therein mentioned.

GIVEN under my hand and official seal of office this the _8th_ day of February, 1976.
                        March

                                    _Doris B. Brehan_
                                    NOTARY PUBLIC

MY COMMISSION EXPIRES:

My Commission Expires September 19, 1979

STATE OF MISSISSIPPI

COUNTY OF ~~Rankin~~                              BOOK 333 PAGE 336

     PERSONALLY came and appeared before me, the undersigned authority of law in and for the jurisdiction aforesaid, the within named Ellis Milton Dear who acknowledged that he signed, executed and delivered the above and foregoing instrument on the day and year therein mentioned.

     GIVEN under my hand and official seal of office, this the _10th_ day of ~~February~~, 1976.
             _March_

                                _____
                                NOTARY PUBLIC

MY COMMISSION EXPIRES:

My Commission Expires October 31, 1978

                               '76   4-5   8 43
                           IN B   333   P 336   AM
RANKIN COUNTY, MISS.
THIS INSTRUMENT WAS     IRL DEAN RHODES, CHY. CLK.
FILED FOR RECORD       BY _____ D.C.

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**BILLY DEAR, Et al.**                                                              **PLAINTIFFS**

**VS.**                                                    CAUSE NO. ⎽⎽13-380⎽⎽

**ONE FIBER OPTIC CABLE; Et al.**                                   **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI, COUNTY OF RANKIN

THE BELOW NAMED OUT OF STATE DEFENDANT IS HEREBY SUBJECT TO PROCESS OF THIS COURT BY SUMMONS , TO WIT:

      **AT&T Mobility, LLC**
      1025 Lenox Park Blvd. NE, Atlanta, GA 30319  whose agent for service of process

is:

      **CT Corporation, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232**.

**NOTICE TO DEFENDANT:** THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to the plaintiffs' attorney whose name and address are shown below. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the injunctive relief, damages or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this ⎽⎽11⎽ day of March, 2013.

Larry Swales
Chancery Clerk of Rankin County
Post Office Box 700
Brandon, Mississippi  39043

By: ⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽ D.C.

**James L. Kelly, Esq.**
**Kelly Law Office, P.C.**
**202 East Government Street**
**Brandon, Mississippi 39042**
**Telephone: (601)825-6455**
**Attorney for the Plaintiff**

## IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

**BILLY DEAR, Et al.**                                                    **PLAINTIFFS**

**VS.**                                                    CAUSE NO. _13-380_

**ONE FIBER OPTIC CABLE; Et al.**                                    **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI, COUNTY OF RANKIN

THE BELOW NAMED OUT OF STATE DEFENDANT IS HEREBY SUBJECT TO PROCESS OF THIS COURT BY SUMMONS , TO WIT:

> **Windstream Mississippi, LLC,** 1209 Orange Street, Wilmington DE 19801
> whose agent for service of process is:
> **CT Corporation, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.**

**NOTICE TO DEFENDANT:** THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to the plaintiffs' attorney whose name and address are shown below. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the injunctive relief, damages or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this ___11___ day of March, 2013.

Larry Swales
Chancery Clerk of Rankin County
Post Office Box 700
Brandon, Mississippi  39043

By: _____ D.C.

James L. Kelly, Esq.
Kelly Law Office, P.C.
202 East Government Street
Brandon, Mississippi 39042
Telephone: (601)825-6455
Attorney for the Plaintiff

# Kelly Law Office, p.c.

202 East Government Street
Brandon, Mississippi 39042

Telephone: (601) 825-6455                                    Facsimile: (601) 825-6552

March 11, 2013

BlueWave Deployment, Inc.                    Ses Construction Consulting Group, Inc.
8401 Shelbyville, Rd., Suite 104              2701 Ridgelake Drive
Louisville, KY 40222                          Metairie, LA 70767

NSORO Mas Tec                                 Crown Castle South, LLC
1850 Commercial Drive, Suite 300             c/o CT Corporation
Port Allen, LA 70767                          645 Lakeland Drive East, Suite 101
                                             Flowood, MS 39232

Chancellor Funeral Home, LLC                  MCTA Cellular Partnership
att: Fred Chancellor                          121 South Congress Street, No. 1230
2576 Highway 49 South                         Jackson, MS 39201
Florence, MS 39073

Re:     *Billy Dear, et al. v. One Fiber Optic Cable, et al.,* Rankin County Chancery Court Cause No.
        13-380

To Those Concerned:

        Enclosed please find a stamped filed copy of the Plaintiff's First Amended Complaint.

        *.... A party shall plead in response to an amended pleading within the time remaining for
        response to the original pleading or within ten days after service of the amended pleading,
        whichever period may be longer, unless the court otherwise orders.*

M.R.C.P. 15(a)

        If you return a signed acknowledgment for service by mail which was recently sent to you,
such acknowledgment will include acknowledgment of service of the First Amended Complaint.

Sincerely Yours,


James L. Kelly, Esq.

enc.
c: Court file

**IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI**

**BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS
REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES
OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR,
ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE
INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT
OF EUNICE F. DEAR, DECEASED                              PLAINTIFFS**

**VS.                                            CAUSE NO.   13-380**

**ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES
CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME,
LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC
                                                        DEFENDANTS**

**NOTICE**

**TO:   CHANCELLOR FUNERAL HOME, LLC, ATT: FRED CHANCELLOR
        2576 HIGHWAY 49 SOUTH
        FLORENCE, MS 39073**

The enclosed summons and complaint are served pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure.

You must sign and date the acknowledgment at the bottom of this page. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days of the date of mailing shown below, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint.

*If you do complete and return this form, you (or the party on whose behalf you are being served) must respond to the complaint within 30 days of the date of your signature.* If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare that this Notice and Acknowledgment of Receipt of Summons and Complaint (and Plaintiff's First Set of Interrogatories; Requests for Admissions and Production of Documents) was mailed on March 06, 2013.

James L. Kelly, Esq.                    MSB# 3557

Kelly Law Office, P.C.
Post Office Box 1975
Brandon, MS 39043
Telephone: 601-825-6455
Facsimile: 601-825-6552

## THIS ACKNOWLEDGMENT OF RECEIPT OF SUMMONS
## AND COMPLAINT MUST BE COMPLETED

I acknowledge that I have received a copy of the summons and of the complaint in the above captioned matter in the State of Mississippi.

_J Wyatt Hazard_
Signature

_Attorney for Chancellor Funeral Home, LLC_
(Relationships to Entity/Authority to Receive
Service of Process)

_3/26/13_
Date of Signature

State of _Mississippi_

County of _Hinds_

Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the above named _J. Wyatt Hazard_ Wh solemnly and truly declared and affirmed before me that the matters and facts set forth in the foregoing Acknowledgment of Receipt of Summons and Complaint are true and correct as therein stated.

Affirmed and subscribed before me, this _26th_ day of _March_, 2013.

_Jeanie Sumrall Kelly_
Notary Public

My commission expires _10-15-16_



★ STATE OF MISSISSIPPI ★
JUANICE SUMRALL KELLY
NOTARY PUBLIC
ID No. 61047
Commission Expires
October 15, 2016
SIMPSON COUNTY

IN THE CHANCERY COURT OF RANKIN COUNTY, MISSISSIPPI

| | |
|---|---|
| BILLY DEAR, IN HIS INDIVIDUAL CAPACITY, AND AS REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARIES OF EUNICE F. DEAR AND AS EXECUTOR OF THE ESTATE OF EUNICE F. DEAR, ON BEHALF OF THE ESTATE OF EUNICE F. DEAR AND THE INDIVIDUAL DEVISEES OF THE LAST WILL AND TESTAMENT OF EUNICE F. DEAR, DECEASED, | ) ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) |
| ONE FIBER OPTIC CABLE; CROWN CASTLE SOUTH LLC; MASTEC INC.; SES CONSTRUCTION CONSULTING GROUP, INC.; CHANCELLOR FUNERAL HOME, LLC; MCTA CELLULAR PARTNERSHIP; BLUEWAVE DEPLOYMENT, LLC; AT&T MOBILITY, LLC; WINDSTREAM MISSISSIPPI, LLC; UNKNOWN DEFENDANTS ONE, TWO AND THREE | ) **CAUSE NO. 13-380** ) ) ) ) ) ) ) |
| **Defendants.** | ) |

### NOTICE OF APPEARANCE

Defendant, Crown Castle South LLC, hereby formally gives notice of the entry of appearance of John N. Rocray, Esq. of Burr & Forman LLP, as counsel of record on behalf of Crown Castle South LLC, as follows:

> John N. Rocray, Esq. (MB #103696)
> BURR & FORMAN LLP
> The Heritage Building
> 401 East Capitol Street, Suite 100
> Jackson, Mississippi 39201
> Telephone: (601) 355-3434
> Facsimile: (601) 355-5150

With said notice, Crown Castle South LLC, respectfully requests that the Chancery Court and all parties hereto make the necessary addition to their service list pursuant to said notice.

1866927 v1

THIS, the 2nd day of April, 2013.

Respectfully submitted,

/s/ John N. Rocray
John N. Rocray (MS Bar #103696)
*Attorney for Plaintiff Crown Castle South LLC*

**OF COUNSEL:**

BURR & FORMAN LLP
The Heritage Building
401 E. Capitol Street, Suite 100
Jackson, Mississippi 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
jrocray@burr.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the foregoing Notice via electronic mail through the CM/ECF or MEC notification system to all parties who have appeared in this case, including:

James Lee Kelly, Esq.
Kelly Law Office, PC
202 East Government Street
Brandon, MS  39042
*Attorney for Plaintiffs*

/s/ John Rocray
OF COUNSEL